UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE FRANKLIN )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MAXIMUS, INC., )<br>MAXIMUS HUMAN SERVICES, INC., )<br>and MAXIMUS SERVICES LLC )<br>Defendants. )<br>_____) | Case No. 1:21-cv-04367<br><br>Hon. Steven C. Seeger |

## JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.    Nature of the Case**

    A.    Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

| Plaintiff's Counsel | Defense Counsel |
|---|---|
| F. Anthony Dawkins, Morgan & Morgan, PA<br>*Lead Trial Attorney* | Kathryn Montgomery Moran, Jackson Lewis P.C.<br>*Lead Trial Attorney* |
| Michael Marrese, Morgan & Morgan, PA<br>*Local Counsel* | J. Casey Leech, Jackson Lewis P.C. |

    B.    State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. As a reminder, domicile is different than residence – the former is what counts for diversity purposes. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012).

           If the basis of jurisdiction is diversity, please remember that a corporation is treated differently than an LLC/LLP. Please note two things. ***First***, if a party is a corporation, counsel must identify its place of incorporation and its principal place of business.

***Second***, if a party is a partnership or a limited liability company, counsel must identify the name and domicile(s) of each and every partner/member of each such entity. *See Belleville Catering Co. v. Champaign Market Place LLC*, 350 F.3d 691 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Carden v. Arkoma Assoc.*, 494 U.S. 185 (7th Cir. 1990). If any partners or members are themselves partnerships or LLCs, the rule applies to their partners or members, too.

Federal jurisdiction is based on federal question. The issues to be decided in this action arise in federal statutory law: Title VII of the Civil Rights Act of 1967, 42 U.S.C § 2000e *et. seq*, 42 U.S.C. § 1981, and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et. seq.*

      C.      Provide a short overview of the case in plain English (five sentences or less).

Plaintiff alleges that Defendants, his former employers, unlawfully subjected him to disparate treatment, a hostile work environment, and involuntarily terminated his employment because of his race and/or gender and/or in retaliation for engaging in protected activity or opposing unlawful employment practices. Plaintiff alleges that he gave a statement to Defendants' agents investigating Plaintiff's manager's allegations of verbal abuse and intimidation against a subordinate employee who made allegations of intentional racial discrimination. Plaintiff contends that when his manager learned that his statements to investigators failed to corroborate her allegations against the subordinate, she embarked upon a campaign of microaggressions and reorganizations for the purpose of removing Plaintiff from his employment. Plaintiff made multiple ethics complaints and requests for Defendants' intervention but ultimately, after three staff reorganizations within a year, Plaintiff's employment was involuntarily terminated. Defendants deny the allegations; deny that Plaintiff was employed by Defendants Maximus Human Services, Inc. or Maximus Services LLC; contend that Plaintiff's allegations were all thoroughly investigated and found to be without merit; and, contend that Plaintiff voluntarily agreed to separate from his employment with MAXIMUS, Inc.

      D.      Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

Plaintiff describes the claims asserted in the complaint as follows:

    Retaliatory discharge in violation of Title VII
    Retaliatory discharge for participation in activity protected by Title VII
    Punitive damages for retaliatory discharge
    Punitive damages for participation in activity protected by Title VII
    Disparate treatment based on in violation of Title VII (pay disparity)
    Punitive damages for disparate treatment based on race in violation of Title VII (compensation)
    Intentional disparate treatment in compensation based on race in violation of 42 U.S.C. § 1981.
    Retaliation for opposing unlawful employment discrimination in violation of Title VII
    Failure to promote based on race in violation of Title VII
    Failure to promote based on race in violation of 42 U.S.C. § 1981
    Failure to promote based on sex in violation of Title VII
    Failure to promote based on race in violation of Title VII
    Failure to promote based on race in violation 42 U.S.C. § 1981

2

Failure to promote based on sex in violation of Title VII
Interference with rights granted under the Family and Medical Leave Act
Intentional infliction of emotional distress

As for the affirmative defenses, Plaintiff filed his First Amended Complaint on December 10, 2021. Defendants – including the two newly-named Defendants, Maximus Human Services, Inc. and Maximus Services LLC, who have not been served – are still in the process of preparing their response to this new pleading. When the time comes to file Defendants' responsive pleading, they will assert affirmative defenses including, among others, that Defendants Maximus Human Services, Inc. and Maximus Services LLC were not Plaintiff's employer; that Plaintiff did not exhaust administrative remedies on all claims; that certain of Plaintiff's claims are untimely; that Maximus engaged in good-faith efforts to comply with Title VII and thus cannot be liable for punitive damages; that even assuming Plaintiff can establish that any protected category or alleged protected activity played a part in Maximus' decision relative to Plaintiff's employment, Maximus would have undertaken the same course of action even in the absence of any unlawful consideration; that Plaintiff's damages must be mitigated to the extent he is or will be compensated by collateral damages or to the extent he failed to mitigate damages; that Plaintiff is estopped from claiming lost wages as he voluntarily resigned from his employment; that his FMLA must fail to the extent he was not qualified for FMLA leave; and, that Maximus would have made the same decisions regarding Plaintiff's employment regardless of any FMLA leave.

