# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MAURICE FRANKLIN, | ) |
|     Plaintiff, | ) Case No. 1:21-cv-04367 |
| v. | ) Hon. Steven C. Seeger |
| MAXIMUS, INC., MAXIMUS HUMAN SERVICES, INC., and MAXIMUS SERVICES LLC., | ) Magistrate Judge Jeffrey T. Gilbert |
|     Defendants. | ) |

## DEFENDANTS' MOTION TO COMPEL

Defendants Maximus, Inc., Maximus Human Services, Inc., and Maximus Services LLC (collectively, "Maximus" or "Defendants"), pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.2, hereby move to compel Plaintiff Maurice Franklin to supplement his responses to Maximus' discovery requests and produce any additional documents in his possession that are responsive to the requests. In support of this motion, Maximus states as follows:

## INTRODUCTION

Franklin alleges that Maximus discriminated and retaliated against him during his employment, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, interfered with his rights under the Family and Medical Leave Act ("FMLA"), and subjected him to intentional infliction of emotional distress. *See* ECF No. 63. Maximus denies the allegations.

Maximus has made ongoing attempts to obtain the discovery necessary to proceed with this litigation. Unfortunately, Franklin has failed to provide even basic information regarding his factual allegations and the extent of his purported damages, if any. His responses to Maximus' discovery requests are glaringly deficient—many consist of baseless, boilerplate objections, several are evasive and incomplete, some are wholly unanswered, and others reference a yet-to-be

1

provided production.

Maximus served its discovery requests on July 13, 2022. Presently, over two (2) months later, almost all of these requests remain unanswered. Franklin has promised, repeatedly, that supplemental responses are forthcoming. It is evident that they are not. As to the remainder of Maximus' requests, Franklin objects to providing indisputably relevant information, including about his outside and self-employment income during his employment. These objections are baseless. Despite efforts to engage in discussions, Franklin will not produce this information, claiming—without support—that it is irrelevant to the litigation. It is not.

Given the current discovery cut-off deadline of December 16, 2022—and the need for Franklin to respond to Maximus' discovery requests before the parties can proceed with his deposition[1]—Maximus respectfully requests that the Court order Franklin to promptly supplement his responses to Maximus' discovery requests, including those requests to which he did not respond, those to which he only partially responded; and to those to which he objected.

## **BACKGROUND AND MAXIMUS' COMPLIANCE WITH LOCAL RULE 37.2**

Pursuant to Local Rule 37.2, counsel for Maximus has made good faith attempts to resolve the disputes over Franklin's discovery responses prior to filing this motion, but have been unable to resolve the differences through no fault of counsel for Maximus. Maximus served its first request for the production of documents ("Document Requests") and first set of interrogatories ("Interrogatories") on July 13, 2022.[2] *See* Ex. A; Ex. B. Franklin responded on August 17, and provided a supplemental document production on August 26. Ex. C (Document Request

---

[1] On July 15, 2022, Maximus issued and sent to Franklin's counsel a notice of Franklin's remote deposition.
[2] All remaining dates are in 2022.

2

Responses); Ex. D (Interrogatory Responses). Given the deficiencies in Franklin's responses,[3] Maximus' counsel served Franklin's counsel with a discovery deficiency letter on September 16, pursuant to Local Rule 37.2 and Rule 37 of the Federal Rules of Civil Procedure, and requested a response to same (inclusive of outstanding documents) by September 23. Ex. E (Rule 37 Letter).[4] On September 27, Franklin's counsel—who was in the process of switching law firms—advised that he had not received the correspondence. Maximus' counsel then provided an additional copy.

