IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Maurice Franklin, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 21-CV-4367 |
| | ) |
| Maximus, Inc. et al | ) Jeffrey T. Gilbert |
| | ) Magistrate Judge |
| Defendants. | ) |
| | ) |
| | ) |

**ORDER**

**I.**

Scheduled telephonic hearing [80] held on November 29, 2022, on Defendants' Motion to Compel [77] ("Motion to Compel"). Defense counsel appeared. Plaintiff's counsel did not appear. The case was set for 10:45 a.m. [*Id.*]. The Court waited until 11:04 a.m. to begin the hearing. At 1:29 p.m., more than two and one-half hours after the hearing had been scheduled to begin, and two hours after it ended, Plaintiff's counsel sent an email to the Court's courtroom deputy explaining that he could not attend the hearing "due to my involvement in a motor vehicle accident caused by my Uber driver this morning." Plaintiff's counsel further explained that while he "did not sustain significant injuries, the accident caused a substantial delay." Plaintiff's counsel asked in that email whether it would be possible to reschedule the hearing to a different date and time. The Court, however, already had ruled on Defendants' Motion to Compel as described in this Order. The parties are directed to a transcript of the hearing for a complete record of that proceeding.

Plaintiff did not respond to Defendants' Motion to Compel [77] in accordance with the briefing schedule set by the Court [78][82]. Plaintiff sought an extension of time to file a written response [81], the extension was granted to November 21, 2022, at Plaintiff's request [82], but no response has been filed even as of today's date. The Seventh Circuit Court of Appeals has recognized, under similar circumstances, that the failure to respond to arguments raised by a litigation opponent not only waives the right to do so but concedes the sufficiency of the opposing party's argument. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th

Cir. 2010) (noting that a "[f]ailure to respond to an argument . . . results in waiver" and that a party's "silence" in response to an argument leads to the conclusion that a point is conceded); *United States v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008) ("Farris failed to respond to the Government's argument in a Reply Brief, and accordingly, we find that Farris waived his sufficiency of the evidence challenge[.]"). *See also* Local Rule 78.3 ("Failure to file a reply memorandum within the requisite time shall be deemed a waiver of the right to file.").

The Court could grant Defendants' Motion to Compel [77] based on Plaintiff's failure to timely respond to it on the authority of the above-cited cases. The Court, however, also reviewed Defendants' Motion to Compel substantively and finds that it is meritorious and should be granted for the reasons discussed by Defendants in their Motion other than in the respects stated specifically in this Order and on the record. Accordingly, Defendants' Motion to Compel [77] is granted for the reasons stated on the record and in the Motion itself, except that the Motion is denied without prejudice with respect to Interrogatory No. 19 and Document Request No. 30 relating to social media accounts and postings. Those discovery requests as written are overbroad and unduly burdensome, in the Court's view, and not proportional to the needs of the case. Defendants' Motion [77] also is granted as to Interrogatory No. 15 and Request for Production No. 30 but only back to January 1, 2021, for the reasons proffered by Defendants on the record. Defendants' Motion [77] also is granted with respect to Defendants' request that Plaintiff verify his supplemental answers to interrogatories.

Finally, for the avoidance of doubt, Defendants' Motion is granted as to Interrogatory Nos. 16 and 17 and Document Request No. 4. The Court agrees with Defendants that Plaintiff's litigation history, administrative proceedings, and criminal background during the past ten (10) years potentially is relevant and proportional to the needs of the case. The Court also agrees that Plaintiff's potential receipt of long-term disability benefits could be relevant and proportional to the needs of the case with respect to damages and Plaintiff's ability to work prior to and after his termination. Plaintiff's broad, conclusory, boilerplate relevance objections are overruled except to the extent stated herein.

Plaintiff shall supplement his responses to interrogatories and requests for production by December 15, 2022. Plaintiff shall identify which documents are being produced in response to which interrogatories in compliance with Federal Rule of Civil Procedure 33(d) to the extent he has not yet done so. If any documents are not being produced because of an objection, then Plaintiff must so specify pursuant to Federal Rule of Civil Procedure 34(b)(2)(C). This includes the documents relating to damages that are described at pages 5 and 6 in Defendants' Motion to Compel [77].

2

The Court agrees with Defendants that producing documents without identifying the request for production or interrogatory to which those documents are intended to be responsive is improper in this case. Plaintiff either must provide the information specifically requested by specific interrogatories (*e.g.*, Interrogatory Nos. 2, 3, and 4) or direct Defendants to a document by Bates number or other identifier where that information can be obtained. Plaintiff cannot reference documents if, by doing so, he is not providing a complete answer to the subject interrogatories. To be clear, the intent of the Court's order also is to compel Plaintiff to identify which pages of the 92 pages of medical records he has produced and any subsequent medical records he produces correspond to specific interrogatories or requests for production.

Accordingly, for all these reasons, Defendants' Motion to Compel [77] is granted in part and denied in part.

It is so ordered.

## II.

The Court sets the following briefing schedule on Defendants' Motion for an Order Designating the Sequence of Discovery Pursuant to Rule 26(d) of the Federal Rules of Civil Procedure [85]: Plaintiff shall respond by December 13, 2022. Defendants shall reply by December 20, 2022.

The parties shall file a joint status report by January 12, 2023, that includes the status of written discovery as of that time, identifies fact witnesses that either party then intends to depose before the close of fact discovery based on their then-current information, and contains proposed or confirmed dates for depositions through February 28, 2023. In addition, if any depositions already have been taken as of the date of the status report, then the report shall identify those witnesses who have been deposed.

It is so ordered.

_____
Magistrate Judge Jeffrey T. Gilbert

Dated: November 29, 2022