**UNITED STATES DISTRICT COURT**
FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
**Eastern Division**

Maurice Franklin
                    Plaintiff,

v.                                                 Case No.: 1:21–cv–04367
                                                        Honorable Steven C. Seeger

Maximus, Inc., et al.
                    Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, December 22, 2022:

      MINUTE entry before the Honorable Jeffrey T. Gilbert: Defendants' Motion for an Order Designating Sequence of Discovery pursuant to FPCP 26(d) [85] is granted. In the Court's discretion in managing discovery and under the circumstances of this case, the Court agrees with Defendants that Plaintiff's deposition should be taken before any other depositions are taken in this case. Among other considerations, Plaintiff's Second Amended Complaint [63] is 63 pages long and it contains 311 separate paragraphs. Plaintiff has been slow to respond to Defendants' written discovery, and the Court already has granted a motion to compel Plaintiff to fully respond to Defendants' discovery finding that at least the information sought by the interrogatories and requests for production at issue in the Motion to Compel [77] was relevant and proportional to the needs of this case. *See* Order [86]. Plaintiff was ordered to supplement his discovery responses by 12/15/22 [86]. Defendants should have Plaintiff's complete responses to their interrogatories and requests for production, which were served in July 2022 (Motion to Compel, [77], at 2), before Plaintiff sits for his deposition given the breadth of the allegations in Plaintiff's operative Complaint [63] and the time period that is relevant for purposes of discovery. In the Court's view, this is the most efficient way to proceed in this case. This Order constitutes the Court's determination under Federal Rule of Civil Procedure 26(d)(3) that sequencing deposition discovery in this way is necessary to ensure the just, speedy, and inexpensive determination of this action within the meaning of FRCP 1. The Court previously ordered the parties to file a joint status report by 1/12/23 that includes the status of written discovery as of that time, identifies fact witnesses that either side then intends to depose before the close of fact discovery, and contains proposed or confirmed deposition dates through 2/28/23 [86]. The Court looks forward to receiving that status report. A telephone status hearing is set for 1/18/23 at 10:00 a.m. to discuss the status report. If the Court believes that hearing is unnecessary after reading the parties' status report, it will strike it. The call–in number for the telephonic status hearing is 877–336–1829, access code 1022195, press #. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions. Mailed notice(ber, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.