IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:21-cv-04367 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| MAXIMUS, INC., MAXIMUS HUMAN SERVICES, INC., and MAXIMUS SERVICES LLC., | ) ) ) ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendants. | | |

**JOINT STATUS REPORT REGARDING DISCOVERY**

In accordance with the Court's November 29, 2022 Order (ECF No. 86), Plaintiff Maurice Franklin and Defendants Maximus, Inc., Maximus Human Services, Inc., and Maximus Services LLC (collectively, the "Parties") jointly submit the following status report regarding discovery:

**Current Status of Written Discovery**

On November 29, 2022, the Court granted, in part, Defendants' Motion to Compel and ordered Plaintiff to supplement his responses to Defendants' interrogatories and document requests by December 15, 2022.

On December 12, 2022, Plaintiff's counsel served on Defendants' counsel Plaintiff's Second Supplemental Responses to Defendants' Request for Production, providing supplemental responses to Defendants' Document Request Nos. 18, 19, 24, 25, 26, and 28. On December 16, 2022, Plaintiff's counsel served on Defendants' counsel Plaintiff's Second Supplemental Responses to Defendants' First Set of Interrogatories, providing a supplemental response to Defendants' Interrogatory No. 4. On December 20, 2022, Plaintiff's counsel served on Defendants' counsel Plaintiff's Third Supplemental Responses to Defendants' First Set of

1

Interrogatories, providing supplemental responses to Defendants' Interrogatory Nos. 2, 3, 15, 16, and 17.

On January 6, 2023, Defendants' counsel sent correspondence to Plaintiff's counsel, pursuant to Rule 37 of the Federal Rules of Civil Procedure, seeking to address several deficiencies in Plaintiff's supplemental discovery responses served in December of 2022, namely: (a) Plaintiff's failure to identify which documents produced are responsive to which of Defendants' interrogatories and document requests; (b) Plaintiff's failure to provide any responses to Defendants' Document Request Nos. 4, 15, 16, 17, 21, 22, 34, and 37; and (c) Plaintiff's incomplete responses to Document Request Nos. 19 and 24 and Interrogatory Nos. 4 and 15. In their January 6, 2023 Rule 37 correspondence, Defendants' counsel asked that Plaintiff address these deficiencies and supplement his responses to Defendants' discovery requests immediately. Defendants' counsel also explained that they were available to conduct a meet-and-confer teleconference with Plaintiff's counsel, and offered January 9 and 10 as potential dates for the call. Plaintiff's counsel has not yet responded to Defendants' Rule 37 correspondence.

On January 12, 2023, Plaintiff served Defendant with its Third Supplemental Responses to Defendants' Requests for Production of Documents. Plaintiff provided responses to Defendants' Document Requests Nos. 4, 15, 16, 17, 21, 22, 34, and 37. Defendants' counsel has not had a chance to review these supplemental responses prior to the filing of this status report.

<u>Defendants' Position:</u>  Plaintiff's counsel served his response to Defendants' counsel's Rule 37 letter, and Plaintiff's Third Supplemental Responses to Defendants' Document Requests, on January 12, 2023 at 4:44 p.m. CST. No additional documents were produced. Although Defendants' counsel has not had a chance to fully review these documents, Defendants' counsel does not believe that they fully address Plaintiff's deficiencies.

**Identification of Fact Witnesses that Either Party Intends to Depose**

As of the filing of this status report, Defendants have identified only Plaintiff as a witness they intend to depose during fact discovery. As held by the Court in its December 22, 2022 order granting Defendants' Motion for an Order Designating Sequence of Discovery Pursuant to Fed. R. Civ. P. 26(d), "Defendants should have Plaintiff's complete responses to their interrogatories and requests for production, which were served in July 2022 (Motion to Compel, [77], at 2), before Plaintiff sits for his deposition." ECF No. 89. Plaintiff contends that Defendants remain outstanding on several of Plaintiff's request for production and interrogatories. Defendants are not aware of what Plaintiff believes is outstanding on their end. Defendants contend that Plaintiff's responses to their discovery requests remain incomplete and in violation of the Court's November 29, 2022 order on Defendants' Motion to Compel, so no date has been set for Plaintiff's deposition.

As of the filing of this status report, Plaintiff has identified the following individuals whom he seeks to depose during fact discovery: Laura Rosenak, Illene Baylinson, Kelly Boerner, Kathleen Kerr, Kim Colbeck, Michelle Link, 30(b)(6). No dates have been proposed or confirmed for any of these depositions.

**Whether any Depositions Have Been Taken**

For the reasons discussed above, no depositions have already been taken as of the filing of this status report.

Dated:  January 12, 2023                                Respectfully Submitted,

**MAURICE FRANKLIN**                                    **MAXIMUS, INC., MAXIMUS HUMAN SERVICES, INC., AND MAXIMUS SERVICES LLC**

By: /s/ Anthony Dawkins
   One of His Attorneys

By: /s/ Kathryn J. Barry
   One of Their Attorneys

Kathryn Montgomery Moran
Kathryn J. Barry

3

| | |
|---|---|
| F. Anthony Dawkins<br>GA Bar No. 157910<br>BARRETT & FARAHANY, LLC<br>1175 Northmeadow Pkwy #140<br>Roswell, Georgia 30076<br>Tel: (404) 214 0120<br>Fax: (404) 214-0125<br>anthony@justiceatwork.com | J. Casey Leech<br>JACKSON LEWIS P.C.<br>150 North Michigan Avenue, Suite 2500<br>Chicago, Illinois 60601<br>Tel: (312) 787-4949<br>Fax: (312) 787-4995<br>Kathryn.Moran@jacksonlewis.com<br>Kathryn.Barry@jacksonlewis.com<br>Casey.Leech@jacksonlewis.com |

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on January 12, 2023, she caused a true and correct copy of the foregoing **JOINT STATUS REPORT REGARDING DISCOVERY** to be filed with the Court by electronic filing protocols, and that the same will therefore be electronically served upon all attorneys of record registered with the Court's CM/ECF system.

*/s Kathryn J. Barry*