      E.      What are the principal factual issues?

- Whether Nancy Kim is equally or better qualified for the Lead Vice President – Employer Services position.
- Whether Kelly Boerner is equally or better qualified for the Lead Vice President – Operations.
- Whether staff assigned to the California Lifeline Project were subordinate to or reported to the Plaintiff.
- Whether Plaintiff was "remov[ed]" from projects or "exclude[d] . . . from rebids and business capture opportunities," and if so the reason for same.
- Whether Plaintiff was qualified for any of the positions to which he claims he applied.
- Whether the alleged comparators in Plaintiff's complaint performed roles substantially similar to Plaintiff.
- Whether Plaintiff resigned from his position with Maximus.

      F.      What are the principal legal issues?

- Whether Defendants impermissibly considered the candidates' race when selecting the Lead Vice President – Employment Services.
- Whether Defendants impermissibly considered the candidate's sex when selecting the Lead Vice President – Employment Services.
- Whether Defendants impermissibly considered the candidate's race when selecting the Lead Vice President – Operations.
- Whether Defendants impermissibly considered the candidate's sex when selecting the Lead Vice President – Operations.

- Whether Defendants failed to restore Plaintiff to his position at the conclusion of leave taken under the Family and Medical Leave Act.
- Whether Defendants subjected Plaintiff to a hostile working environment.
- Whether Defendants terminated the Plaintiff's employment in retaliation for engaging in protected conduct.
- Whether Plaintiff's race was the "but for" cause of any decisions related to his employment.
- Whether Plaintiff's alleged protected activity was the "but for" cause of any alleged adverse actions.
- Whether Plaintiff's leave of absence qualified for FMLA.
- Whether Maximus would have accepted his resignation regardless of his FMLA leave.
- Whether Plaintiff was paid less than any non-Black or non-male employees in substantially similar roles.

G. What relief is the plaintiff(s) seeking? Quantify the damages, if any. (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case. This estimate will not be admissible.).

$2,000,000.00 (estimate)

H. Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service.

Defendants Maximus Human Services, Inc. and Maximus Services LLC have not been served.

## II. Discovery

A. Propose a discovery schedule. Include the following deadlines: (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions. ***Fill in the blanks, below.***

Also, submit a Word version of the proposed scheduling order to Judge Seeger's proposed order inbox, Proposed_Order_Seeger@ilnd.uscourts.gov. The template is available on the Court's webpage.

| Event | Deadline |
| --- | --- |
| Amendment to the pleadings | January 31, 2022 |
| Service of process on any "John Does" | February 15, 2022 |

| Event | Deadline |
| --- | --- |
| Completion of Fact Discovery | August 31, 2022 |
| Disclosure of Plaintiff's Expert Report(s) | September 30, 2022 |
| Deposition of Plaintiff's Expert | October 31, 2022 |
| Disclosure of Defendant's Expert Report(s) | October 31, 2022 |
| Deposition of Defendant's Expert | November 30, 2022 |
| Dispositive Motions | January 6, 2023 |

      B.      How many depositions do the parties expect to take?

While these estimates are subject to change, Plaintiff anticipates taking approximately 7 depositions. Defendants anticipate taking approximately 3 depositions.

      C.      Do the parties foresee any special issues during discovery?

            Many of the potential witnesses do not reside in the Northern District of Illinois. The parties will rely on remote depositions for the convenience of witnesses whenever feasible.

      D.      Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?

            If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Seeger's proposed order inbox.

Yes, the parties have discussed a discovery plan, and propose an additional nine (9) days to exchange initial disclosures pursuant to Rule 26(a)(1). The parties intend to file a proposed Confidentiality Stipulation and Rule 502 Order on or before January 31, 2022.

### III.    Trial

      A.      Have any of the parties demanded a jury trial?

Plaintiff has requested a trial by jury.

B.  Estimate the length of trial.

At this time, the parties estimate the trial to last for approximately 2-3 days.

## IV. Settlement, Referrals, and Consent

A.  Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)

Yes. Plaintiff and Maximus engaged in settlement discussions. They were unsuccessful. Plaintiff anticipates issuing a revised written settlement demand after Plaintiff's Second Amended Complaint is filed.

B.  Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

The parties are not requesting a settlement conference at this time.

C.  Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

Yes, however, the parties have not reached unanimous consent to proceed before the Magistrate Judge.

## V. Other

A.  Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)

B.  Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)

Not at this time.

| FOR THE PLAINTIFF | FOR THE DEFENDANTS |
|---|---|
| /s/ *Anthony Dawkins* | */s Kathryn Montgomery Moran* |
| F. Anthony Dawkins, J.D. | Kathryn Montgomery Moran |
| GA ID #157910 | |
| Morgan & Morgan, PA | Jackson Lewis P.C. |
| 191 Peachtree Street, NE | 150 N. Michigan Avenue |
| Suite 4200 | Suite 2500 |
| Atlanta, GA 30303 | Chicago, IL  60601 |
| (404) 965-1872 office | (312) 787-4949 (office) |
| (404) 720-3839 fax | (312) (312) 668-0385 (fax) |
| adawkins@forthepeople.com | kathryn.moran@jacksonlewis.com |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on December 15, 2021, she caused a true and correct copy of the foregoing *Joint Initial Status Report Under Rule 26(f)* to be filed with the Court by electronic filing protocols, and that the same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

*/s/ Kathryn Montgomery Moran*