During a teleconference on October 13, Franklin's counsel advised that he would respond to the Rule 37 Letter by the following day, *i.e.*, October 14. On October 14, however, Franklin's counsel advised that he needed additional time, and that he would provide a response on October 18. He did not respond on October 18, nor did he otherwise contact Maximus' counsel to discuss. Maximus' counsel contacted Franklin's counsel on October 20, asking when they could expect to receive the outstanding information. Franklin's counsel responded on October 24, stating he would respond "[t]oday, tomorrow the latest." Three days later, Franklin's counsel provided his response to the Rule 37 Letter. Ex. F (Response to Rule 37 Letter). He did not provide any additional documents or Interrogatory responses, instead stating that he would "supplement" (in full or in part) his outstanding discovery responses, with the exception of certain requests to which he objected as irrelevant. This relevancy objection is the only objection set forth in his Rule 37 response. The next day, on October 28, 2022, Maximus' counsel asked that Franklin provide his supplemental responses to Maximus' interrogatories and document requests no later than November 2, otherwise Maximus may need to seek the Court's intervention. Franklin's counsel did not respond, nor did he provide the requested information. On November 4, Maximus' counsel

---

[3] Franklin largely ignored his responsibilities under Rule 34. His objections are boilerplate, and he did not assert whether any responsive documents were being withheld.

[4] The undersigned was out of the office from August 15, 2022 through August 24, 2022.

requested to speak with Franklin's counsel. During a 11:30 p.m. CST teleconference, Maximus' counsel asked Franklin's counsel when it would receive the outstanding information. Franklin's counsel stated by end of business that day, November 4. When asked what he meant by end of business, Franklin's counsel stated 5:00 p.m. Maximus' counsel asked whether this would include certain of the information to which he objected, at which time Franklin's counsel stated he would prefer to work on the responses rather than discuss them. On November 4, Franklin's counsel provided Defendants with supplemental responses to their interrogatories, along with an *unsigned* verification page. Ex. G (Supplemental Interrogatory Responses). No supplemental responses to Defendants' document requests were provided.

## ARGUMENT

Franklin's Interrogatory Responses are deficient in two key ways: (1) he failed to respond to or provide complete responses to numerous Document Requests and Interrogatories, instead promising to supplement his production with documents that have never materialized; and (2) he refused to produce certain documents and information, based on his belief that the requests sought irrelevant information. These deficiencies are addressed separately.

**I. FRANKLIN HAS NOT RESPONDED TO NUMEROUS DISCOVERY REQUESTS**

    **A. Franklin's Deficient Document Production**

In his initial discovery responses, Franklin responded to twenty of Maximus' forty document requests by stating he would produce "all qualifying documents" within five days. While Franklin served a supplemental document production on August 26, he did not identify which documents were responsive to which requests—in other words, he did not identify to which requests he had responded. Indeed, Franklin has not responded to *any* document requests by identifying specific, responsive documents—to the extent he has responded to a document request, he has simply referenced Maximus to the production, generally. This, of course, is insufficient.

Regardless, a review of both the initial and subsequent document productions confirms that Franklin has not produced *any* documents responsive to the vast majority of Maximus' requests (nor has he stated affirmatively that no such documents exist). Thus, Maximus' Rule 37 Letter informed Franklin that "[m]any of [the documents in his supplemental production] are duplicative of documents previously produced, and very few appear to be responsive to any of the document requests to which Franklin responded he would produce 'qualifying documents' within five days of August 17, 2022" and requested he "produce and identify documents that are responsive to Document Request Nos. 1, 2, 5-7, 10-13, 18-19, 21-24, 28 and 31-40." Ex. E at 9.

Franklin responded on October 27, stating "Mr. Franklin attestation [*sic*] that he will provide all qualifying documents implicitly means that if he retains no qualifying documents in custody, possession, or control, there remains nothing for him to produce. Franklin's forthcoming supplemental responses will remedy any ambiguity by explicitly indicating the lack of qualifying documents in response to a document request." Ex. F at 4. As no supplemental responses were provided, it is impossible to determine whether Franklin purports to have responded in full to any (or all) of these document requests. Maximus assumes he has not, as he has not produced *any* documents responsive to the following, basic document requests:[5]

- Documents describing and/or establishing any damages Plaintiff claims to have incurred, including any legal fees and costs incurred during the litigation (Document Request No. 18). Ex. C at 7-8.
- Documents reflecting Plaintiff's income, compensation, or earnings after his purported termination by Maximus (Document Request Nos. 19, 26).[6] Ex. C at 8, 11. While none of Franklin's deficiencies are reasonable, his failure to respond to this request is particularly egregious. Plaintiff admits to obtaining subsequent employment (Ex. G at 16), and, in response to a request for information regarding

---

[5] Nearly all of Franklin's responses are numbered incorrectly. For example, Document Request Nos. 18, 19 and 26 are misnumbered as 17, 18 and 25, respectively. Document Request Nos. 21, 22, 24 and 34 are misnumbered as 20, 21, 23 and 33, respectively.

[6] Information regarding Franklin's earnings during his employment with Maximus has not been provided. Franklin has objected to Maximus' request for this information, which is addressed in more detail below.

- his medical providers, produced a document from MetLife indicating he received long-term disability benefits from some unidentified point through March 3, 2022.
- Documents reflecting any receipt of unemployment insurance benefits during or after his employment with Maximus (Document Request No. 21). Ex. C at 9.
- Plaintiff's resume(s) or correspondence with prospective employers (Document Request No. 22). Ex. C at 9.
- Documents relating to any self-employment or independent contract work during or after his employment with Maximus (despite attesting that he is employed by the Franklin Group—which, presumably, is owned by Franklin—as a consultant/program efficiency lead) (Document Request No. 24). Ex. C at 10.
- Any diplomas or certifications received (Document Request 34). Ex. C at 15.

In addition, Franklin did not object *or respond*, in any way, to Defendant's request for: documents provided to or received by any healthcare provider in connection with this litigation (Document Request No. 15); documents provided to or received by anyone Plaintiff or his agents consulted with or retained in connection with this litigation (Document Request No. 16); all text messages, voice messages, or video messages that concern, relate to, or contain any information regarding any alleged physical or mental pain or suffering, physical or emotional state, or potential stressors (Document Request No. 17); and all documents reflecting or relating to his decision to revoke his acceptance of the Separation Agreement and Release entered into on or about October 8, 2021 (Document Request No. 37). Ex. C at 7, 16.[7] While Franklin provided certain documents from his medical providers, it is unclear if this is all or only part of the requested documents. There are no documents that appear responsive to the remaining requests. Maximus noted Franklin's total lack of response to these Interrogatories in its Rule 37 letter, and requested that Franklin respond to the outstanding requests. Ex. E at 2. He did not.

---

[7] Misnumbered in Franklin's responses as 14, 15, 16, and unnumbered, respectively.

B.     **Franklin's Deficient Interrogatory Responses[8]**

As an initial matter, Franklin did not verify his Supplemental Interrogatory Responses—the verification provided to Maximus on November 4 is unsigned. *See* Ex. G. Verification aside, his responses are inadequate at best. While his supplemental responses at least completed the unfilled blanks in his earlier responses, they are far from a good faith response to Maximus' basic requests for information.

1.     **Improper Direction to Documents (Interrogatories Nos. 2, 3 and 4)**

In his responses to Interrogatories Nos. 2, 3 and 4—which request basic information regarding Franklin's health care providers, any health care facilities to which he has been admitted since 2008, and any medications that were prescribed to him during his employment and thereafter (including, specifically, "the inclusive dates during which you took the medication")—Franklin "direct[ed] Defendants to the medical records attached to his responses to Defendants' interrogatories."[9] Ex. E at 3-5; Ex. G at 3-6. He did not provide any further information.

Franklin attached 92 pages of medical records to his initial Interrogatory Responses.[10] The first 21 pages appear to be records from Northwestern Memorial HealthCare. These documents simply do not provide responses to the information requested in these Interrogatories. While it references his "care team," all have a treating start date in 2021. Another document, dated March

---

[8] Franklin's attachments to his Supplemental Interrogatory Responses include various spreadsheets/charts, printed across multiple pages. *See* Ex. G. They are difficult to understand.

[9] Initially, Franklin did not respond at all to Interrogatory No. 2, and responded to Interrogatory Nos. 3 and 4 with "[s]ee attached." Maximus identified his failure to respond, and the insufficiency of his direction to documents, in its Rule 37 Letter. Ex D, at 4-5; Ex. E at 2-3. The above-quoted response was provided only in his supplementary responses.

[10] These documents include Franklin's medical records. While Franklin's counsel did not mark these records as confidential pursuant to the parties' agreed-upon Confidentiality Order, Maximus is reticent to file such documents with the Court unless necessary. Thus, their contents are explained as generally as possible herein. Should the Court request they be filed or copies be provided to chambers, Maximus will do so.

3, 2022, references treating professionals who provided care to Franklin at some unidentified point, and states further that Franklin "report[ed] taking prescribed medications Mitrazapine and Lexapro, however a pharmacy report obtained does not show you are filling these medications, or any other psychotropic medications." The documents do not provide information regarding the entire requested period, do not provide information about whether he has been admitted to any healthcare facilities—and while lists certain medications—do not include all information (including the purpose of the medications, when they were prescribed, and when they were taken). Although Maximus' counsel explained the insufficiency of this response in its Rule 37 Letter, Franklin's counsel responded by stating he produced "all available medical documents and information to which he has access, control, or custody" (consisting of 92 pages of documents) and that he "does not have any additional information that would be responsive" to these interrogatories. Ex. F at 2. Nor was any such information provided in his supplemental Interrogatory Responses. Ex. G. It is unclear whether there are additional documents or information, or if his reference to documents in his "access, control, or custody" is somehow limiting. Regardless, Franklin cannot meet his discovery obligations by "merely [providing] defendants access to sort through plaintiff's documents in search of documents responsive" to the requests. *See Levit v. Herbst (In re Thomas Consol. Indus.)*, 2005 U.S. Dist. LEXIS 40761, *22 (N.D. Ill. May 11, 2005).

### 2. Incomplete Responses (Interrogatory No. 11)

In Interrogatory No. 11, Maximus requested certain information about the surreptitious audio recordings Franklin admits taking (and which he produced in connection with this litigation on May 24, 2022), including, "with respect to each audio recording," when the audio recording was made; who is on the recording; and the locations of Franklin and participants. Franklin

8

initially refused to respond, "on the basis that it seeks information that is immaterial or irrelevant," as he "produced all recordings made during his employment with Defendants that were in his possession without regard to their relevance." Ex. D at 12. Maximus explained in its Rule 37 Letter that the objection was meritless. Ex. E at 4-5. In his Supplemental Interrogatory Responses, Franklin referred Maximus to a two-page document, identifying only 11 conversations. Ex. G at 13-14. Franklin produced 222 audio recording files. In the document provided, Franklin does not identify which files relates to which conversations, nor does he provide information regarding the other 211 files produced. *Id.*

Franklin's responses to these requests are long overdue. Maximus has given him ample opportunity to respond, and demonstrated ongoing patience as Franklin's counsel requested more time and provided assurances that responses were forthcoming. It is evident that they are not. Thus, Court intervention is necessary in order to compel complete and sufficient responses to these long-overdue demands. Accordingly, Maximus requests that the Court order Franklin to promptly supplement his responses to Document Request Nos. 1, 2, 5–7, 10–13, 18–19, 21–24, 28, and 31–40 and Interrogatory Nos. 2, 3, 4, and 11, and provide the outstanding verification.

## II. FRANKLIN'S RELEVANCY OBJECTIONS ARE MERITLESS, AND HE SHOULD BE ORDERED TO PROVIDE THE REQUESTED INFORMATION

Franklin asserts an unfounded relevancy objection to many of Maximus' remaining discovery requests. His objections are baseless. As an initial matter, we note that Franklin's objections did not state, with specificity, why he believes the requests are irrelevant. He just made a boilerplate objection that they "bear no relevance to any allegation in Plaintiff's Second Amended Complaint or any defense put forth by Defendants in their Answer to the Second Amended Complaint." *See, e.g.,* Ex. D at 16-17. He did this for even plainly relevant requests, such as information regarding Franklin's subsequent employment. *Id*. Subsequent communication

suggests he stated a broad relevancy objection if he believed any part of the request was objectionable, though that was not indicated at the time.

Regardless, the requests were *not* irrelevant, and thus Maximus requests this Court order Plaintiff to respond to them. Although "relevance" is not defined by the Federal Rules of Civil Procedure, relevant evidence is defined by the Federal Rules of Evidence as evidence that (a) "has any tendency to make a fact more or less probable than it would be without the evidence" where "(b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *accord Smith v. Hunt*, 707 F.3d 803, 808 (7th Cir. 2013). It is construed broadly to include any information that bears on, or that reasonably could lead to other information that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Belcastro v. United Airlines, Inc.*, No. 17 C 1682, at *5 (N.D. Ill. Apr. 17, 2019). These requests are plainly relevant.

### A. Interrogatory Nos. 16 and 17 and Document Request No. 4

Interrogatory Nos. 16 and 17 and Document Request No. 4 request information and documents regarding Franklin's litigation history, administrative proceedings, and criminal background during the past ten (10) years. *See* Ex. B at 10; Ex. A at 5.[11] Franklin asserts the same objection to all three (3) requests, claiming that they seek to discover irrelevant information. Ex. D at 18–19; Ex. C at 3–4. As stated in Maximus' Rule 37 letter, Franklin's litigation history and criminal background is certainly relevant and proportional to the needs of this case. *See* Ex. E at 6. By filing a federal lawsuit against Maximus, Franklin has broadly placed himself— including his credibility, his motive for filing this lawsuit, and any prior misconduct—at issue. Franklin did not address Maximus' position, instead stating that Maximus "failed to identify any legal support for Defendants['] claim of relevance" so he "reasserts his objection" to these

---

[11] Franklin's responses mislabel this as Request for Production No. 3.

requests. Ex. F at 3. His objection is unfounded. Moreover, and as noted above, Franklin apparently received long-term disability benefits. Despite this, he has not produced any information regarding those benefits other than a single letter stating the benefits would be discontinued. He has not produced, *inter alia*, his application for such benefits, correspondence with MetLife, or documents regarding the amount of any benefits he received. This information is all relevant. Maximus requests that the Court order Franklin to fully respond to, and produce any documents responsive to, Interrogatory Nos. 16 and 17 and Document Request No. 4.

### B. Interrogatory No. 19 and Document Request No. 30

Interrogatory No. 19 requests information related to Franklin's operation of social media accounts, including the identity of any social networking websites and email accounts and an affirmative statement as to whether he searched those websites/accounts for documents and information responsive to Maximus' discovery requests.[12] *See* Ex. B at 11; Ex. A at 10. Similarly, Document Request No. 30 requests copies of comments, photographs, postings, direct messages, group messages, and other activities by Franklin on a blog or social networking since 2008. Ex. A at 10. Franklin objected to both on the basis that they sought irrelevant information. Ex. D at 21; Ex. C at 13–14. Maximus explained their relevancy in its Rule 37 Letter: Franklin is seeking damages for purported emotional distress, and alleges that he was subjected to intentional infliction of the same. Even assuming his email account and social media accounts do not have any information regarding the substance of this litigation (which itself seems unlikely), they likely have discoverable information regarding his emotional state. This information is thus discoverable and potentially highly relevant. *Torgersen v. Siemens Bldg. Tech., Inc.*, 2021 U.S. Dist. LEXIS 98024, *5–*7 (N.D. Ill., May 24, 2021) (Facebook page relevant because it demonstrated

---

[12] Franklin's responses mislabel this as Request for Production No. 28.

recreational and physical activities that "would tend to show that the Plaintiff had not lost a normal life" and "would have made the claims of damage less probable than without the evidence"); *Appler v. Mead Johnson & Co., LLC*, 2015 U.S. Dist. LEXIS 128182, at *15 (S.D. Ind. Sep. 24, 2015) (denying motion for protective order relating to social media content where "plaintiff's mental and emotional state was a factual issue in this case"); *Higgins v. Koch Dev. Corp.*, U.S. Dist. LEXIS 94139, at *2 (S.D. Ind. July 5, 2013) (social media information relevant where it "may reveal relevant information as to the extent [the plaintiffs'] injuries have impacted their 'enjoyment of life, ability to engage in outdoor activities, and employment."). Maximus should not be required to take Franklin's word that his email, Facebook, and other social media accounts do not contain relevant material. *See Cage v. Harper*, 2019 U.S. Dist. LEXIS 237288, *8 (N.D. Ill., Jan. 16, 2019) (a party "need not rely on the word of his opponent and instead is entitled to test her assertion through discovery").

Maximus explained this to Franklin in its Rule 37 Letter. In response, Franklin's counsel stated, in wholly conclusory fashion, that "Plaintiff has not given Defendants any basis for asserting that his social media accounts contain any relevant information and Defendants have not provided any basis for asserting that [] Franklin's social media accounts bear any relevance to this action beyond shear [*sic*] speculation." Ex. F at 3. Franklin "find's [sic] Defendants arguments unpersuasive and reaffirms his objection" of relevance. *Id*. His position, and his refusal to provide this information, is legally untenable. Accordingly, Maximus requests that the Court order Franklin to respond to Interrogatory No. 19 and Document Request No. 30 in their entirety, including by providing copies of comments, photographs, postings, direct messages, group messages, and other activities by Franklin on a blog or social networking since 2008 (including .zip file of his Facebook account).

C.      **Document Request No. 26**

Document Request No. 26 requests that Franklin provide all documents relating to his income or federal, state, or local tax returns from January 1, 2008 to the present. Ex. A at 8.[13] Franklin objected to this document request to the extent it sought information regarding his income prior to his separation from employment at Maximus.[14] Maximus reiterated the relevancy in its Rule 37 Letter. Ex. E at 6-8. In response, Franklin stated that Maximus "fails to assert any basis for relevance nor does it advance any legal support for its request" so he "reaffirms his objection." Ex. F at 4. As he has not produced any documents, including regarding his post-termination income, it is unclear whether he objects *entirely* to producing documents, regardless of timeframe.

Regardless, Franklin's position is meritless and inconsistent with his acknowledgement that he "does have a duty to mitigate his damages [so his] income after his employment with Defendants admittedly bears relevance to this claim," as stated in his discussion of Interrogatory No. 15. *Id*. Franklin has put his income at issue, and thus his tax returns and other compensation information is relevant and discoverable. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74-75 (7th Cir. 1992) (court compelled plaintiff to produce his income tax returns because he himself put the level and sources of his income at issue by claiming damages following the termination of his contract with his former employer); *Johnson v. Soo Line R.R. Co.*, No. 17 C 7828, 2019 U.S. Dist. LEXIS 146051, 2019 WL 4037963, at *2 (N.D. Ill. Aug. 27, 2019) (Plaintiff placed his income at issue when he sought back pay, lost wages, and front pay as a result of his alleged discrimination lawsuit, and therefore his tax returns were relevant to calculate any damages). Moreover, as discussed more fully below in relation to Maximus' Interrogatory No. 15, Franklin's tax returns

---

[13] Franklin's responses mislabel this as Request for Production No. 25.
[14] Franklin stated he would produce information for the period after his employment ended. He has not.

13

*prior* to his separation from Maximus are relevant for purposes of calculating potential backpay (by comparing his total income before and after his employment with Maximus ended) and relevant to his FMLA claim and Maximus' after-acquired evidence defense. Accordingly, Maximus requests that the Court order Franklin to respond in full to Document Request No. 26 and provide all documents relating to his income or federal, state, or local tax returns from January 1, 2008 to the present.

      D.      **Interrogatory No. 15**

Interrogatory No. 15, along the same lines as Document Request No. 26, requests that Franklin identify income he has received since 2008. Ex. B at 9–10. Despite Franklin's response to Document Request No. 26 that he "will produce documents related to his income after the period of employment" (Ex. C at 11), and despite him stating his monthly income since March 2022 in response to Interrogatory No. 14 (Ex. D at 17), Franklin objects to Interrogatory No. 15 "on the basis that it seeks to discover information that is not relevant to any claim in the Second Amended Complaint or any defense in Defendants' Answer." Ex. D at 18. While Franklin clarified in his October 27 letter that his objection was limited to the "request for income information during his employment," his Supplemental Interrogatory Responses do not include *any* information regarding *any* time period, or any response at all—he simply restated his relevancy objection.

Franklin is claiming that information related to his income, including after his termination, is irrelevant *to his claim for backpay*. This is bad faith. Maximus is entitled to obtain information regarding Franklin's income both before and after his separation from Maximus, including any self-income and long-term disability benefits, so it can compare his income over time and determine the effect of his separation of employment on his total income. Information about Franklin's income prior to his separation from Maximus is relevant for other reasons. Maximus

asserted an after-acquired evidence defense, and, at all times relevant herein, maintained a policy prohibiting outside employment without prior approval. *See* Ex. H. Information regarding Franklin's income might reveal whether he had such employment. In other words, Maximus' "evaluation of plaintiff's tax returns could lead to the discovery of admissible evidence – plaintiff's alleged violation of an 'established' employer policy" (*i.e.,* the *Outside Employment* policy), the information is discoverable. *See Michas v. Health Cost Controls, Inc.*, Case No. 96 CV 5104, 1997 U.S. Dist. LEXIS 11979, at *6 (N.D. Ill. July 14, 1997). Moreover, Franklin alleges that Maximus interfered with his FMLA rights. His actions during his leave period, including whether he held alternate employment during the time he claimed to be incapacitated from working at Maximus, are relevant to whether he was eligible for FMLA leave and thus able to state such a claim. Accordingly, Maximus requests that the Court order Franklin to respond to Interrogatory No. 15 in its entirety and identify all sources of income he has received since 2008.

## **CONCLUSION**

Maximus has tried to move this litigation forward, and has given Franklin ample time to address these deficiencies without Court intervention. It is evident he will not. Thus, and for the reasons articulated more fully above, Maximus requests that the Court grant this motion to compel and order that Franklin waived any objections not asserted in his August 17 responses, supplement his written discovery responses and production at the earliest possible date, and award any further relief as the Court deems just and proper.

Dated: November 8, 2022　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　**MAXIMUS, INC., MAXIMUS**
　　　　　　　　　　　　　　　　　　　　　　　　**HUMAN SERVICES, INC., AND**
　　　　　　　　　　　　　　　　　　　　　　　　**MAXIMUS SERVICES LLC**

　　　　　　　　　　　　　　　　　　　　　　　　By: */s/ Kathryn J. Barry*
　　　　　　　　　　　　　　　　　　　　　　　　　　　One of Their Attorneys

Kathryn Montgomery Moran
Kathryn J. Barry
J. Casey Leech
JACKSON LEWIS P.C.
150 North Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Tel: (312) 787-4949
Fax: (312) 787-4995
Kathryn.Moran@jacksonlewis.com
Kathryn.Barry@jacksonlewis.com
Casey.Leech@jacksonlewis.com

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on November 8, 2022, she caused a true and correct copy of the foregoing **DEFENDANTS' MOTION TO COMPEL** to be filed with the Court by electronic filing protocols, and that the same will therefore be electronically served upon all attorneys of record registered with the Court's CM/ECF system.

*/s/ Kathryn J. Barry*
