# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-04367 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| MAXIMUS, INC., MAXIMUS | ) | Magistrate Judge Jeffrey T. Gilbert |
| HUMAN SERVICES, INC., AND | ) | |
| MAXIMUS SERVICES LLC | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants direct Plaintiff Maurice Franklin ("Plaintiff," "Franklin," or "you") to answer in writing, separately and under oath, the following interrogatories within thirty (30) days of the date of service hereof.

## INSTRUCTIONS AND DEFINITIONS

In answering these interrogatories, provide all information available to you, including information in the possession of your attorneys, any investigators, and all persons acting on your behalf. If you cannot answer the interrogatories in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

The interrogatories that follow are to be considered as continuing, and you are requested to provide, by way of supplementary answers, such additional information as you or any person acting on your behalf may hereafter obtain which will augment, clarify, or otherwise modify the answers now given to these interrogatories.

As used herein, the following terms shall have the meanings indicated below:

a. "Plaintiff," "Franklin," and "you" means Plaintiff Maurice Franklin, and includes all persons acting or purporting to act on her behalf.

b. "Maximus" and "Defendants" means, collectively, Maximus, Inc., Maximus Human Services, Inc., Maximus Services LLC, and their current or former officers, directors, managers, supervisors, employees, representatives, assigns, agents, attorneys, consultants, divisions, departments, brands, affiliates, predecessors, successors, and subsidiaries.

c. "Second Amended Complaint" means the Second Amended Complaint filed by Franklin on May 24, 2022 in the United States District Court for the Northern District of Illinois in the case captioned as *Maurice Franklin v. Maximus, Inc., Maximus Human Services, Inc., and Maximus Services LLC*, and any amended complaints.

d. "Litigation" means the case captioned as *Maurice Franklin v. Maximus, Inc., Maximus Human Services, Inc., and Maximus Services LLC*, Case No. 1:21-cv-04367, pending in the United States District Court for the Northern District of Illinois.

e. "Period of Employment" means the period of time in which you were an employee of Maximus, *i.e.,* from your rehire on or about August 25, 2008 until on or about October 9, 2021.

f. "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, organizations, associations, federations, or any other kind of entity.

g. "Document" means any written, printed, typed, recorded, transcribed, punched, taped, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated, or made, in the actual or constructive possession, custody, or control of Plaintiff, or the existence of which you have knowledge, including but not limited to all communications, correspondence, writings, letters, envelopes, routing slips, statements, computer printouts, pleadings, filings, affidavits, memoranda, opinions, analyses, evaluations, journals, statistical records, worksheets, tabulations, records and/or minutes of meetings, handwritten notes, instruments, specifications, logs, plans, drawings, sketches, diagrams, blueprints, Photostats, charts, motion pictures, bulletins, telegrams, telexes, memoranda, notes, instructions, literature, work assignments, notebooks, diaries, calendars, records, agreements, contracts, notations of telephone or personal conversations or conferences, messages, inter-office or intra-office communications, e-mail, microfilm, circulars, pamphlets, studies, notices, summaries, reports, books, checks, credit card vouchers, statements of account, receipts, invoices, graphs, photographs, drafts, data sheets, data compilations, computer data sheets, computer data compilations, work sheets, statistics, speeches or other writings, tape recordings, audiotapes, videotapes, phonograph records, data compilations from which information can be obtained or can be translated through detection devices into reasonably usable form, including, but not limited to, CD, DVD, external or internal hard drives, thumb drives, or any other tangible thing that records information in any way which constitute or contain discoverable matters including all programs necessary for accessing any electronically stored information. The term "document" shall include the original and any copies that differ in any manner

whatsoever from the original (whether different from the original because of notes made on such copy or otherwise) and any drafts thereof. For purposes of this definition, a document is within the possession or control of you if it is in the possession or control of any of your attorneys, investigators for your attorneys, independent accountants, directors, trustees, or any person acting on behalf of or in concert with you or with any of the above-referenced individuals, or otherwise in their possession or control. The term "document" shall also include all electronically stored information ("ESI"), which is information created, manipulated, stored, and best utilized in digital form, requiring the use of computer hardware and software. ESI includes, but is not limited to e-mails, text messages, instant messages, internet message boards, postings, social networking activity, posting and messages on social media such as Facebook, Twitter, Instagram, and LinkedIn.

h. "Describe in detail" means: (1) state each fact supporting your position regarding the matter in question; (2) identify each person or entity with knowledge of such facts; (3) state the knowledge each person or entity has; and (4) identify each document upon which you rely regarding the matter in question.

i. "Relating to," "relate to," "concerning," and "evidencing" means relating to, referring to, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting, mentioning, supporting, or concerning, directly or indirectly, or in any way relevant to the specified subject.

j. "Identify," with respect to a natural person, means: (1) his or her name; (2) his or her last known home address and telephone number; (3) his or her job title; (4) his or her business address and telephone number; and (5) his or her relationship, if any, to you.

k. "Identify," with respect to a corporation, association, organization, or other entity, means: (1) the legal name under which such entity is incorporated or registered; (2) the State in which such entity is incorporated or registered; (3) the full business address and telephone number of such entity; and (4) the officers of such entity.

l. "Identify," with respect to documents, means: (1) the author thereof and the person or persons to whom the document originally was directed; (2) the source from whom you obtained such document or documents; (3) the date of each such document or documents; (4) the current custodian of each such document or documents; (5) the location at which each such document or documents is situated; and (6) the subject matter of each such document or documents.

m. "Communication," "communicate," or "correspondence" means any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any conversation or discussion, whether face-to-face or by means of any telephone, email, text, mail, letter, memoranda, telecopies, electronic or other online media, Slack messages, instant messages, text messages, SMS messages, direct messages, and postings and messages on Internet social media such as Facebook, Twitter, Instagram, and LinkedIn. To "identify" a communication means to state whether the communication was oral, written on paper or other material, communicated

electronically, or communicated in some other manner, specifying how. If the communication was oral, identify the participants, the date, the place, whether the communication was in person, provide a summary of the conversation, and identify any notes, memoranda, diaries or other documents relating thereto.

n. Defendants also incorporate by reference the Definitions set forth in their First Request for Production of Documents to Plaintiff.

o. "Health Care Provider" means doctor, physician, mental health care professional, psychiatrist, psychologist, therapist, counselor, social worker, or other health care professional.

Whenever appropriate in these interrogatories, the singular form of a word shall be interpreted as plural and vice versa, so as to provide the broadest possible meaning.

Whenever appropriate in these interrogatories, the masculine form of a word shall be interpreted as feminine and vice versa, so as to provide the broadest possible meaning.

The words "and" and "or" are to be used conjunctively or disjunctively, whichever will provide the broader interpretation of the interrogatory using these words.

If you claim a privilege regarding a document, identify the document. In the event you withhold any information requested herein on the basis of a claim of privilege, state the nature and basis of the privilege asserted, and provide a privilege log.

If you at any time had possession or control of a document called for under any document request, and such document has been lost, misplaced, misfiled, obliterated, purged, mutilated, erased, or is not presently in your possession or control, identify the document, state the date and place where it was last known to be in the custody of such person, and the circumstances surrounding its loss or disappearance.

If any document called for under any request is subject to any written or oral addition, alteration, cancellation, or modification, identify the document incorporating such change or, if such change was oral, a statement of the oral terms incorporated.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify any person you or anyone acting on your behalf has interviewed, either formally or informally, relating to the allegations in your Second Amended Complaint or Maximus' Answer to the Second Amended Complaint, including the date of the interview and the telephone number of the person interviewed. If there were any notes or documents produced as a result of those interviews, please identify those documents by author, date, general description, and location.

**INTERROGATORY NO. 2:**

Identify each and every Health Care Provider with whom you visited, consulted, or received treatment from January 1, 2008 through the present. For each Health Care Provider identified, state: (a) his or her address; (b) any institutions with which he or she is presently affiliated; (c) any institutions with which he or she was associated or affiliated while treating you; (d) his or her occupation; (e) his or her area of specialization, if any; (f) the date and time of any occasion in which you consulted him or her; (g) the condition for which treatment was sought; (h) the nature of the treatment rendered; (i) the diagnosis that was rendered; (j) whether you are presently receiving treatment or consultation from such person; (k) whether you have been prescribed any medications, and if so, whether you are currently taking such medications; and (l) the cost of treatment.

**INTERROGATORY NO. 3:**

Identify all hospitals, health care facilities, or other medical institutions to which you have were admitted from January 1, 2008 through the present, and state: (a) the reason for your stay in such hospital, health care facility, or medical institution; (b) the condition or conditions for which you were treated; (c) the diagnosis and prognosis of the physical or mental condition treated; (d) the inclusive dates of confinement of each such hospital, healthcare, or other medical institution; and (e) any and all documents relating to your response to this Interrogatory.

**INTERROGATORY NO. 4:**

For all medications prescribed to you by a Health Care Provider for any physical or mental illness or impairment at any time during your Period of Employment through the present, state: (a) the name of the medication; (b) the general purpose of the medication; (c) the name and address of the medical provider who prescribed the medication; (d) the inclusive dates during which you were prescribed the medication; and (e) the inclusive dates during which you took the medication.

**INTERROGATORY NO. 5:**

State whether you have ever lodged an internal complaint of discrimination, harassment, retaliation, or interference of your rights under the Family and Medical Leave Act ("FMLA") against any person or against any entity by which you were employed (other than Maximus). If your answer to this Interrogatory is in the affirmative, identify any such entities and/or persons, the nature of the complaint(s) lodged, and the resolution thereof.

**INTERROGATORY NO. 6:**

Identify each and every complaint of discrimination, harassment, retaliation, or interference of your rights under the FMLA that you made during your employment with Maximus, when and to whom the complaint was made, the nature and details of the complaint, the method by which you complained (including whether the complaint was made orally or in writing), how the complaint was submitted (including whether via email, Ethics Point, or otherwise), the response you received to the complaint, and any witnesses to each of the events and/or utterances about which you complained or the complaints themselves.

**INTERROGATORY NO. 7:**

Identify: (a) all actions taken by one or more of the Defendants which you contend constitute discrimination, harassment, retaliation, or interference of your rights under the FMLA; (b) the individual(s) who took each such action; (c) the date(s) on which such discrimination,

harassment, retaliation, or FMLA interference took place; (d) any witnesses to each of these alleged events; and (e) any facts and evidence that support your contention the action was taken because of your race, gender, and/or participation in any protected activity.

**INTERROGATORY NO. 8:**

Identify all current or former employees of Maximus whom you contend or may contend were similarly situated to you but whom Maximus treated more favorably than you. For each such employee, fully state and describe: (a) how each employee was treated more favorably than you; (b) the managers or other agents of Maximus who made decisions with respect to any person allegedly treated more favorably than you; (c) the date or time period of any alleged more favorable treatment; (d) how you came to know the facts or allegations that allegedly support these claims; and (e) any documents which support your answer to this Interrogatory.

**INTERROGATORY NO. 9:**

With respect to the allegations raised in Paragraph 238 of the Second Amended Complaint that "Defendants discriminated against the plaintiff based upon his race by paying him at lower rate than individuals who were either subordinate to or a direct report of the Plaintiff," identify: (a) the name of each of the alleged subordinates or individuals who directly reported to you; and (b) any documents which support your answer to this Interrogatory.

**INTERROGATORY NO. 10:**

With respect to the allegations raised in Paragraph 301 of the Complaint that "Plaintiff attempted to return to his employment with the Defendants but was denied," identify: (a) when you were allegedly denied; (b) who communicated this alleged denial to you; (c) the method by which the alleged denial was communicated to you, including whether it was written or oral; (d) the substance of the conversation, including who said what; (e) any witnesses and/or participants to any conversation relating to these allegations; (f) any actions you took, including any complaints

made, in response to this alleged denial; and (g) any documents which support your answer to this Interrogatory.

**INTERROGATORY NO. 11:**

With respect to each audio recording you produced in connection with this Litigation on May 24, 2022, identify: (a) when this audio recording was made; (b) the individuals whose voices are heard on the audio recording; (c) any individuals who witnessed and/or participated in the conversation recorded whose voices cannot be heard; (d) how the audio recording was made, including the device that captured the recording and any applications used to capture the recording; (e) who made the recording; (f) Plaintiff's physical location at the time of the recording; (g) the physical location of any witnesses and/or participants to the conversation being recorded; and (h) any documents which support your answer to this Interrogatory.

**INTERROGATORY NO. 12:**

Identify every position at Maximus to which you applied during the Period of Employment, including when you applied to the position, the manner in which you applied (including whether you submitted an application and how you submitted any such application), any applications you submitted, any responses you received to applying to the position, and any documents which support your answer to this Interrogatory.

**INTERROGATORY NO. 13:**

Identify each prospective employer whom you have contacted in any way during the Period of Employment through the present and describe in detail every attempt you have made or are making to secure employment during the Period of Employment through the present. For each such prospective employer you have contacted, identify the following:

(a)     The dates of each contact;

(b)     Whether the contact was by email, other written correspondence, over the telephone, or in person;

(c)     The names of the individuals with whom you corresponded, spoke with, or had any

other contact with;

(d)    The position or type of work you sought;

(e)    The geographic location of the position or work you sought; and

(f)    The results of your contact, for example, "received job offer," "had telephone interview," "no response," "rejected job offer," etc.

For all other attempts you have made or are making to secure employment, identify the following:

(g)    Each and every job board or job search website you are (or were) registered on or a member of during your Period of Employment through the present, and each and every employment opportunity, advertisement, solicitation, bid, or proposal you have answered, responded to or pursued;

(h)    All correspondence you have sent to or received from all employment agencies, government agencies, placement agencies, temporary placement firms, internet job application sites, or search firms you have contacted;

(i)    All job offers you have received, including the job title and salary offered, or alternatively, whether you have rejected any offer of employment during your Period of Employment through the present, and if so, explain in detail the reasons for each rejection; and

(j)    All persons, other than prospective employers, with whom you have discussed your job search or possible employment.

**INTERROGATORY NO. 14:**

Identify and describe every position of employment you have held since the Period of Employment through the present, including but not limited to self-employment (which includes services provided by you as an independent contractor), and for each such employment, state the following:

(a)    the name, address, and telephone number of the employer;

(b)    the position you held;

(c)    the nature of that employment, *i.e.*, your job duties;

(d)    the rate of pay;

(e)    the dates you began and ended employment with such employer; and

(f)    the reason(s), if any, you left such employment, and whether you left voluntarily or involuntarily.

**INTERROGATORY NO. 15:**

Identify all income received from whatever source, by amount each week on and after January 1, 2008. Sources of income may include, but are not limited to: income from employment or self-employment; any benefits, including but not limited to monetary and/or health, pension, disability, social security, financial aid, insurance proceeds, or profit-sharing benefits received from a government, private, or employer-sponsored plan; and any unemployment benefits, alimony, or other support.

**INTERROGATORY NO. 16:**

Identify, by case name, court, and docket number, each and every criminal proceeding, administrative proceeding (including but not limited to any application for Social Security disability benefits and any charges of discrimination), bankruptcy proceeding, and civil suit in which you have been involved, and state the current status or final disposition of the proceeding. Also, with respect to each judicial or administrative complaint or charge that you have instituted against any person, and each judicial or administrative complaint to which you have been a party, state the index, docket, complaint, charge, or other identification number or designation, and state the current status or final disposition of the proceeding.

**INTERROGATORY NO. 17:**

State whether you have been charged with or convicted of any crimes during the last ten (10) years, and with respect to each, state: (a) the date or approximate date of the charge and/or conviction(s); (b) the crime(s) for which you were charged and/or convicted; and (c) the case number(s), court name(s) and address of the court(s) in which you were charged or convicted.

**INTERROGATORY NO. 18:**

Identify every person with personal knowledge of facts relating to the allegations in your Second Amended Complaint and/or who may have discoverable knowledge, information, or data relating to this matter, and state the subject(s) of that knowledge, information, or data.

**INTERROGATORY NO. 19:**

Identify by URL or web address every social media site (e.g., Facebook, Instagram, Snapchat, Twitter, LinkedIn, a blog, etc.) and email account(s) to which you have subscribed, used, or maintained during your Period of Employment, and state whether you have searched these social media sites and email accounts for documents and information requested in Defendants' First Set of Interrogatories to Plaintiff and Defendants' First Request for Production of Documents.

**INTERROGATORY NO. 20:**

Identify all persons (other than your attorneys) with whom you have communicated concerning facts, issues, or other matters involved in this Litigation and describe in detail the substance and date of each communication or discussion.

**INTERROGATORY NO. 21:**

Identify all persons who will or may testify as an expert witness in this case, and describe in detail: (a) the general subject matter of the testimony of each such expert witness; (b) the substance of the facts and opinions to which each expert witness is expected to testify; (c) a summary of the grounds for each opinion; and (d) the area of each expert witness' expertise and his or her qualifications establishing him or her as an expert, including his or her knowledge, skill, experience, training, or education relating to the subject of the testimony.

**INTERROGATORY NO. 22:**

With regard to alleged damages, (a) identify the precise dollar amount of monetary damages you claim for each element of damages with specificity, including but not limited to, any claims for attorneys' fees; (b) state the method or methods by which the amount of damages you claim were calculated; (c) state the nature of any non-monetary damages and the reason(s) why you are seeking such relief; and (d) identify every document upon which you relied in answering this Interrogatory, which relates in any way to the information requested in this Interrogatory or

which you claim supports your claim for damages as set forth in your answers.

Dated: July 13, 2022

Respectfully Submitted,

**MAXIMUS, INC., MAXIMUS HUMAN SERVICES, INC., AND MAXIMUS SERVICES LLC**

*/s/ Kathryn J. Barry*
One of Its Attorneys

Kathryn Montgomery Moran
Kathryn J. Barry
Casey J. Leech
JACKSON LEWIS P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
Fax: (312) 787-4995
kathryn.moran@jacksonlewis.com
kathryn.barry@jacksonlewis.com
casey.leech@jacksonlewis.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on July 13, 2022, she caused a true and correct copy of the foregoing **DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF** to be served via electronic mail upon the following counsel of record:

F. Anthony Dawkins
Morgan & Morgan, PA
191 Peachtree Street, NE
Suite 4200
Atlanta, GA 30303
adawkins@forthepeople.com

*/s/ Kathryn J. Barry*

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-04367 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| MAXIMUS, INC., MAXIMUS | ) | Magistrate Judge Jeffrey T. Gilbert |
| HUMAN SERVICES, INC., AND | ) | |
| MAXIMUS SERVICES LLC | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants direct Plaintiff Maurice Franklin ("Plaintiff," "Franklin," or "you") to produce for inspection and copying the following documents within thirty (30) days of the date of service hereof.

## INSTRUCTIONS AND DEFINITIONS

In answering these document requests, provide all documents available to you, including documents in the custody, possession, or control of you, your attorneys, any investigators, and all persons acting on your behalf.

The document requests that follow shall be deemed continuing in nature and further supplemental responses shall be served upon counsel for Defendants if and when you obtain additional documents or information relevant to these requests.

Your responses should be organized for production in accordance with Rule 34(b) of the Federal Rules of Civil Procedure, and identified with reasonable particularity by Bates-labels.

As used herein, the following terms shall have the meanings indicated below:

a. "Plaintiff," "Franklin," and "you" means Plaintiff Maurice Franklin, and includes all persons acting or purporting to act on her behalf.

b. "Maximus" and "Defendants" means, collectively, Maximus, Inc., Maximus Human Services, Inc., Maximus Services LLC, and their current or former officers, directors, managers, supervisors, employees, representatives, assigns, agents, attorneys, consultants, divisions, departments, brands, affiliates, predecessors, successors, and subsidiaries.

c. "Second Amended Complaint" means the Second Amended Complaint filed by Franklin on May 24, 2022 in the United States District Court for the Northern District of Illinois in the case captioned as *Maurice Franklin v. Maximus, Inc., Maximus Human Services, Inc., and Maximus Services LLC*, and any amended complaints.

d. "Litigation" means the case captioned as *Maurice Franklin v. Maximus, Inc., Maximus Human Services, Inc., and Maximus Services LLC*, Case No. 1:21-cv-04367, pending in the United States District Court for the Northern District of Illinois.

e. "Period of Employment" means the period of time in which you were an employee of Maximus, *i.e.,* from your rehire on or about August 25, 2008 until on or about October 9, 2021.

f. "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, organizations, associations, federations, or any other kind of entity.

g. "Document" means any written, printed, typed, recorded, transcribed, punched, taped, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated, or made, in the actual or constructive possession, custody, or control of Plaintiff, or the existence of which you have knowledge, including but not limited to all communications, correspondence, writings, letters, envelopes, routing slips, statements, computer printouts, pleadings, filings, affidavits, memoranda, opinions, analyses, evaluations, journals, statistical records, worksheets, tabulations, records and/or minutes of meetings, handwritten notes, instruments, specifications, logs, plans, drawings, sketches, diagrams, blueprints, Photostats, charts, motion pictures, bulletins, telegrams, telexes, memoranda, notes, instructions, literature, work assignments, notebooks, diaries, calendars, records, agreements, contracts, notations of telephone or personal conversations or conferences, messages, inter-office or intra-office communications, e-mail, microfilm, circulars, pamphlets, studies, notices, summaries, reports, books, checks, credit card vouchers, statements of account, receipts, invoices, graphs, photographs, drafts, data sheets, data compilations, computer data sheets, computer data compilations, work sheets, statistics, speeches or other writings, tape recordings, audiotapes, videotapes, phonograph records, data compilations from which information can be obtained or can be translated through detection devices into reasonably usable form, including, but not limited to, CD, DVD, external or internal hard drives, thumb drives, or any other tangible thing that records information in any way which constitute or contain discoverable matters including all programs necessary for accessing any electronically stored information. The term "document" shall include the original and any copies that differ in any manner whatsoever from the original (whether different from the original because of notes made on such copy or otherwise) and any drafts thereof. For purposes of this definition, a document is within the possession or control of you if it is in the possession or control

of any of your attorneys, investigators for your attorneys, independent accountants, directors, trustees, or any person acting on behalf of or in concert with you or with any of the above-referenced individuals, or otherwise in their possession or control. The term "document" shall also include all electronically stored information ("ESI"), which is information created, manipulated, stored, and best utilized in digital form, requiring the use of computer hardware and software. ESI includes, but is not limited to e-mails, text messages, instant messages, internet message boards, postings, social networking activity, posting and messages on social media such as Facebook, Twitter, Instagram, and LinkedIn.

h.  "Describe in detail" means: (1) state each fact supporting your position regarding the matter in question; (2) identify each person or entity with knowledge of such facts; (3) state the knowledge each person or entity has; and (4) identify each document upon which you rely regarding the matter in question.

i.  "Relating to," "relate to," "concerning," and "evidencing" means relating to, referring to, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting, mentioning, supporting, or concerning, directly or indirectly, or in any way relevant to the specified subject.

j.  "Identify," with respect to a natural person, means: (1) his or her name; (2) his or her last known home address and telephone number; (3) his or her job title; (4) his or her business address and telephone number; and (5) his or her relationship, if any, to you.

k.  "Identify," with respect to a corporation, association, organization, or other entity, means: (1) the legal name under which such entity is incorporated or registered; (2) the State in which such entity is incorporated or registered; (3) the full business address and telephone number of such entity; and (4) the officers of such entity.

l.  "Identify," with respect to documents, means: (1) the author thereof and the person or persons to whom the document originally was directed; (2) the source from whom you obtained such document or documents; (3) the date of each such document or documents; (4) the current custodian of each such document or documents; (5) the location at which each such document or documents is situated; and (6) the subject matter of each such document or documents.

m.  "Communication," "communicate," or "correspondence" means any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any conversation or discussion, whether face-to-face or by means of any telephone, email, text, mail, letter, memoranda, telecopies, electronic or other online media, Slack messages, instant messages, text messages, SMS messages, direct messages, and postings and messages on Internet social media such as Facebook, Twitter, Instagram, and LinkedIn. To "identify" a communication means to state whether the communication was oral, written on paper or other material, communicated electronically, or communicated in some other manner, specifying how. If the communication was oral, identify the participants, the date, the place, whether the

3

communication was in person, provide a summary of the conversation, and identify any notes, memoranda, diaries or other documents relating thereto.

n.  Defendants also incorporate by reference the Definitions set forth in their First Request for Production of Documents to Plaintiff.

o.  "Health Care Provider" means doctor, physician, mental health care professional, psychiatrist, psychologist, therapist, counselor, social worker, or other health care professional.

Whenever appropriate in these document requests, the singular form of a word shall be interpreted as plural and vice versa, so as to provide the broadest possible meaning.

Whenever appropriate in these document requests, the masculine form of a word shall be interpreted as feminine and vice versa, so as to provide the broadest possible meaning.

The words "and" and "or" are to be used conjunctively or disjunctively, whichever will provide the broader interpretation of the request using these words.

If you claim a privilege regarding a document, identify the document. In the event you withhold any information requested herein on the basis of a claim of privilege, state the nature and basis of the privilege asserted, and provide a privilege log.

If you at any time had possession or control of a document called for under any document request, and such document has been lost, misplaced, misfiled, obliterated, purged, mutilated, erased, or is not presently in your possession or control, identify the document, state the date and place where it was last known to be in the custody of such person, and the circumstances surrounding its loss or disappearance.

Each request which seeks documents relating in any way to communications to, from, or within a business and/or corporate entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the business and/or corporate entity.

If any document called for under any request is subject to any written or oral addition, alteration, cancellation, or modification, identify the document incorporating such change or, if such change was oral, a statement of the oral terms incorporated.

## **DOCUMENTS TO BE PRODUCED**

1.      All documents referenced as exhibits in the Second Amended Complaint, including any documents that were referenced as exhibits but were not filed with the Second Amended Complaint.

2.      All documents referenced in your Rule 26(a) disclosures.

3.      Any and all audio and/or video recordings of conversations related to your employment with Maximus, including any audio and/or video recordings of conversations with agents and/or employees of Maximus and any audio and/or video recordings referenced in your Rule 26(a) initial disclosures.

4.      All documents relating to each and every criminal proceeding, administrative proceeding (including but not limited to any application for Social Security disability benefits), bankruptcy proceeding, and civil suit in which you have been involved in the past ten (10) years.

5.      All affidavits, declarations, and written or recorded statements of witnesses or potential witnesses for any party regarding any of your claims against Maximus.

6.      All documents that were identified in or are responsive to Defendants' First Set of Interrogatories to Plaintiff.

7.      All documents that were reviewed in preparation of your responses to Defendants' First Set of Interrogatories to Plaintiff.

8.      All documents that you obtained or removed from Maximus' property, in any manner, during or after your employment with any of the Defendants.

9.      All correspondence between you and any of the individuals identified in your Rule

26(a) Disclosures.

10.     All correspondence sent to or received by you relating to your employment with any of the Defendants.

11.     All correspondence with any current or former employee of Defendants regarding your allegations in the Second Amended Complaint.

12.     All documents that reference, evidence, relate to, discuss, support, or refute your allegations of discrimination, retaliation, harassment, intentional infliction of emotional distress, and/or interference of your rights under the Family and Medical Leave Act ("FMLA"), as alleged in your Second Amended Complaint.

13.     All documents that reference, evidence, relate to, discuss, or support any formal or informal complaints you made to any of the Defendants (and any of the Defendants' responses thereto) alleging discrimination, harassment, retaliation, or interference of your rights under the FMLA.

14.     All documents referring to, reflecting, evidencing or commenting upon Plaintiff's physical or emotional health from January 1, 2008 through the present, including but not limited to all correspondence, opinions, reports and files from present or prior Health Care Providers, clergy, counselors, or any other professional commenting upon Plaintiff's physical or emotional health, including tests, test results, or evaluation reports for any tests taken, and statements of charges for services rendered. An Authorization for the Release of Protected Medical Health Information is attached as Exhibit A. A Psychotherapy Notes and Records Authorization is attached as Exhibit B. Please execute both authorizations and provide them to counsel for the Defendants.

15.     All documents provided to or received by any Health Care Provider in connection with this Litigation.

16.     All documents provided to or received by anyone you or your agents have consulted or retained in connection with this Litigation.

17.     All documents and communications, including any and all text messages, voice messages, video messages and/or picture messages, created, sent, or received during the Period of Employment through the present, that concern, relate to, or contain any information regarding any alleged physical or mental pain or suffering, physical or emotional state, and any stressors that Plaintiff claims caused and/or exacerbated a physical or emotional injury to Plaintiff including, but not limited to, family issues, financial issues, health issues, and others.

18.     All non-privileged documents describing and/or establishing all damages you claim to have incurred arising out of your employment relationship with any of the Defendants, or any alleged adverse employment action during that relationship, and/or any events alleged in your Second Amended Complaint, including any legal fees and costs incurred during the course of this Litigation.

19.     All documents which reflect any income, compensation, and/or earnings of any kind, any insurance payments, unemployment compensation, workers' compensation, disability benefits, annuity, pension or any other payments you received during your Period of Employment through the present.

20.     All documents that evidence or refer to your pursuit of or receipt of unemployment compensation benefits during your Period of Employment through the present, including any documents provided by you or on your behalf or received by you or on your behalf in pursuit of such benefits.

21.     All documents that reflect any efforts by you to mitigate any of the damages alleged in this Litigation, including but not limited to any efforts identified in your answers to interrogatories.

22.     All versions of your resume or curriculum vitae which you have prepared or used at any time during or after your employment with any of the Defendants.

23.     All documents that reflect, refer, or relate to any search for employment during or after your Period of Employment, including but not limited to, employment inquiries, applications, cover letters, offers of employment, rejections, communications with employment agencies, recruiters, head-hunters, job-hunting websites (including but not limited to www.monster.com, www.careerbuilders.com, and indeed.com), and interviews. In response to this request, please include any documents that reflect, refer, or relate to any search for employment at Maximus, and any documents relating to your response to Interrogatory No. 12 of Defendant Maximus, Inc.'s First Set of Interrogatories to Plaintiff.

24.     All documents that refer to, reflect or comment on employment, self-employment, or independent contract work that you have had during your Period of Employment through the present.

25.     All documents which relate or refer to any outside employment of you during your employment with any of the Defendants including, without limitation, documents relative to compensation and benefits, which were not already produced in response to other requests.

26.     All documents that relate to your income or your state, federal, and local tax returns from January 1, 2008 through the present, including but not limited to payroll records, paystubs, W-2s, 1099s, or other similar documents, copies of your local, state, and federal income tax returns, and all related schedules and working papers. Please return a fully executed copy of the IRS Request for Copy of Tax Return and Tax Records Authorization, attached as Exhibit C.

27.     All diaries, journals, logs, calendars, blogs, or other recordings of events in your life during your Period of Employment through the present, including but not limited calendars kept on your computer or mobile telephone.

28.     All documents you contend constitute or contain admissions by any of the Defendants, or anyone acting on their behalf, relevant to the allegations in the Second Amended Complaint.

29.     All pages of any social media site (*e.g.*, Facebook, Instagram, Twitter, Snapchat, LinkedIn, a blog, etc.) to which you have subscribed and/or maintained during your Period of Employment through the present that: (a) refers or relates to any of the allegations in Plaintiff's Second Amended Complaint or Defendants' Answer to the Second Amended Complaint; (b) refers or otherwise relates to Defendants and Plaintiff's employment with any of the Defendants; (c) refers or otherwise relates to Plaintiff's specific job duties performed on behalf of any of the Defendants as an employee of any of the Defendants; (d) refers to Plaintiff's emotions, feelings or mental state, including, but not limited to any statements or communications regarding being happy, sad, excited, down, frustrated, disappointed, hopeful, etc., the reason(s) for such, and any actions taken because of such emotions, feeling or mental state (e.g., speaking with a counselor, physician, friends or clergy, taking medications, throwing a party, doing something Plaintiff finds enjoyable, etc.); (e) refers or relates to events in Plaintiff's life that produced a significant emotional response or could reasonably be expected to produce a significant emotional response in a typical person, including, but not limited to, illnesses suffered by Plaintiff or family members, financial issues, work problems, legal issues, celebrations or other significant life events; (f) refers to Plaintiff's thoughts or feelings about Plaintiff's life as a whole, including by way of example only, whether Plaintiff is enjoying or not enjoying life, how Plaintiff feels about the future, etc.; (g) refers to Plaintiff's ability or inability to perform any of Plaintiff's job duties for any reason, including any statements concerning Plaintiff's ability or inability to work, Plaintiff's successes at work, problems Plaintiff has at work, conflicts with other individuals at work, and assistance Plaintiff has sought as a result of the aforementioned; and (h) refers, relates to or constitutes

communications with: (i) any current or former employee of any of the Defendants who has been identified by the parties as a potential witness in disclosures, including initial disclosures pursuant Rule 26(a)(1), and (ii) any current or former employee of any of the Defendants regarding any of the foregoing topics or other topics, events or issues referenced in Defendants' other document requests and/or interrogatories.

30.     Copies of any comments, photographs, postings, direct messages, group messages, and other activities on a blog or social networking website (such as Facebook, Twitter, Instagram, or LinkedIn) beginning on August 25, 2008. A copy of your Facebook account can be obtained by clicking the down arrow at the top right of any Facebook page and Selecting Settings. Next click on "Download a copy of your Facebook data," and then "Start My Archive." Facebook will ask you for your password. Submitting your password will cause Facebook to compile a .zip file of your account. Please send us a copy of that .zip file.

31.     All documents relating to any action by any of the Defendants that Plaintiff contends constitutes discrimination, retaliation, harassment, FMLA interference, or intentional infliction of emotional distress.

32.     All documents relating to any action by any of the Defendants that Plaintiff contends was an adverse employment action.

33.     All documents sent to or received from any agent or employee of any of the Defendants regarding the allegations alleged in the Second Amended Complaint.

34.     All documents you or your agents have submitted to any federal, state, or local government agency relating to any of the allegations in the Second Amended Complaint, including any documents or communications submitted in connection with the charge of discrimination filed with the U.S. Equal Employment Opportunity Commission (Charge No. 440-2021-02671).

35.     All documents regarding Plaintiff's educational background, including any

diplomas or certifications received.

36.     All documents relating or regarding any ethics complaint(s) you claim to have filed with Defendants, as alleged in Paragraphs 202 and 203 of the Second Amended Complaint.

37.     All documents reflecting or relating to your decision to revoke your acceptance of the Separation Agreement and Release you entered into on or about October 8, 2021.

38.     All documents you may offer into evidence or use at trial in this case.

39.     To the extent not already encompassed within any of the foregoing document requests, all documents relating to your allegations against the Defendants.

40.     To the extent not already encompassed within any of the foregoing document requests, all documents that you have received from third parties relating to your allegations against the Defendants.

Dated: July 13, 2022                         Respectfully Submitted,

                                             **MAXIMUS, INC., MAXIMUS HUMAN
                                             SERVICES, INC., AND MAXIMUS
                                             SERVICES LLC**

                                             */s/ Kathryn J. Barry*
                                             One of Its Attorneys

                                             Kathryn Montgomery Moran
                                             Kathryn J. Barry
                                             Casey J. Leech
                                             JACKSON LEWIS P.C.
                                             150 N. Michigan Avenue, Suite 2500
                                             Chicago, Illinois 60601
                                             Telephone: (312) 787-4949
                                             Fax: (312) 787-4995
                                             kathryn.moran@jacksonlewis.com
                                             kathryn.barry@jacksonlewis.com
                                             casey.leech@jacksonlewis.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on July 13, 2022 she caused a true and correct copy of the foregoing **DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** to be served via electronic mail upon the following counsel of record:

F. Anthony Dawkins
Morgan & Morgan, PA
191 Peachtree Street, NE
Suite 4200
Atlanta, GA 30303
adawkins@forthepeople.com

*/s/ Kathryn J. Barry*

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE FRANKLIN | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:21-CV-04367 |
| | ) | |
| v. | ) | Honorable Steven C. Seeger |
| | ) | |
| MAXIMUS, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| \_\_\_\_\_ | ) | |

## PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff Maurice Franklin ("Franklin" or "Plaintiff"), and pursuant to Rule 33 of the Federal Rules of Civil Procedure, supplements his responses to Defendants' First set of Interrogatories. By supplementing his response to Defendant's First Set of Interrogatories, Plaintiff does not waive any objection raised in his initial response to Defendant's First Set of Interrogatories. Plaintiff expressly reserves all rights and expressly reaffirms any objections raised in his initial responses to Defendant's Frist Set of Interrogatories.

PLAINTIFF'S RESPONSES TO DEFENDANTS' INTERROGATORIES:

## INTERROGATORY NO. 4:

For all medications prescribed to you by a Health Care Provider for any

physical or mental illness or impairment at any time during your Period of Employment through the present, state: (a) the name of the medication; (b) the general purpose of the medication; (c) the name and address of the medical provider who prescribed the medication; (d) the inclusive dates during which you were prescribed the medication; and (e) the inclusive dates during which you took the medication.

**RESPONSE:** Plaintiff supplements his previous responses to Defendants' Interrogatory No. 4 with the information attached hereto labeled as "Attachment A."

Dated: December 16, 2022    Respectfully Submitted,

            **BARRETT & FARAHANY**

            /s/ *Anthony Dawkins*
            Anthony Dawkins, J.D.
            Georgia Bar No. 157904
            Attorney for the Plaintiff

P.O. Box 530092
Atlanta, GA 30353
Direct: (470) 747-8329
Fax: (404) 214-0125
anthony@justiceatwork.com

# PLAINTIFF'S
# ATTACHMENT A

| Dates of Prescription | Name of Medication | Qty | Name of Prescriber | Address of Prescriber | Prescribed Frequency | Dates Medication Taken | General Purpose of the Medication |
|---|---|---|---|---|---|---|---|
| 10/05/2022 | Afluria Qiv Pfs 2022-23 Inj 0.5ml | 0.5 | Alul,Rushdi | 259 E Erie St Ste 1600, Chicago, IL 60611 | one dosage | Medication taken as Prescribed | an inactivated influenza vaccine indicated for active immunization against influenza disease caused by influenza A subtype viruses and type B viruses contained in the vaccine. |
| 10/04/2022 | Covid19 Moderna Updated Booster 12+ | 0.5 | Bhatia,Kaushik | 260 E Erie St Ste 1600, Chicago, IL 60611 | one dosage | Medication taken as Prescribed | NIAID vaccine is a COVID-19 vaccine authorized by FDA and recommended by the CDC for use in the US for a limited population. |
| 10/02/2022 | Omeprazole 40mg Capsules | 30 | Kahrilas,Peter | 261 E Erie St Ste 1600, Chicago, IL 60611 | Take 1 capsule by mouth daily 30 to 60 mins before breakfast | Medication taken as Prescribed | used to treat certain conditions where there is too much acid in the stomach. It is used to treat gastric and duodenal ulcers, erosive esophagitis, and gastroesophageal reflux disease (GERD). GERD is a condition where the acid in the stomach washes back up into the esophagus. |
| 05/30/2022 | Omeprazole 20mg Capsules | 30 | Chhiba,Krishan | 262 E Erie St Ste 1600, Chicago, IL 60611 | Take 1 capsule by mouth daily 30 to 60 mins before breakfast | Medication taken as Prescribed | used to treat certain conditions where there is too much acid in the stomach. It is used to treat gastric and duodenal ulcers, erosive esophagitis, and gastroesophageal reflux disease (GERD). GERD is a condition where the acid in the stomach washes back up into the esophagus. |
| 05/28/2022 | Omeprazole 40mg Capsules | 30 | Kahrilas,Peter | 263 E Erie St Ste 1600, Chicago, IL 60611 | Take 1 capsule by mouth daily 30 to 60 mins before breakfast | Medication taken as Prescribed | used to treat certain conditions where there is too much acid in the stomach. It is used to treat gastric and duodenal ulcers, erosive esophagitis, and gastroesophageal reflux disease (GERD). GERD is a condition where the acid in the stomach washes back up into the esophagus. |
| 03/24/2022 | Benzonatate 200mg Capsules | 30 | Supan,Edward | 264 E Erie St Ste 1600, Chicago, IL 60611 | As needed | Medication taken as Prescribed | medication used to try to help with the symptoms of cough and hiccups. |
| 03/24/2022 | Fluticasone 50mcg Nasal Sp (120) Rx | 16 | Supan,Edward | 265 E Erie St Ste 1600, Chicago, IL 60611 | As needed | Medication taken as Prescribed | used to treat sneezing, itchy or runny nose, or other symptoms caused by hay fever. |
| 03/24/2022 | Albuterol HFA Inh (200 Puffs) 6.7gm | 6.7 | Supan,Edward | 266 E Erie St Ste 1600, Chicago, IL 60611 | As needed | Medication taken as Prescribed | used to treat or prevent bronchospasm in patients with asthma, bronchitis, emphysema, and other lung diseases. |
| 01/24/2022 | Omeprazole 40mg Capsules | 30 | Kahrilas,Peter | 267 E Erie St Ste 1600, Chicago, IL 60611 | Take 1 capsule by mouth daily 30 to 60 mins before breakfast | Medication taken as Prescribed | used to treat certain conditions where there is too much acid in the stomach. It is used to treat gastric and duodenal ulcers, erosive esophagitis, and gastroesophageal reflux disease (GERD). GERD is a condition where the acid in the stomach washes back up into the esophagus. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 01/24/2022 | Mirtazapine 15mg Tablets | 15 | Au,Denise | 268 E Erie St Ste 1600, Chicago, IL 60611 | Take 1/2 tablet by mouth every night | Medication taken as Prescribed | used to treat depression. Mirtazapine is in a class of medications called antidepressants. It works by increasing certain types of activity in the brain to maintain mental balance. |
| 11/17/2021 | Covid19 Vac (Moderna Booster) 5ml | 0.25 | Bhatia,Kaushik | 269 E Erie St Ste 1600, Chicago, IL 60611 | one dosage | Medication taken as Prescribed | NIAID vaccine is a COVID-19 vaccine authorized by FDA and recommended by the CDC for use in the US for a limited population. |
| 11/17/2021 | Fluarix Quad Pf Inj 2021-22 0.5ml | 0.5 | Bhatia,Kaushik | 270 E Erie St Ste 1600, Chicago, IL 60611 | one dosage | Medication taken as Prescribed | used as a vaccine as a prophylaxis to Influenza |
| 10/21/2021 | Omeprazole 40mg Capsules | 30 | Kahrilas,Peter | 271 E Erie St Ste 1600, Chicago, IL 60611 | Take 1 capsule by mouth daily 30 to 60 mins before breakfast | Medication taken as Prescribed | used to treat certain conditions where there is too much acid in the stomach. It is used to treat gastric and duodenal ulcers, erosive esophagitis, and gastroesophageal reflux disease (GERD). GERD is a condition where the acid in the stomach washes back up into the esophagus. |
| 10/13/2021 | Mirtazapine 15mg Tablets | 15 | Chhiba,Krishan | 272 E Erie St Ste 1600, Chicago, IL 60611 | Take 1/2 tablet by mouth every night | Medication taken as Prescribed | used to treat depression. Mirtazapine is in a class of medications called antidepressants. It works by increasing certain types of activity in the brain to maintain mental balance. |
| 09/06/2021 | Mirtazapine 15mg Tablets | 15 | Chhiba,Krishan | 273 E Erie St Ste 1600, Chicago, IL 60611 | Take 1/2 tablet by mouth every night | Medication taken as Prescribed | used to treat depression. Mirtazapine is in a class of medications called antidepressants. It works by increasing certain types of activity in the brain to maintain mental balance. |
| 08/10/2021 | Mirtazapine 15mg Tablets | 15 | Chhiba,Krishan | 274 E Erie St Ste 1600, Chicago, IL 60611 | Take 1/2 tablet by mouth every night | Medication taken as Prescribed | used to treat depression. Mirtazapine is in a class of medications called antidepressants. It works by increasing certain types of activity in the brain to maintain mental balance. |
| 07/16/2021 | Omeprazole 40mg Capsules | 30 | Kahrilas,Peter | 275 E Erie St Ste 1600, Chicago, IL 60611 | Take 1 capsule by mouth daily 30 to 60 mins before breakfast | Medication taken as Prescribed | used to treat certain conditions where there is too much acid in the stomach. It is used to treat gastric and duodenal ulcers, erosive esophagitis, and gastroesophageal reflux disease (GERD). GERD is a condition where the acid in the stomach washes back up into the esophagus. |
| 07/16/2021 | Escitalopram 10mg Tablets | 30 | Chhiba,Krishan | 276 E Erie St Ste 1600, Chicago, IL 60611 | Take 1 capsule by mouth daily | Medication taken as Prescribed | used to treat depression and generalized anxiety disorder (GAD). It is an antidepressant that belongs to a group of medicines known as selective serotonin reuptake inhibitors (SSRIs). These medicines work by increasing the activity of the chemical serotonin in the brain |
| 07/16/2021 | Pantoprazole 40mg Tablets | 30 | Chhiba,Krishan | 277 E Erie St Ste 1600, Chicago, IL 60611 | Take 1 capsule by mouth daily | Medication taken as Prescribed | used for heartburn, acid reflux and gastro-oesophageal reflux disease (GORD) – GORD is when you keep getting acid reflux |

| 06/17/2021 | Pantoprazole 40mg Tablets | 30 | Fintel,Robin | 278 E Erie St Ste 1600, Chicago, IL 60611 | Take 1 capsule by mouth daily | Medication taken as Prescribed | used for heartburn, acid reflux and gastro-oesophageal reflux disease (GORD) – GORD is when you keep getting acid reflux |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 05/28/2021 | Omeprazole 20mg Capsules | 30 | Chhiba,Krishan | 279 E Erie St Ste 1600, Chicago, IL 60611 | Take 1 capsule by mouth daily 30 to 60 mins before breakfast | Medication taken as Prescribed | used to treat certain conditions where there is too much acid in the stomach. It is used to treat gastric and duodenal ulcers, erosive esophagitis, and gastroesophageal reflux disease (GERD). GERD is a condition where the acid in the stomach washes back up into the esophagus. |
| 05/27/2021 | Ondansetron ODT 4mg Tablets | 8 | Fintel,Robin | 280 E Erie St Ste 1600, Chicago, IL 60611 | Dissolv 1 tablet on the tongue every 6 hours for 2 days | Medication taken as Prescribed | used to treat certain conditions where there is too much acid in the stomach. It is used to treat gastric and duodenal ulcers, erosive esophagitis, and gastroesophageal reflux disease (GERD). GERD is a condition where the acid in the stomach washes back up into the esophagus. |

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE FRANKLIN | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:21-CV-04367 |
| | ) | |
| v. | ) | Honorable Steven C. Seeger |
| | ) | |
| MAXIMUS, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES TO**
**DEFENDANTS' FIRST SET OF INTERROGATORIES**

COMES NOW Plaintiff Maurice Franklin ("Franklin" or "Plaintiff"), and pursuant to Rule 33 of the Federal Rules of Civil Procedure, supplements his responses to Defendants' First set of Interrogatories. Plaintiff expressly reserves all rights under applicable laws. Further, Plaintiff incorporates by this reference all prior objections raised in prior responses to or supplements to Defendants' First Set of Interrogatories.

SUPPLEMENTED INTERROGATORIES

**INTERROGATORY NO. 2:**

Identify each and every Health Care Provider with whom you visited, consulted, or received treatment from January 1, 2008 through the present. For each Health Care Provider identified, state: (a) his or her address; (b) any institutions with

1

which he or she is presently affiliated; (c) any institutions with which he or she was associated or affiliated while treating you; (d) his or her occupation; (e) his or her area of specialization, if any; (f) the date and time of any occasion in which you consulted him or her; (g) the condition for which treatment was sought; (h) the nature of the treatment rendered; (i) the diagnosis that was rendered; (j) whether you are presently receiving treatment or consultation from such person; (k) whether you have been prescribed any medications, and if so, whether you are currently taking such medications; and (l) the cost of treatment.

**RESPONSE:** Plaintiff supplemental his prior responses to Defendants' Interrogatory No. 2 with the following information:

Plaintiff identifies the following Health Care Providers to which he visited, consulted, or received treatment from January 1, 2008, through the present:

1. Rushdi Alul, 259 E. Erie Street, Suite 1600, Chicago, IL 60611. Defendants' failed to define what it constitutes an "institution" and what "affiliation" with said institution constitutes. Plaintiff is, therefore, unable to respond to the portion of Interrogatory No. 2 requesting institutional information without Defendants clarifying what it means by "institution." According to Merriam-Webster.com, institution means, "an established organization or corporation (such as a bank or university) especially of a public character." The dictionary definition fails to offer any clarification as to what Defendants' intended meaning of "institution" might be. Dr.

2

Alul's occupation is medical doctor. His area of specialization is unknown to Plaintiff. Plaintiff did not consult with Dr. Alul. Dr. Alul did not render any diagnosis. Plaintiff is not currently receiving treatment from Dr. Alul. Dr. Alul prescribed Afluria Qiv Pfs to Plaintiff to treat acid reflux disease on October 05, 2022.

2. Kaushik Bhatia. 260 E. Erie Street, Suite 1600, Chicago, IL 60611. Performed an escophy. His area of specialization is unknown to Plaintiff. Plaintiff did not consult with Dr. Bhatia. Dr, Bhatia did not render any diagnosis to Plaintiff. Plaintiff is not currently receiving treatment form Dr. Bhatia. Dr. Bhatia prescribed Plaintiff a COVID 19 Moderna booster on October 4, 2022. Dr. Bhatia performed an endoscopy procedure on Plaintiff in or around June 2022. Dr. Bhatia's profession is medical doctor.

3. Peter Kahrilas. 261 E. Erie Street, Suite 1600, Chicago, IL 60611. Dr. Kahrilas is a gastroenterologist. His profession is medical doctor. Plaintiff did not consult with Dr. Kahrilas. Dr. Kahrilas did not render any diagnosis to Plaintiff. Plaintiff is not currently receiving treatment from Dr. Kahrilas. Dr. Kahrilas prescribed Omeprazole on October 2, 2022, May 28, 2022, January 24, 2022, October 21, 2021,  and July 16, 2021.

4. Krishan Chhiba. 262 E. Erie Street, Suite 1600, Chicago IL 60611. Dr. Chhiba is Plaintiff's primary care physician. He diagnosed Plaintiff with acid reflux disease on May 25, 2021. Plaintiff consulted with Dr. Chibba

3

on July 9, 2021 and July 16, 2021,

5. Edward Supan. 265 E. Erie Street, Suite 1600, Chicago, IL 60611. Dr. Supan was the treating physician for Plaintiff's March 24, 2022 emergency room visit for a sinus infection. Dr. Supan prescribed Benzonatate, fluticasone, and Albuterol to Plaintiff on that date. Plaintiff did not consult with Dr. Supan.

6. Denise Au. 268 E. Erie Street, Suite 1600, Chicago, IL 60611. Dr. Au is a medical doctor. She assists my primary care physician. She does not diagnos or treatment and of my impairments.

**INTERROGATORY NO. 3:**

Identify all hospitals, health care facilities, or other medical institutions to which you have were admitted from January 1, 2008 through the present, and state: (a) the reason for your stay in such hospital, health care facility, or medical institution; (b) the condition or conditions for which you were treated; (c) the diagnosis and prognosis of the physical or mental condition treated; (d) the inclusive dates of confinement of each such hospital, healthcare, or other medical institution; and (e) any and all documents relating to your response to this Interrogatory.

**RESPONSE:** Plaintiff supplements his prior responses to Interrogatory No. 3 by stating that he has not been admitted to any hospitals, health care facilities, or other medical institutions since January 1, 2008.

-

## INTERROGATORY NO. 15:

Identify all income received from whatever source, by amount each week on and after January 1, 2008. Sources of income may include, but are not limited to: income from employment or self-employment; any benefits, including but not limited to monetary and/or health, pension, disability, social security, financial aid, insurance proceeds, or profit-sharing benefits received from a government, private, or employer-sponsored plan; and any unemployment benefits, alimony, or other support.

**RESPONSE:**

Subject to and without waiver of his objection, Plaintiff supplements his response to Interrogatory No. 15 as follows:

From January 1, 2008 until October 2021, Plaintiff's earned his income exclusively from his employment with Defendants. All income received by Plaintiff during that period was from Defendants or their subsidiary organizations, paid on a schedule and frequency determined by Defendants, and paid in amounts determined by Defendants. Plaintiff neither has knowledge of nor does Plaintiff maintain access to sources that may contain compensation paid by Defendants to Plaintiff by week during his employment. Defendants continuously maintain access to and possession of the documents and information requested by Interrogatory No. 15.

In addition, Plaintiff receives income from TheFranklinReeseGroup, LLC in November 2021 in the amount of $3,400.00 each month beginning in November 2022 to present.

In addition, effective October 13, 2021, Plaintiff received weekly payments of $1,357.00 from the State of California Employment Development Department. He received those payments each week until those payments ceased on October 05, 2022.

On or about October 21, 2021, Plaintiff received income in the amount of $15,858.35 from MetLife by and through his short term disability insurance policy. That payment was compensation to Plaintiff for short term disability from July 8, 2021 - October 13, 2021.

On or about March 4, 2022, Plaintiff received income in the amount of $191.80 from MetLife for a claim he made through Defendants' long term disability benefits. That payment was compensation to Plaintiff for long term disability benefits from July 12, 2021 - March 3, 2022.

**INTERROGATORY NO. 16:**

Identify, by case name, court, and docket number, each and every criminal proceeding, administrative proceeding (including but not limited to any application for Social Security disability benefits and any charges of discrimination), bankruptcy proceeding, and civil suit in which you have been involved, and state the current status or final disposition of the proceeding. Also, with respect to each judicial or

administrative complaint or charge that you have instituted against any person, and each judicial or administrative complaint to which you have been a party, state the index, docket, complaint, charge, or other identification number or designation, and state the current status or final disposition of the proceeding.

**RESPONSE:**

Subject to and without waiver of Plaintiff's objection to Interrogatory No. 16, Plaintiff supplements his prior responses to Interrogatory No. 16 with the following information:

People of the State of Illinois v. Maurice Franklin, Case No. 08500049801 in the Circuit Court of Cook County. Plaintiff was charged with battery on January 25, 2008, and was found NOT guilty on August 20, 2008.

People of the State of Illinois v. Maurice Franklin, Case No. 04CR1070501 in the Circuit Court of Cook County. Plaintiff was charged with two counts of aggravated unlawful use of a weapon, and a single count of aggravated unlawful use of a weapon on person. Plaintiff's charges were reduced to misdemeanors to which he pled guilty. He was assessed fines in the amount of $619.00 on June 10, 2005. Plaintiff satisfied his obligations to the court of July 11, 2005.

People of the State of Illinois v. Maurice Franklin, Case No. 04112081801 in the Circuit Court of Cook County. Plaintiff was charged with unlawful use of a weapon - public street.

**INTERROGATORY NO. 17:**

State whether you have been charged with or convicted of any crimes during the last ten (10) years, and with respect to each, state: (a) the date or approximate date of the charge and/or conviction(s); (b) the crime(s) for which you were charged and/or convicted; and (c) the case number(s), court name(s) and address of the court(s) in which you were charged or convicted.

**RESPONSE:**

Plaintiff supplements his prior responses to Interrogatory No. 17 by stating

that he was not charged with or convicted of any crimes during the last 10 years.

Dated: December 20, 2022                    Respectfully Submitted,

                                            **BARRETT & FARAHANY**

                                            /s/ *Anthony Dawkins*
                                            Anthony Dawkins, J.D.
                                            Georgia Bar No. 157904
                                            Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA  30353
Direct: (470) 747-8329
Fax: (404) 214-0125
anthony@justiceatwork.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE FRANKLIN,<br><br>    Plaintiff,<br><br>v.<br><br>MAXIMUS, INC., MAXIMUS<br>HUMAN SERVICES, INC., AND<br>MAXIMUS SERVICES LLC,<br><br>    Defendants. | Civil Action No.<br>21-cv-04367 |

## **VERIFICATION**

I, Maurice Franklin, hereby declare, under penalty of perjury, that the information contained in *Plaintiff's Third Supplemental Responses to Defendants' First Set of Interrogatories* is true and correct to the best of my knowledge. I am over the age of eighteen (18) years of age and competent to make this statement under oath.

Date: December 20, 2022

Maurice Franklin (Dec 20, 2022 15:57 CST)

Maurice Franklin,
Plaintiff

# EXHIBIT E

# JacksonLewis

**Jackson Lewis P.C.**
58 South Service Road, Suite 250
Melville, NY 11747
(631) 247-0404 | Main
jacksonlewis.com

MY DIRECT DIAL IS: (631) 247-4612
MY EMAIL ADDRESS IS: KATHRYN.BARRY@JACKSONLEWIS.COM

January 6, 2023

**VIA ELECTRONIC MAIL**

F. Anthony Dawkins
Barrett & Farahany
1175 Northmeadow Pkwy #140
Roswell, GA 30076
anthony@justiceatwork.com

Re:    *Maurice Franklin v. Maximus, Inc., et al.*
<u>Defendants' Rule 37 Correspondence</u>

Dear Mr. Dawkins:

We write to address several deficiencies in Plaintiff Maurice Franklin's Second Supplemental Responses to Defendants' Request for Production ("Supplemental Document Responses"); Second Supplemental Responses to Defendants' First Set of Interrogatories ("Second Supplemental Interrogatory Responses") and Third Supplemental Responses to Defendants' First Set of Interrogatories") ("Third Supplemental Interrogatory Responses" and, together with the Second Supplemental Interrogatory Responses, the "Supplemental Interrogatory Responses").[1] Pursuant to Rule 37 of the Federal Rules of Civil Procedure, this letter summarizes our concerns with Plaintiff's still-deficient discovery responses, with the hope that we may reach agreement on these issues and avoid further Court intervention. Defendants reserve the right to object to any additional deficiencies in Plaintiff's discovery responses, document production, and Rule 26(a) disclosures that are not identified in this correspondence.

**Failure to Identify Responsive Documents**

The Court ordered that "producing documents without identifying the request for production or interrogatory to which those documents are intended to be responsive is improper int his case." Despite this, you have not supplemented your prior document responses with this information, nor do your Supplemental Document Responses adequately identify which documents are responsive to which request. *See, e.g.,* Supplemental Document Response No. 18 "These documents shall be found in Plaintiff's Second Supplemental Production, bates number [blank]").

---

[1] The Supplemental Document Responses were served on December 12, 2022, the Second Supplemental Interrogatory Responses were served on December 16, 2022, and the Third Supplemental Interrogatory Responses were served on December 19, 2022.

# JacksonLewis

**Unanswered Document Requests and Interrogatories**

To date, you have not provided responses to Document Request Nos. 4, 15, 16, 17, 21, 22, 34 or 37. Nor have you provided a response to Interrogatory Nos. 11. Per the Court's Order, you were to do so by December 15, 2022.

**Incomplete Responses**

***Document Request No. 19***

Document Request No. 19 sought "[a]ll documents which reflect any income, compensation, and/or earnings of any kind, any insurance payments, unemployment compensation, workers' compensation, disability benefits, annuity, pension, or any other payments you received during your Period of Employment through the present." Judge Gilbert ordered you produce documents responsive to this request, as modified to the time period of January 1, 2021 through the present, on or before December 15, 2022. In your Supplemental Document Responses, Plaintiff stated that he "supplements his prior responses to [Document Request No. 19] by producing the documents in Plaintiff's Second Supplemental Production, bates numbers 001016-001067; 001085-001091; 001095-001110."

The documents produced are incomplete. While Plaintiff states, in his Third Supplemental Interrogatory Responses, that he "receives income from TheFranklinReeseGroup, LLC in November 2021 in the amount of $3,400.00 each month beginning in November 2022 to present." There are no documents demonstrating these payments, nor can Defendants rely on the Interrogatory response alone (which is itself inconsistent, both internally and with prior interrogatory responses). If Plaintiff has been receiving regular payments from the Company he founded and for which he is the registered owner, he presumably has documents regarding these payments in his possession.

Moreover, the documents Plaintiff did produce demonstrate both that his existing production is deficient. The tax documents provided by Plaintiff establish that he received various payment card and third-party network transactions, totaling $21,510.00 in 2021. No documents regarding these payments have been provided. Moreover, and more concerning, Plaintiff's 2021 Wage and Income Transcript indicates he was paid $28,833.00, for which he received a Form 1099-NEC (Non-Employee Compensation), from an entity identified as: "Federal ID No.:XXXXX7679 GREE, 201 NE". We believe these were payments from GreenCourt Legal Technologies LLC (TIN: 46-5027679; 201 Newnan Street, Carrollton, GA 30117-3122). No documents regarding these payments were produced, nor were they disclosed in Plaintiff's Interrogatory Responses. The only documents produced regarding Plaintiff's apparent work for GreenCourt Legal Technologies LLC is the email chain and PowerPoint slides (001068-001084).

Likewise, while you state that Plaintiff received $15,858.35 from MetLife with regard to a short-term disability claim he filed on July 2, 2021, you have not provided any documents regarding that claim, including documents substantiating when such payments were made. The

## JacksonLewis

F. Anthony Dawkins
*Maurice Franklin v. Maximus, Inc., et al.*
January 6, 2023
Page 3

only information you provided was regarding Claim No. 742110201957—his long-term disability claim. Please supplement accordingly.

### Document Request No. 24

Document Request No. 24 sought "[a]ll documents that refer to, reflect or comment on employment, self-employment, or independent contract work that you have had during your Period of Employment through the present." In response, you produced a single email thread and PowerPoint presentation with GreenCourt Legal Technologies. We understand Plaintiff incorporated his own entity, for which is listed as the sole owner. No documents regarding this were produced. Please supplement accordingly.

### Interrogatory No. 4

Interrogatory No. 4 sought information about prescription medication taken during Plaintiff's Period of Employment and thereafter. Your responses only include medication taken after 2021. The request is for medication prescribed during your period of employment through the present. We presume this may be incomplete.

### Interrogatory No. 15

Interrogatory No. 15, as modified by the Court, required Plaintiff to identify all income received from whatever source since January 1, 2021. While Plaintiff identified certain sources of income, as noted above his 2021 Wage and Income Statement indicates this was incomplete.

\*        \*        \*        \*

We are available to meet and confer to discuss the deficiencies discussed above at your convenience. Otherwise, we request that you address these deficiencies and supplement your responses to Defendants' interrogatories and document requests immediately so that we may proceed with Plaintiff's deposition. We are available on January 9 and 10 to discuss. We look forward to hearing from you.

Very truly yours,

JACKSON LEWIS P.C.

/s/ *Kathryn J. Barry*
Kathryn J. Barry

cc:    J. Casey Leech

4875-7203-9239, v. 1

# EXHIBIT F



Thursday, January 12, 2023

*VIA EMAIL ONLY*
Kathryn Barry
Jackson Lewis P.C.
58 South Service Road, Suite 250
Melville, NY 11747
kathryn.barry@jacksonlewis.com

Re:   *Maurice Franklin v. Maximus, Inc.* et al.
      Plaintiff's to Defendants' Rule 37 Correspondence

Dear Ms. Barry:

This letter is in response to your January 6, 2023 letter regarding Plaintiff Maurice Franklin's responses Defendants' interrogatories and request for production of documents. *Plaintiff's Third Supplemental Responses to Defendants' First Set of Request for Production of Documents* have been served upon Defendants contemporaneously with this communication. Plaintiff's *Third Supplemental* corrects Plaintiff's prior omission of information identifying which documents we produced in response to which request for production. In addition, Plaintiff's *Third Supplemental* also responds Defendants' Document Requests No. 4, 15, 16, 17, 21, 22, 34, and 37.

Concerning Document Request No. 19, Plaintiff supplemented his response in his *Third Supplemental Responses* to provide the documents in his possession that reflect the income he receives from TheFranklinReeseGroup, LLC. Your letter raised concern with sums identified in Plaintiff's tax records – $21,510.00 and $28,833.00. Neither sum was income to Plaintiff. His tax records do not represent those sums as income to him. Plaintiff is under no obligation to respond to Defendants' unsupported claims about his income. Plaintiff has produced the documents in his possession requested by Document Request No. 19. Finally, with respect to MetLife, Plaintiff has provided all documents in his possession concerning that claim.

Document Request No. 24 is limited to "[a]ll documents that refer to, reflect or comment on employment, self-employment, or independent contract work." Plaintiff has produced all documents that make such a reference, reflection, or comment. Should Plaintiff identify any additional documents, he will supplement his responses to Document Request No. 24.

Plaintiff's response to Interrogatory No. 4 was complete. Therefore, Plaintiff has no additional information to provide in response to Interrogatory No. 4.

Finally, concerning Interrogatory No. 15, Plaintiff contends that he has fully answered Interrogatory No. 15. Plaintiff disputes Defendants' assessment of his tax records and their characterization of the sums you referenced in your letter. Those sums are not income, were not treated as income in his taxes, and were never considered income.

**Carrier Mail and Packages:** 1175 Northmeadow Pkwy #140
MSC: 530092, Roswell, GA 30076
**Regular Mail:** P.O. Box 530092
Atlanta, GA 30353-0092

**Offices in GA and AL**
Main GA: (404) 214-0120 | Main AL: (205) 564-9005
Fax: (404) 214-0125 | Referrals: (404) 487-0912
www.JusticeAtWork.com

Finally, Defendants have yet to satisfy Plaintiff's outstanding Document Request. Please advise when Plaintiff can anticipate Defendant's full and complete responses.

Kind warmest regards,

Anthony Dawkins, J.D.
Attorney for Maurice Franklin.
Direct: (470) 747-8329
anthony@justiceatwork.com

FAD/yd

# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE FRANKLIN | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:21-CV-04367 |
| | ) | |
| v. | ) | Honorable Steven C. Seeger |
| | ) | |
| MAXIMUS, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

<u>PLAINTIFF'S FIFTH SUPPLEMENTAL RESPONSES TO
DEFENDANTS' FIRST SET OF INTERROGATORIES</u>

COMES NOW Plaintiff Maurice Franklin ("Franklin" or "Plaintiff"), and pursuant to Rule 33 of the Federal Rules of Civil Procedure, supplements his responses to Defendants' First set of Interrogatories. By supplementing his response to Defendant's First Set of Interrogatories, Plaintiff does not intend nor does he represent to waive any objection raised in his initial responses to Defendant's First Set of Interrogatories. Plaintiff expressly reserves all rights afforded to him and expressly reaffirms any objections raised in his initial responses to Defendant's Frist Set of Interrogatories.

PLAINTIFF'S SUPPLEMENTED RESPONSES TO
DEFENDANTS'INTERROGATORIES:

**<u>INTERROGATORY NO. 11:</u>**

1

With respect to each audio recording you produced in connection with this Litigation on May 24, 2022, identify: (a) when this audio recording was made; (b) the individuals whose voices are heard on the audio recording; (c) any individuals who witnessed and/or participated in the conversation recorded whose voices cannot be heard; (d) how the audio recording was made, including the device the captured the recording and any applications used to capture the recording; (e) who made the recording; (f) Plaintiff's physical location at the time of the recording; (g) the physical location of any witnesses and/or participants to the conversation being recorded; and (h) any documents which support your answer to this Interrogatory.

**SUPPLEMENTAL RESPONSE:**

Without waiver of Plaintiff's prior objection to Interrogatory No. 11, Plaintiff supplements with the statements in the document attached hereto and labeled at Plaintiff's Attachment B, Maurice Franklin Production numbers 002115 – 002126.

Dated: January 20, 2023         Respectfully Submitted,

                                   **BARRETT & FARAHANY**

                                  /s/ *Anthony Dawkins*
                                  Anthony Dawkins, J.D.
                                  Georgia Bar No. 157904
                                  Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
Direct: (470) 747-8329
Fax: (404) 214-0125

anthony@justiceatwork.com

PLAINTIFF'S

# ATTACHMENT B

Plaintiff's Supplemental Response to Defendant's Interrogatory 11:

| Name | Column1 | When Recording Made | Voices Heard | Witnesses to Convo not Heard | Device Capturing Records/Apps Used to Recon | Who Made Recording | Plaintiffs Physical Location | Physical Location of Participants | Documents to Support |
|---|---|---|---|---|---|---|---|---|---|
| 000000000001?mp.M4A | The statements made this row are related to and concerning 000000000001?mp.M4A | After reviewing all sources of information available to him, Plaintiff is unable to determine the creation/recording date of 000000000001?mp.M4A | Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 000000001mp.m4a | The statements made this row are related to and concerning 000000001mp.m4a | To the best of Plaintiff's knowledge, the recording was made on 01/28/2022 | Maurice Franklin, Jackie Lyndon | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff believes that the participants in this recording were physically present in the State of Illinois at the time of the recording. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 0000000018mp.m4a | The statements made this row are related to and concerning 0000000018mp.m4a | To the best of Plaintiff's knowledge, the recording was made on 03/19/2021 | Maurice Franklin, Kathleen Kerr | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 0000000114mp.m4a | The statements made this row are related to and concerning 0000000114mp.m4a | To the best of Plaintiff's knowledge, the recording was made on 05/01/2020 | Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 0000000116mp.mp3 | The statements made this row are related to and concerning 0000000116mp.mp3 | To the best of Plaintiff's knowledge, the recording was made on 05/01/2022 | Maurice Franklin, Jackie Lyndon | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 000000004mp.m4a | The statements made this row are related to and concerning 000000004mp.m4a | To the best of Plaintiff's knowledge, the recording was made on 10/02/2020 | Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 000000010mp.m4a | The statements made this row are related to and concerning 000000010mp.m4a | To the best of Plaintiff's knowledge, the recording was made on 11/01/2021 | Maurice Franklin, Colleen Mathias | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 000000010mp.m4a | The statements made this row are related to and concerning 000000010mp.m4a | To the best of Plaintiff's knowledge, the recording was made on 11/01/2022 | Maurice Franklin, Colleen Mathias | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 000000013mp.m4a | The statements made this row are related to and concerning 000000013mp.m4a | To the best of Plaintiff's knowledge, the recording was made on 11/01/2020 | Maurice Franklin, Colleen Mathias | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 000000019mp.m4a | The statements made this row are related to and concerning 000000019mp.m4a | To the best of Plaintiff's knowledge, the recording was made on 01/05/2022 | Maurice Franklin, Dennis Seeley | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 000000006mp.m4a | The statements made this row are related to and concerning 000000006mp.m4a | To the best of Plaintiff's knowledge, the recording was made on 09/21/2018 | Maurice Franklin, Alex Martin | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 000000007mp.m4a | The statements made this row are related to and concerning 000000007mp.m4a | To the best of Plaintiff's knowledge, the recording was made on 07/25/2018 | Maurice Franklin, Alex Martin | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of his knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 000000011mp.m4a | The statements made this row are related to and concerning 000000011mp.m4a | To the best of Plaintiff's knowledge, the recording was made on 10/01/2020 | Maurice Franklin, Colleen Mathias | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of his knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 000000009mp.M4A | The statements made this row are related to and concerning 000000009mp.M4A | To the best of Plaintiff's knowledge, the recording was made on 06/25/2020 | Laura Rosenak, Maurice Franklin, Isadora Huntley, Colleen Duke, CPUC Lifeline Leadership | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20181024 122302.m4a | The statements made this row are related to and concerning 20181024 122302.m4a | To the best of Plaintiff's knowledge, the recording was made on 10/24/2018 | Maurice Franklin, Daniel Goodwin, Jonathan Rios, Sole IT Ledership staff. | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20181026 101710-1d531859 (6).m4a | The statements made this row are related to and concerning 20181026 101710-1d531859 (6).m4a | To the best of Plaintiff's knowledge, the recording was made on 10/26/2018 | Maurice Franklin, Sole IT Manager | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20181026 130615-95a831a1 (7).m4a | The statements made this row are related to and concerning 20181026 130615-95a831a1 (7).m4a | To the best of Plaintiff's knowledge, the recording was made on 10/31/2018 | Maurice Franklin, Sole IT Staff, Gina Turner, Maximus Staff | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20181031 120215-57df9b30 (8).m4a | The statements made this row are related to and concerning 20181031 120215-57df9b30 (8).m4a | To the best of Plaintiff's knowledge, the recording was made on 10/31/2018 | Maurice Franklin, Gina Turner, CPUC Leadership Staff, | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20181031 123418-E9554dd9 (9).m4a | The statements made this row are related to and concerning 20181031 123418-E9554dd9 (9).m4a | To the best of Plaintiff's knowledge, the recording was made on 10/31/2018 | Maurice Franklin, Tara Cotton, Jackie 7, Gina Turner, CPUC Leadership Team, Sole IT Team | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20181109 113248-C3efc041 (10).m4a | The statements made this row are related to and concerning 20181109 113248-C3efc041 (10).m4a | To the best of Plaintiff's knowledge, the recording was made on 11/09/2018 | Colleen Duke, CPUC Leadership staff, Maurice Franklin, Gina Turner, Dan Goodwin. | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff believes that the participants in this recording were physically present in the State of California at the time of the recording. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |

| Filename | Statement | Recording date | Participants | Witnesses | Device | Recorder | Physical location | Participant location | Documents |
|---|---|---|---|---|---|---|---|---|---|
| 20181114 113217 15d20b23 (11).m4a | The statements made this row are related to and concerning 20181114 113217 15d20b23 (11).m4a | To the best of Plaintiff's knowledge, the recording was made on 11/14/2018 | Gina Turner, Maurice Franklin, CPUC Leadership Staff, others | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine this physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20181115 150501 c04d6ae8 (12).m4a | The statements made this row are related to and concerning 20181115 150501 c04d6ae8 (12).m4a | To the best of Plaintiff's knowledge, the recording was made on 11/15/2018 | Maurice Franklin, Gina Turner, Solis IT Manager, Jonathan Ross, Dan Goodwin, others | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine this physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20181128 171643.m4a | The statements made this row are related to and concerning 20181128 171643.m4a | To the best of Plaintiff's knowledge, the recording was made on 11/28/2018 | Maurice Franklin, CPUC Leadership staff, Laura Rosenak, Gina Turner, | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine this physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20181130 140057 90cf5fa7 (13).m4a | The statements made this row are related to and concerning 20181130 140057 90cf5fa7 (13).m4a | To the best of Plaintiff's knowledge, the recording was made on 11/30/2018 | Maurice Franklin, Gina Turner, Robert Tuller, Dan Goodwin, Jackie Gaede, Solis IT Leadership staff, | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine this physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20181130 150527 8a363276 (14).m4a | The statements made this row are related to and concerning 20181130 150527 8a363276 (14).m4a | To the best of Plaintiff's knowledge, the recording was made on 11/30/2018 | Maurice Franklin, Solis IT Manager | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine this physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20190111 100517 7efbcd56 (16).m4a | The statements made this row are related to and concerning 20190111 100517 7efbcd56 (16).m4a | To the best of Plaintiff's knowledge, the recording was made on 01/11/2019 | Maurice Franklin, Solis IT Staff, Chris Debek, Dan Goodwin, Colleen Duke, others | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine this physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20190227 080106 01fecd9f (17).m4a | The statements made this row are related to and concerning 20190227 080106 01fecd9f (17).m4a | To the best of Plaintiff's knowledge, the recording was made on 02/27/2019 | Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine this physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20190228 150126 0a89d37d (18).m4a | The statements made this row are related to and concerning 20190228 150126 0a89d37d (18).m4a | To the best of Plaintiff's knowledge, the recording was made on 02/28/2019 | Maurice Franklin, Jonathan Ross, Dan Goodwin, LifeLine Interviewee | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine this physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20190304 120220 850a3aa4 (19).m4a | The statements made this row are related to and concerning 20190304 120220 850a3aa4 (19).m4a | To the best of Plaintiff's knowledge, the recording was made on 03/04/2019 | Bruce Caswell, Laura Rosenak, Rick Neudeaux(?), Kathleen Kerr, Maurice Franklin, Gina Turner, Colleen Duke, Jonathan Ross, P Fish, Ilene Baylinson, others | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine this physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20190306 171206 9da3a4b0 (20).m4a | The statements made this row are related to and concerning 20190306 171206 9da3a4b0 (20).m4a | To the best of Plaintiff's knowledge, the recording was made on 03/06/2019 | Jonathan Ross, Gina Turner, Dan Goodwin, Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine this physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20190307 170549 6f8123ff (21).m4a | The statements made this row are related to and concerning 20190307 170549 6f8123ff (21).m4a | To the best of Plaintiff's knowledge, the recording was made on 03/07/2019 | Jonathan Ross, Gina Turner, Dan Goodwin, Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine this physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20190314 093010.m4a | The statements made this row are related to and concerning 20190314 093010.m4a | To the best of Plaintiff's knowledge, the recording was made on 03/14/2019 | Jonathan Ross, Gina Turner, Dan Goodwin, Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine this physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20190319 150532 2420dc6d (22).m4a | The statements made this row are related to and concerning 20190319 150532 2420dc6d (22).m4a | To the best of Plaintiff's knowledge, the recording was made on 03/19/2019 | CPUC Leadership, Maurice Franklin, Gina Turner, unknow attendees on phone | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine this physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20190322 191241.m4a | The statements made this row are related to and concerning 20190322 191241.m4a | To the best of Plaintiff's knowledge, the recording was made on 03/22/2019 | unknown | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine this physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20190405 141435.m4a | The statements made this row are related to and concerning 20190405 141435.m4a | To the best of Plaintiff's knowledge, the recording was made on 04/05/2019 | unknown | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine this physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20190408 100144 50bc5fc1 (25).m4a | The statements made this row are related to and concerning 20190408 100144 50bc5fc1 (25).m4a | To the best of Plaintiff's knowledge, the recording was made on 04/08/2019 | Kim Colbeck, Maurice Franklin | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine this physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20190415 112903.m4a | The statements made this row are related to and concerning 20190415 112903.m4a | To the best of Plaintiff's knowledge, the recording was made on 04/15/2019 | Maurice Franklin | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine this physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20190627 132648 730c94da (26).m4a | The statements made this row are related to and concerning 20190627 132648 730c94da (26).m4a | To the best of Plaintiff's knowledge, the recording was made on 06/27/2019 | Dana Alfred, Maurice Franklin | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine this physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20190718 074744 83c9e51d (27).m4a | The statements made this row are related to and concerning 20190718 074744 83c9e51d (27).m4a | To the best of Plaintiff's knowledge, the recording was made on 07/18/2019 | Patcia ? - Voicemail | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine this physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20190911 081226 497dcb9a (28).m4a | The statements made this row are related to and concerning 20190911 081226 497dcb9a (28).m4a | To the best of Plaintiff's knowledge, the recording was made on 09/11/2019 | Maurice Franklin & unknow | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine this physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |

| Filename | Statement | Recording date | Participants | Witnesses | Device | Recording maker | Physical location | Participant location | Documents |
|---|---|---|---|---|---|---|---|---|---|
| 20190911 082815-A5b407ce (29).m4a | The statements made this row are related to and concerning 20190911 082815-A5b407ce (29).m4a | To the best of Plaintiff's knowledge, the recording was made on 09/11/2019 | Maurice Franklin & unknow | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20190913 103432.m4a | The statements made this row are related to and concerning 20190913 103432.m4a | To the best of Plaintiff's knowledge, the recording was made on 09/13/2019 | Genevieve Shiroma, Commissioner & others unknown, Colleen Duke | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 2019-09-25 2022=2022fri.mp3 | The statements made this row are related to and concerning 2019-09-25 2022=2022fri.mp3 | To the best of Plaintiff's knowledge, the recording was made on 09/25/2019 | Maurice Franklin & Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 2019-09-25 Rosenak+Franklin.mp3 | The statements made this row are related to and concerning 2019-09-25 Rosenak+Franklin.mp3 | To the best of Plaintiff's knowledge, the recording was made on 09/25/2019 | Maurice Franklin & Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20191004 113820-98694176 (30).m4a | The statements made this row are related to and concerning 20191004 113820-98694176 (30).m4a | To the best of Plaintiff's knowledge, the recording was made on 10/04/2019 | Maurice Franklin, Partin 7 - Michigan client | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20191014 135959-585dcc6c (31).m4a | The statements made this row are related to and concerning 20191014 135959-585dcc6c (31).m4a | To the best of Plaintiff's knowledge, the recording was made on 10/14/2019 | Maurice Franklin, Arkasas department of labor staff, Rita Holden | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20191016 105829.m4a | The statements made this row are related to and concerning 20191016 105829.m4a | To the best of Plaintiff's knowledge, the recording was made on 10/16/2019 | Maurice Franklin, conference participants | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of Plaintiff's knowledge and belief, Plaintiff was physically located in the State of Georgia at the time recording in this row was made. | Plaintiff believes the participants to this recording were physically present in the State of Georgia at the time of this recording. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20191029 090711.m4a | The statements made this row are related to and concerning 20191029 090711.m4a | To the best of Plaintiff's knowledge, the recording was made on 10/29/2019 | Latonia Jennings, Andre Price, Maurice Franklin | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of Plaintiff's knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff believes the participants to this recording were physically present in the State of Illinois at the time of the recording. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20191105 113239.m4a | The statements made this row are related to and concerning 20191105 113239.m4a | To the best of Plaintiff's knowledge, the recording was made on 11/05/2019 | noone | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20191105 113736-9d7a546a (33).m4a | The statements made this row are related to and concerning 20191105 113736-9d7a546a (33).m4a | To the best of Plaintiff's knowledge, the recording was made on 11/05/2019 | Robin LaFrance, Ilene Baylinson, Maurice Franklin, Mike Casady | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20191203 095746.m4a | The statements made this row are related to and concerning 20191203 095746.m4a | To the best of Plaintiff's knowledge, the recording was made on 12/03/2019 | Maurice Franklin, others unknown | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20191211 101839.m4a | The statements made this row are related to and concerning 20191211 101839.m4a | To the best of Plaintiff's knowledge, the recording was made on 12/11/2019 | Maurice Franklin, Kelly Blashke | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200103 091146-8298caa9 (36).m4a | The statements made this row are related to and concerning 20200103 091146-8298caa9 (36).m4a | To the best of Plaintiff's knowledge, the recording was made on 01/03/2020 | Maurice Franklin & Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200111 123950-E8b7b416 (38).m4a | The statements made this row are related to and concerning 20200111 123950-E8b7b416 (38).m4a | To the best of Plaintiff's knowledge, the recording was made on 01/11/2020 | noone | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200121 110525-0c4af3d4 (40).m4a | The statements made this row are related to and concerning 20200121 110525-0c4af3d4 (40).m4a | To the best of Plaintiff's knowledge, the recording was made on 01/21/2020 | Maurice Franklin & Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200130 153156.m4a | The statements made this row are related to and concerning 20200130 153156.m4a | To the best of Plaintiff's knowledge, the recording was made on 01/30/2020 | Maurice Franklin, Laura Rosenak, Peter Baylinson, Colleen Mathis, and Kelly Boerner | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200203 100105-437cfb3d (41).m4a | The statements made this row are related to and concerning 20200203 100105-437cfb3d (41).m4a | To the best of Plaintiff's knowledge, the recording was made on 02/03/2020 | Maurice Franklin & Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200206 085054-A251a6e8 (42).m4a | The statements made this row are related to and concerning 20200206 085054-A251a6e8 (42).m4a | To the best of Plaintiff's knowledge, the recording was made on 02/06/2020 | unknown speaker | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of his knowledge and belief, Plaintiff was physically located in Washington, D.C. at the time the recording in this row was made. | To the best of Plaintiff's knowledge and belief, the other participants heard in this recording were in Washington, DC at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200219 071248.m4a | The statements made this row are related to and concerning 20200219 071248.m4a | To the best of Plaintiff's knowledge, the recording was made on 02/19/2020 | Maurice Franklin | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200219 071334.m4a | The statements made this row are related to and concerning 20200219 071334.m4a | To the best of Plaintiff's knowledge, the recording was made on 02/19/2020 | Maurice Franklin | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |

| File | Statement | Recording Date | Names | Objection 1 | Objection 2 | Objection 3 | Objection 4 | Objection 5 | Objection 6 |
|---|---|---|---|---|---|---|---|---|---|
| 20200229 075110-A7806Aeb (43).m4a | The statements made this row are related to and concerning 20200229 075110-A7806Aeb (43).m4a | To the best of Plaintiff's knowledge, the recording was made on 02/19/2020 | Maurice Franklin, Laura Rosenak, Peter Baylinson, Colleen Mathis, and Kelly Boerner | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of his knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, Plaintiff made the recording in and returned to Defendants. | To the best of Plaintiff's knowledge and belief, Plaintiff was physically located in the State of Louisiana at the time the recording in this row was made. | To the best of Plaintiff's knowledge and belief, the other participants heard in this recording were in the State of Louisiana at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. | |
| 20200227 080006.m4a | The statements made this row are related to and concerning 20200227 080006.m4a | To the best of Plaintiff's knowledge, the recording was made on 02/27/2020 | Laura Rosenak & Maurice Franklin | | To the best of his knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, Plaintiff made the recording in and returned to Defendants. | To the best of Plaintiff's knowledge and belief, Plaintiff was physically located in the State of California at the time the recording in this row was made. | To the best of Plaintiff's knowledge and belief, the other participants heard in this recording were in the State of California at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. | |
| 20200305 144230-3fc598d5 (44).m4a | The statements made this row are related to and concerning 20200305 144230-3fc598d5 (44).m4a | To the best of Plaintiff's knowledge, the recording was made on 03/05/2020 | Laura Rosenak & Maurice Franklin | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of his knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, Plaintiff made the recording in and returned to Defendants. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. | |
| 20200330 100034-3752cc99 (45).m4a | The statements made this row are related to and concerning 20200330 100034-3752cc99 (45).m4a | To the best of Plaintiff's knowledge, the recording was made on 03/30/2020 | Laura Rosenak & Maurice Franklin | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of his knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, Plaintiff made the recording in and returned to Defendants. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. | |
| 20200330 110151.m4a | The statements made this row are related to and concerning 20200330 110151.m4a | To the best of Plaintiff's knowledge, the recording was made on 03/30/2020 | Maurice Franklin, Dawn Perino, Andre Price, | | To the best of his knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, Plaintiff made the recording in and returned to Defendants. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. | |
| 20200413 162744-C24ec3fa (46).m4a | The statements made this row are related to and concerning 20200413 162744-C24ec3fa (46).m4a | To the best of Plaintiff's knowledge, the recording was made on 04/13/2020 | Bruce Perkins, Ilene Baylinson, others | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of his knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, Plaintiff made the recording in and returned to Defendants. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. | |
| 20200417 132144-Fd163ab8 (47).m4a | The statements made this row are related to and concerning 20200417 132144-Fd163ab8 (47).m4a | To the best of Plaintiff's knowledge, the recording was made on 04/17/2020 | noone | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of his knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, Plaintiff made the recording in and returned to Defendants. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. | |
| 20200417 135012-971db108 (48).m4a | The statements made this row are related to and concerning 20200417 135012-971db108 (48).m4a | To the best of Plaintiff's knowledge, the recording was made on 04/17/2020 | Laura Rosenak & Maurice Franklin | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of his knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, Plaintiff made the recording in and returned to Defendants. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. | |
| 20200417 141620-83b923c4 (49).m4a | The statements made this row are related to and concerning 20200417 141620-83b923c4 (49).m4a | To the best of Plaintiff's knowledge, the recording was made on 04/17/2020 | Laura Rosenak & Maurice Franklin | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of his knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, Plaintiff made the recording in and returned to Defendants. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. | |
| 20200421 133148-Ecf74082 (50).m4a | The statements made this row are related to and concerning 20200421 133148-Ecf74082 (50).m4a | To the best of Plaintiff's knowledge, the recording was made on 04/21/2020 | Daniel Blitz and others | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of his knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, Plaintiff made the recording in and returned to Defendants. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. | |
| 20200422 080326-65c721da (51).m4a | The statements made this row are related to and concerning 20200422 080326-65c721da (51).m4a | To the best of Plaintiff's knowledge, the recording was made on 04/22/2020 | Department of Labor, Laura Rosenak, Maurice Franklin | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of his knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, Plaintiff made the recording in and returned to Defendants. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. | |
| 20200423 115323-88cca875 (52).m4a | The statements made this row are related to and concerning 20200423 115323-88cca875 (52).m4a | To the best of Plaintiff's knowledge, the recording was made on 04/23/2020 | Kip, Peter Baylinson, Maurice Franklin, Curtis Briggs | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of his knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, Plaintiff made the recording in and returned to Defendants. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. | |
| 20200423 173624-C5f7a78e (53).m4a | The statements made this row are related to and concerning 20200423 173624-C5f7a78e (53).m4a | To the best of Plaintiff's knowledge, the recording was made on 04/23/2020 | Kathleen Kerr, Laura Rosenak, Colleen Duke, Colleen Mathis, Maurice Franklin | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of his knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, Plaintiff made the recording in and returned to Defendants. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. | |
| 20200427 100052-Ce3e64f9 (54).m4a | The statements made this row are related to and concerning 20200427 100052-Ce3e64f9 (54).m4a | To the best of Plaintiff's knowledge, the recording was made on 04/27/2020 | Laura Rosenak & Maurice Franklin | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of his knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, Plaintiff made the recording in and returned to Defendants. | To the best of Plaintiff's knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. | |
| 20200428 090801-Cd373882 (55).m4a | The statements made this row are related to and concerning 20200428 090801-Cd373882 (55).m4a | To the best of Plaintiff's knowledge, the recording was made on 04/28/2020 | Mary Kenderson, Maurice Franklin, others | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of his knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, Plaintiff made the recording in and returned to Defendants. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. | |
| 20200428 134830-7921e813 (56).m4a | The statements made this row are related to and concerning 20200428 134830-7921e813 (56).m4a | To the best of Plaintiff's knowledge, the recording was made on 04/28/2020 | Ernie Dehoyos, Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of his knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, Plaintiff made the recording in and returned to Defendants. | To the best of Plaintiff's knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. | |
| 20200429 160812-B55f20fa (57).m4a | The statements made this row are related to and concerning 20200429 160812-B55f20fa (57).m4a | To the best of Plaintiff's knowledge, the recording was made on 05/04/2020 | Dough Howard, Ilene Baylinson and others | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of his knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, Plaintiff made the recording in and returned to Defendants. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. | |
| 20200504 123139-424c55fb (58).m4a | The statements made this row are related to and concerning 20200504 123139-424c55fb (58).m4a | To the best of Plaintiff's knowledge, the recording was made on 05/04/2020 | Maurice Franklin, Peter Baylinson & Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of his knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, Plaintiff made the recording in and returned to Defendants. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. | |
| 20200505 103429-2a790b5a (59).m4a | The statements made this row are related to and concerning 20200505 103429-2a790b5a (59).m4a | To the best of Plaintiff's knowledge, the recording was made on 05/05/2020 | Laura Rosenak & Maurice Franklin | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of his knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, Plaintiff made the recording in and returned to Defendants. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. | |
| 20200507 154411-9025be69 (60).m4a | The statements made this row are related to and concerning 20200507 154411-9025be69 (60).m4a | To the best of Plaintiff's knowledge, the recording was made on 05/07/2020 | Colleen Duke, Maurice Franklin, James G | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of his knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by recollection, Plaintiff made the recording in and returned to Defendants. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. | |

| Filename | Description | Recording date | Participants | Witnesses | Device | Recorder | Location | Participant location | Documents |
|---|---|---|---|---|---|---|---|---|---|
| 20200511 125231 99a68b67 (61).m4a | The statements made this row are related to and concerning 20200511 125231 99a68b67 (61).m4a | To the best of Plaintiff's knowledge, the recording was made on 05/11/2020 | Maurice Franklin & Tamara Thomas | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of Plaintiff's knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | California | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200515 153402-A6832c8a (62).m4a | The statements made this row are related to and concerning 20200515 153402-A6832c8a (62).m4a | To the best of Plaintiff's knowledge, the recording was made on 05/15/2020 | Chris Debek, others unknown | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of Plaintiff's knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200511 224457-Deaaacde (63).m4a | The statements made this row are related to and concerning 20200511 224457-Deaaacde (63).m4a | To the best of Plaintiff's knowledge, the recording was made on 05/15/2020 | noone | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200518 171827-2d5b95e7 (64).m4a | The statements made this row are related to and concerning 20200518 171827-2d5b95e7 (64).m4a | To the best of Plaintiff's knowledge, the recording was made on 05/18/2020 | Laura Rosenak, others unknown | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of Plaintiff's knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200120 153332-116b15d9 (65).m4a | The statements made this row are related to and concerning 20200120 153332-116b15d9 (65).m4a | To the best of Plaintiff's knowledge, the recording was made on 05/20/2020 | Gary Johnson, Dan Bitz, Kathleen Kerr, others unknown | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of Plaintiff's knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200529 083048-54b6b9aa (66).m4a | The statements made this row are related to and concerning 20200529 083048-54b6b9aa (66).m4a | To the best of Plaintiff's knowledge, the recording was made on 05/29/2020 | Carrie Archer, Laura Rosenak, others | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of Plaintiff's knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200602 100229-29b08eaa (67).m4a | The statements made this row are related to and concerning 20200602 100229-29b08eaa (67).m4a | To the best of Plaintiff's knowledge, the recording was made on 06/02/2020 | Laura Rosenak & Maurice Franklin | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of Plaintiff's knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200604 154103-F1b68394 (68).m4a | The statements made this row are related to and concerning 20200604 154103-F1b68394 (68).m4a | To the best of Plaintiff's knowledge, the recording was made on 06/04/2020 | Maurice Franklin & Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of Plaintiff's knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200608 100016.m4a | The statements made this row are related to and concerning 20200608 100016.m4a | To the best of Plaintiff's knowledge, the recording was made on 06/08/2020 | none | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200608 100043-D353846c (69).m4a | The statements made this row are related to and concerning 20200608 100043-D353846c (69).m4a | To the best of Plaintiff's knowledge, the recording was made on 06/08/2020 | Maurice Franklin & Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of Plaintiff's knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200612 102138-3d0f34a8 (70).m4a | The statements made this row are related to and concerning 20200612 102138-3d0f34a8 (70).m4a | To the best of Plaintiff's knowledge, the recording was made on 06/12/2020 | none | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200617 194642-8c2495ec (71).m4a | The statements made this row are related to and concerning 20200617 194642-8c2495ec (71).m4a | To the best of Plaintiff's knowledge, the recording was made on 06/17/2020 | noone | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200618 074848.m4a | The statements made this row are related to and concerning 20200618 074848.m4a | To the best of Plaintiff's knowledge, the recording was made on 06/18/2020 | Maurice Franklin & Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200622 100215.m4a | The statements made this row are related to and concerning 20200622 100215.m4a | To the best of Plaintiff's knowledge, the recording was made on 06/22/2020 | Maurice Franklin & Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 2020-06-22 2022+2022fri.m4a | The statements made this row are related to and concerning 2020-06-22 2022+2022fri.m4a | To the best of Plaintiff's knowledge, the recording was made on 06/22/2020 | Maurice Franklin & Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 2020-06-22 Rosenak+Franklin.m4a | The statements made this row are related to and concerning 2020-06-22 Rosenak+Franklin.m4a | To the best of Plaintiff's knowledge, the recording was made on 06/22/2020 | Maurice Franklin & Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200625 130334-D060ce21 (72).m4a | The statements made this row are related to and concerning 20200625 130334-D060ce21 (72).m4a | To the best of Plaintiff's knowledge, the recording was made on 06/25/2020 | unsure | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200625 170036.m4a | The statements made this row are related to and concerning 20200625 170036.m4a | To the best of Plaintiff's knowledge, the recording was made on 06/25/2020 | | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200625 173147.m4a | The statements made this row are related to and concerning 20200625 173147.m4a | To the best of Plaintiff's knowledge, the recording was made on 06/25/2020 | Laura Rosenak, CPUC Executive Leadership, Maximus Consultant, Isadora Huntly | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200630 145352-C34a5ef2 (73).m4a | The statements made this row are related to and concerning 20200630 145352-C34a5ef2 (73).m4a | To the best of Plaintiff's knowledge, the recording was made on 06/30/2020 | Illinois client & Maurice Franklin | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |

| File | Statement | Recording date | Participants | Witnesses | Device | Recorder | Location | Location of participants | Documents |
|---|---|---|---|---|---|---|---|---|---|
| 20200701 11404L.m4a | The statements made this row are related to and concerning 20200701 11404L.m4a | To the best of Plaintiff's knowledge, the recording was made on 07/01/2020 | not sure | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of his knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200708 144438 89e82448 (74).m4a | The statements made this row are related to and concerning 20200708 144438 89e82448 (74).m4a | To the best of Plaintiff's knowledge, the recording was made on 07/02/2020 | not sure | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200702 133144-1b82623d (75).m4a | The statements made this row are related to and concerning 20200702 133144-1b82623d (75).m4a | To the best of Plaintiff's knowledge, the recording was made on 07/02/2020 | Jay Otto, Kentucky Child Support Executive staff | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200706 100023.m4a | The statements made this row are related to and concerning 20200706 100023.m4a | To the best of Plaintiff's knowledge, the recording was made on 07/06/2020 | Maurice Franklin & Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200706 100645-93ddcff9 (76).m4a | The statements made this row are related to and concerning 20200706 100645-93ddcff9 (76).m4a | To the best of Plaintiff's knowledge, the recording was made on 01/08/1900 | | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200707 093024.m4a | The statements made this row are related to and concerning 20200707 093024.m4a | To the best of Plaintiff's knowledge, the recording was made on 07/07/2020 | noone | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200707 093150-00be7dca (77).m4a | The statements made this row are related to and concerning 20200707 093150-00be7dca (77).m4a | To the best of Plaintiff's knowledge, the recording was made on 07/07/2020 | Gary Johnson, others are unknown | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200707 100140-59499cdb (78).m4a | The statements made this row are related to and concerning 20200707 100140-59499cdb (78).m4a | To the best of Plaintiff's knowledge, the recording was made on 07/07/2020 | Maurice Franklin, Gary Johnson, Laura Rosenak, Kelly Boerner | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200708 114153-97b5aaf9 (79).m4a | The statements made this row are related to and concerning 20200708 114153-97b5aaf9 (79).m4a | To the best of Plaintiff's knowledge, the recording was made on 07/08/2020 | Laura Rosenak, Peter Baykison, Colleen Mathis, | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200715 160429.m4a | The statements made this row are related to and concerning 20200715 160429.m4a | To the best of Plaintiff's knowledge, the recording was made on 07/15/2020 | | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200716 131016-7592c372 (80).m4a | The statements made this row are related to and concerning 20200716 131016-7592c372 (80).m4a | To the best of Plaintiff's knowledge, the recording was made on 07/16/2020 | Maurice Franklin, Scott Glover | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200716 132620-C4c34dba (81).m4a | The statements made this row are related to and concerning 20200716 132620-C4c34dba (81).m4a | To the best of Plaintiff's knowledge, the recording was made on 07/17/2020 | Maurice Franklin, Scott Glover | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200720 095930-7d4f18dd (82).m4a | The statements made this row are related to and concerning 20200720 095930-7d4f18dd (82).m4a | To the best of Plaintiff's knowledge, the recording was made on 07/20/2020 | Maurice Franklin & Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200724 150247-8da0e8dd (83).m4a | The statements made this row are related to and concerning 20200724 150247-8da0e8dd (83).m4a | To the best of Plaintiff's knowledge, the recording was made on 07/24/2020 | Tamara Thomas, Joe Deperl, Maurice Franklin | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200729 143151-8f19810d (84).m4a | The statements made this row are related to and concerning 20200729 143151-8f19810d (84).m4a | To the best of Plaintiff's knowledge, the recording was made on 07/29/2020 | Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200730 091756-10d32364 (85).m4a | The statements made this row are related to and concerning 20200730 091756-10d32364 (85).m4a | To the best of Plaintiff's knowledge, the recording was made on 07/30/2020 | Maurice Franklin & Phyllis Fish | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200803 100044-569c4440 (86).m4a | The statements made this row are related to and concerning 20200803 100044-569c4440 (86).m4a | To the best of Plaintiff's knowledge, the recording was made on 08/03/2020 | Maurice Franklin & Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200803 152604.m4a | The statements made this row are related to and concerning 20200803 152604.m4a | To the best of Plaintiff's knowledge, the recording was made on 08/03/2020 | | Plaintiff is unable to identify any voices in this recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200817 100145-A073d83c (87).m4a | The statements made this row are related to and concerning 20200817 100145-A073d83c (87).m4a | To the best of Plaintiff's knowledge, the recording was made on 08/17/2020 | Maurice Franklin & Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200819 150609-7dd18342 (88).m4a | The statements made this row are related to and concerning 20200819 150609-7dd18342 (88).m4a | To the best of Plaintiff's knowledge, the recording was made on 08/19/2020 | Collen Duke, Bruce Caswell, Rick Neadeau, Kathleen Kerr, Laura Rosenak, Rick DoHo, line Baylinson, Jason Brunell, David Dibelius, Kevan Raily, Chris Debaek, Michael Limberg, and others | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |

| Recording | Statement | Date of Recording | Participants | Witnesses | Device | Who Recorded | Physical Location (Recording) | Physical Location (Participants) | Documents |
|---|---|---|---|---|---|---|---|---|---|
| 20200921 110854-8fb272b3 (106).m4a | The statements made this row are related to and concerning 20200921 110854-8fb272b3 (106).m4a | To the best of Plaintiff's knowledge, the recording was made on 09/21/2020 | | Plaintiff is unable to identify any voices in this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200926 174523.m4a | The statements made this row are related to and concerning 20200926 174523.m4a | To the best of Plaintiff's knowledge, the recording was made on 09/26/2020 | | Plaintiff is unable to identify any voices in this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200926 174533.m4a | The statements made this row are related to and concerning 20200926 174533.m4a | To the best of Plaintiff's knowledge, the recording was made on 09/26/2020 | | Plaintiff is unable to identify any voices in this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200928 100028.m4a | The statements made this row are related to and concerning 20200928 100028.m4a | To the best of Plaintiff's knowledge, the recording was made on 09/28/2020 | Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200928 100804.m4a | The statements made this row are related to and concerning 20200928 100804.m4a | To the best of Plaintiff's knowledge, the recording was made on 09/28/2020 | Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200930 120059-2010b439 (107).m4a | The statements made this row are related to and concerning 20200930 120059-2010b439 (107).m4a | To the best of Plaintiff's knowledge, the recording was made on 09/30/2020 | Maurice Franklin, Colleen Mathis, Peter Baylinson, Kelly Boerner, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201002 133210-405de37a (108).m4a | The statements made this row are related to and concerning 20201002 133210-405de37a (108).m4a | To the best of Plaintiff's knowledge, the recording was made on 10/02/2020 | Maurice Franklin, Laura Rosenak, Kim Colbeck | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201007 113241.m4a | The statements made this row are related to and concerning 20201007 113241.m4a | To the best of Plaintiff's knowledge, the recording was made on 10/07/2020 | | Plaintiff is unable to identify any voices in this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201007 113249-0b10f16d (109).m4a | The statements made this row are related to and concerning 20201007 113249-0b10f16d (109).m4a | To the best of Plaintiff's knowledge, the recording was made on 10/07/2020 | Maurice Franklin, Colleen Mathis, Peter Baylinson, Kelly Boerner, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201012 100009.m4a | The statements made this row are related to and concerning 20201012 100009.m4a | To the best of Plaintiff's knowledge, the recording was made on 10/12/2020 | | Plaintiff is unable to identify any voices in this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201012 100015.m4a | The statements made this row are related to and concerning 20201012 100015.m4a | To the best of Plaintiff's knowledge, the recording was made on 10/12/2020 | Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201012 110934.m4a | The statements made this row are related to and concerning 20201012 110934.m4a | After reviewing all sources of information available to him, Plaintiff is unable to determine the creation/recording date of 20201012 110934.m4a | | Plaintiff is unable to identify any voices in this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201012 110939-8a514e44 (110).m4a | The statements made this row are related to and concerning 20201012 110939-8a514e44 (110).m4a | To the best of Plaintiff's knowledge, the recording was made on 10/12/2020 | Maurice Franklin, Eddie Misra | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201012 150829-3e538605 (111).m4a | The statements made this row are related to and concerning 20201012 150829-3e538605 (111).m4a | To the best of Plaintiff's knowledge, the recording was made on 10/12/2020 | Maurice Franklin, Kathleen Kerr, Laura Rosenak, others | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201012 151805-9b4d13da (112).m4a | The statements made this row are related to and concerning 20201012 151805-9b4d13da (112).m4a | To the best of Plaintiff's knowledge, the recording was made on 10/12/2020 | Maurice Franklin, Laura Rosenak, Kathleen Kerr and others | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 2020-10-12 2022+2022fri.m4a | The statements made this row are related to and concerning 2020-10-12 2022+2022fri.m4a | To the best of Plaintiff's knowledge, the recording was made on 10/12/2020 | Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 2020-10-12 Rosenak+Franklin.m4a | The statements made this row are related to and concerning 2020-10-12 Rosenak+Franklin.m4a | To the best of Plaintiff's knowledge, the recording was made on 10/12/2020 | Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201014 110520.m4a | The statements made this row are related to and concerning 20201014 110520.m4a | After reviewing all sources of information available to him, Plaintiff is unable to determine the creation/recording date of 20201014 110520.m4a | | Plaintiff is unable to identify any voices in this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201014 113210-DaecSab3 (113).m4a | The statements made this row are related to and concerning 20201014 113210-DaecSab3 (113).m4a | To the best of Plaintiff's knowledge, the recording was made on 10/14/2020 | Maurice Franklin, Colleen Mathis, Peter Baylinson, Kelly Boerner, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201014 115639-1104abdc (114).m4a | The statements made this row are related to and concerning 20201014 115639-1104abdc (114).m4a | To the best of Plaintiff's knowledge, the recording was made on 10/14/2020 | Maurice Franklin, Colleen Mathis, Peter Baylinson, Kelly Boerner, Laura Rosenak, Kim Colbeck | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |

| File | Statement | Recording Date | Participants | Witnesses | Device | Recorder | Physical Location | Location of Participants | Documents |
|---|---|---|---|---|---|---|---|---|---|
| 20200101 120213.m4a | The statements made this row are related to and concerning 20200101 120213.m4a | After reviewing all sources of information available to him, Plaintiff is unable to determine the creation/recording date of 20200101 120213.m4a | Plaintiff is unable to identify any voices in this recording. | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200101 120223-2c670b78 (115).m4a | The statements made this row are related to and concerning 20200101 120223-2c670b78 (115).m4a | To the best of Plaintiff's knowledge, the recording was made on 10/15/2020 | Maurice Franklin & Peter Baylmson | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of his knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200101 143015.m4a | The statements made this row are related to and concerning 20200101 143015.m4a | To the best of Plaintiff's knowledge, the recording was made on 10/19/2020 | Maurice Franklin & Kim Colbeck | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of his knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200101 143620.m4a | The statements made this row are related to and concerning 20200101 143620.m4a | To the best of Plaintiff's knowledge, the recording was made on 10/19/2020 | Maurice Franklin & Kim Colbeck | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of his knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 2020-10-19 2022fr0>2022fri - .mp3 | The statements made this row are related to and concerning 2020-10-19 2022>2022fr0>2022fri - .mp3 | To the best of Plaintiff's knowledge, the recording was made on 10/19/2020 | Maurice Franklin, Kim Colbeck, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of his knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 2020-10-19 Rosenak>Colbeck>Franklin - Lie.mp3 | The statements made this row are related to and concerning 2020-10-19 Rosenak>Colbeck>Franklin - Lie.mp3 | To the best of Plaintiff's knowledge, the recording was made on 10/19/2020 | Maurice Franklin, Kim Colbeck, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of his knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200101 084213.m4a | The statements made this row are related to and concerning 20200101 084213.m4a | To the best of Plaintiff's knowledge, the recording was made on 10/21/2020 | | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200101 084217-2ebb0f60 (116).m4a | The statements made this row are related to and concerning 20200101 084217-2ebb0f60 (116).m4a | To the best of Plaintiff's knowledge, the recording was made on 10/21/2020 | Maurice Franklin & Eddie Mierva | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of his knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200102 060230.m4a | The statements made this row are related to and concerning 20200102 060230.m4a | After reviewing all sources of information available to him, Plaintiff is unable to determine the creation/recording date of 20200102 060230.m4a | Plaintiff is unable to identify any voices in this recording. | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200102 060236.m4a | The statements made this row are related to and concerning 20200102 060236.m4a | To the best of Plaintiff's knowledge, the recording was made on 10/22/2020 | Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200106 100029.m4a | The statements made this row are related to and concerning 20200106 100029.m4a | After reviewing all sources of information available to him, Plaintiff is unable to determine the creation/recording date of 20200106 100029.m4a | Plaintiff is unable to identify any voices in this recording. | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200106 101932.m4a | The statements made this row are related to and concerning 20200106 101932.m4a | To the best of Plaintiff's knowledge, the recording was made on 10/26/2020 | Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 2020-10-26 2022fri0>2022fri.m4a | The statements made this row are related to and concerning 2020-10-26 2022fri0>2022fri.m4a | To the best of Plaintiff's knowledge, the recording was made on 10/26/2020 | Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 2020-10-26 Colbeck>Franklin.m4a | The statements made this row are related to and concerning 2020-10-26 Colbeck>Franklin.m4a | To the best of Plaintiff's knowledge, the recording was made on 10/26/2020 | Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200107 140054-08a32ff7 (117).m4a | The statements made this row are related to and concerning 20200107 140054-08a32ff7 (117).m4a | To the best of Plaintiff's knowledge, the recording was made on 10/27/2020 | Maurice Franklin, Laura Rosenak, Christine Hawkins | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 2020-10-27 2022fri>2022fri0 - .m4a | The statements made this row are related to and concerning 2020-10-27 2022fri>2022fri0 - .m4a | To the best of Plaintiff's knowledge, the recording was made on 10/27/2020 | Maurice Franklin, Kim Colbeck | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 2020-10-27 Franklin>Colbeck - she's lying.m4a | The statements made this row are related to and concerning 2020-10-27 Franklin>Colbeck - she's lying.m4a | To the best of Plaintiff's knowledge, the recording was made on 10/27/2020 | Maurice Franklin, Kim Colbeck | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200102 112631-6752eae7 (118).m4a | The statements made this row are related to and concerning 20200102 112631-6752eae7 (118).m4a | To the best of Plaintiff's knowledge, the recording was made on 11/02/2020 | Maurice Franklin , Colleen Mathis | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200102 140123-804aab81 (119).m4a | The statements made this row are related to and concerning 20200102 140123-804aab81 (119).m4a | To the best of Plaintiff's knowledge, the recording was made on 11/02/2020 | Maurice Franklin, Laura Rosenak, Kim Colbeck, Colleen Mathis, Kelly Boerner, Peter Baylmson | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20200103 084141.m4a | The statements made this row are related to and concerning 20200103 084141.m4a | To the best of Plaintiff's knowledge, the recording was made on 11/03/2020 | Maurice Franklin, Kim Colbeck | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |

| Recording | Statements | Date | Names | Witnesses | Device | Recorder | Location made | Participants | Documents |
|---|---|---|---|---|---|---|---|---|---|
| 20201103 111322 F020Ef24 (120).m4a | The statements made this row are related to and concerning 20201103 111322 F020Ef24 (120).m4a | To the best of Plaintiff's knowledge, the recording was made on 11/03/2020 | Maurice Franklin, Colleen Duke, CPUC staff (Robert) | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201104 072605-79a6c00e (121).m4a | The statements made this row are related to and concerning 20201104 072605-79a6c00e (121).m4a | To the best of Plaintiff's knowledge, the recording was made on 11/04/2020 | Maurice Franklin, Kim Colbeck | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201104 073749-6af4a8d0 (122).m4a | The statements made this row are related to and concerning 20201104 073749-6af4a8d0 (122).m4a | To the best of Plaintiff's knowledge, the recording was made on 11/04/2020 | Maurice Franklin, Kim Colbeck | | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201104 101114-933337c0 (123).m4a | The statements made this row are related to and concerning 20201104 101114-933337c0 (123).m4a | To the best of Plaintiff's knowledge, the recording was made on 11/04/2020 | Maurice Franklin, Kim Colbeck | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201106 164224.m4a | The statements made this row are related to and concerning 20201106 164224.m4a | To the best of Plaintiff's knowledge, the recording was made on 11/06/2020 | Maurice Franklin, Kathleen Kerr | | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201109 100015.m4a | The statements made this row are related to and concerning 20201109 100015.m4a | After reviewing all sources of information available to him, Plaintiff is unable to determine the creation/recording date of 20201109 100015.m4a | | Plaintiff is unable to identify any voices in this recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201109 100018-2dcf43ee (134).m4a | The statements made this row are related to and concerning 20201109 100018-2dcf43ee (134).m4a | To the best of Plaintiff's knowledge, the recording was made on 11/09/2020 | Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201109 100857.m4a | The statements made this row are related to and concerning 20201109 100857.m4a | After reviewing all sources of information available to him, Plaintiff is unable to determine the creation/recording date of 20201109 100857.m4a | | Plaintiff is unable to identify any voices in this recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201109 100900-89196a29 (125).m4a | The statements made this row are related to and concerning 20201109 100900-89196a29 (125).m4a | To the best of Plaintiff's knowledge, the recording was made on 11/09/2020 | Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201109 153956.m4a | The statements made this row are related to and concerning 20201109 153956.m4a | To the best of Plaintiff's knowledge, the recording was made on 11/09/2020 | | Plaintiff is unable to identify any voices in this recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201109 154131.m4a | The statements made this row are related to and concerning 20201109 154131.m4a | To the best of Plaintiff's knowledge, the recording was made on 11/09/2020 | Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201111 110112-244010a0 (126).m4a | The statements made this row are related to and concerning 20201111 110112-244010a0 (126).m4a | To the best of Plaintiff's knowledge, the recording was made on 11/11/2020 | Maurice Franklin, Jay Otto, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201112 140709-00964420.m4a | The statements made this row are related to and concerning 20201112 140709-00964420.m4a | To the best of Plaintiff's knowledge, the recording was made on 11/12/2020 | Maurice Franklin, Colleen Duke, Jason Barnell, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201130 135940.m4a | The statements made this row are related to and concerning 20201130 135940.m4a | After reviewing all sources of information available to him, Plaintiff is unable to determine the creation/recording date of 20201130 135940.m4a | | Plaintiff is unable to identify any voices in this recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201130 135950-£9156be (127).m4a | The statements made this row are related to and concerning 20201130 135950-£9156be (127).m4a | To the best of Plaintiff's knowledge, the recording was made on 11/30/2020 | Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201130 140936.m4a | The statements made this row are related to and concerning 20201130 140936.m4a | After reviewing all sources of information available to him, Plaintiff is unable to determine the creation/recording date of 20201130 140936.m4a | | Plaintiff is unable to identify any voices in this recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201130 140940-£49f1f01 (128).m4a | The statements made this row are related to and concerning 20201130 140940-£49f1f01 (128).m4a | To the best of Plaintiff's knowledge, the recording was made on 11/30/2020 | Maurice Franklin, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201207 103148.m4a | The statements made this row are related to and concerning 20201207 103148.m4a | To the best of Plaintiff's knowledge, the recording was made on 12/07/2020 | Maurice Franklin, Kim Colbeck, Laura Rosenak | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 2020-12-17 05+2022f.m4a | The statements made this row are related to and concerning 2020-12-17 05+2022f.m4a | To the best of Plaintiff's knowledge, the recording was made on 12/17/2020 | Maurice Franklin, Kathleen Kerr | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of his knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20201217 082108.m4a | The statements made this row are related to and concerning 20201217 082108.m4a | To the best of Plaintiff's knowledge, the recording was made on 12/17/2020 | Maurice Franklin, Kathleen Kerr | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of his knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | After reviewing all sources of information available to him, Plaintiff is unable to determine the physical location of the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |

| File | Statements | Recording Date | Participants | Witnesses | Device | Recorder | Location | Participant Location | Documents |
|---|---|---|---|---|---|---|---|---|---|
| 2020-12-17 Kerr+Franklin Announcing Reorg.m | The statements made this row are related to and concerning 2020-12-17 Kerr+Franklin Announcing Reorg | To the best of Plaintiff's knowledge, the recording was made on 12/17/2020. | Maurice Franklin, Kathleen Kerr | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of Plaintiff's knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 2020-12-17 Kerr+Franklin Re Roversak Sloth.m4 | The statements made this row are related to and concerning 2020-12-17 Kerr+Franklin Re Roversak Sloth | To the best of Plaintiff's knowledge, the recording was made on 12/17/2020. | Maurice Franklin, Kathleen Kerr | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine its physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20210117 170614.m4a | The statements made this row are related to and concerning 20210117 170614.m4a | To the best of Plaintiff's knowledge, the recording was made on 01/17/2021. | | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine its physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20210129 115703.m4a | The statements made this row are related to and concerning 20210129 115703.m4a | To the best of Plaintiff's knowledge, the recording was made on 01/29/2019. | Maurice Franklin, unknown | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine its physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20210129 105259-604c7eac (129).m4a | The statements made this row are related to and concerning 20210129 105259-604c7eac (129).m4a | To the best of Plaintiff's knowledge, the recording was made on 01/29/2021. | not sure | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine its physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20210121 202655.m4a | The statements made this row are related to and concerning 20210121 202655.m4a | After reviewing all sources of information available to him, Plaintiff is unable to determine the creation/recording date of 20210121 202655.m4a | | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine its physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20210315 134750-3ed400a4 (130).m4a | The statements made this row are related to and concerning 20210315 134750-3ed400a4 (130).m4a | To the best of Plaintiff's knowledge, the recording was made on 03/15/2021. | Kitty Legere, Maurice Franklin | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of Plaintiff's knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20210315 134750-3ed400a4 (130).m4a | The statements made this row are related to and concerning 20210315 134750-3ed400a4 (130).m4a | To the best of Plaintiff's knowledge, the recording was made on 03/15/2021. | Kitty Legere, Maurice Franklin | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of Plaintiff's knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20210315 142821.m4a | The statements made this row are related to and concerning 20210315 142821.m4a | To the best of Plaintiff's knowledge, the recording was made on 03/15/2021. | Maurice Franklin, Kevin Black, Harold Horton, Kelly Bakhka | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of Plaintiff's knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 2021-03-15 Kerr-US Services Call.pdf | The statements made this row are related to and concerning 2021-03-15 Kerr-US Services Call.pdf | To the best of Plaintiff's knowledge, the recording was made on 03/15/2021. | | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine its physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 2021-03-15 Kerr-US Services Re KBT Reorg.m4a | The statements made this row are related to and concerning 2021-03-15 Kerr-US Services Re KBT Reorg | To the best of Plaintiff's knowledge, the recording was made on 03/15/2021. | Kathleen Kerr and workforce services leadership team and others | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine its physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20210319 133753.m4a | The statements made this row are related to and concerning 20210319 133753.m4a | After reviewing all sources of information available to him, Plaintiff is unable to determine the creation/recording date of 20210319 133753.m4a | | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine its physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20210319 133821.m4a | The statements made this row are related to and concerning 20210319 133821.m4a | To the best of Plaintiff's knowledge, the recording was made on 03/15/2021. | Kathleen Kerr and workforce services leadership team and others | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine its physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20210406 113212.m4a | The statements made this row are related to and concerning 20210406 113212.m4a | To the best of Plaintiff's knowledge, the recording was made on 04/06/2021. | Maurice Franklin, Kelly Blashke | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of Plaintiff's knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 2021-04-06 Blashcke+Franklin - not selected.m | The statements made this row are related to and concerning 2021-04-06 Blashcke+Franklin - not selected | To the best of Plaintiff's knowledge, the recording was made on 04/06/2021. | Maurice Franklin, Kelly Blashke | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of Plaintiff's knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20210511 170250.m4a | The statements made this row are related to and concerning 20210511 170250.m4a | To the best of Plaintiff's knowledge, the recording was made on 05/11/2021. | Maurice Franklin, Dr. Zagar | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of Plaintiff's knowledge and belief, the other participants heard in this recording were in the State of Illinois at the time this recording was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20210616 160309.m4a | The statements made this row are related to and concerning 20210616 160309.m4a | To the best of Plaintiff's knowledge, the recording was made on 06/16/2021. | Maurice Franklin, Scott Lekan, Charles Smith | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of Plaintiff's knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20210619 124249.m4a | The statements made this row are related to and concerning 20210619 124249.m4a | To the best of Plaintiff's knowledge, the recording was made on 06/19/2021. | Derek Tripplett | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine its physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20210911 113447.m4a | The statements made this row are related to and concerning 20210911 113447.m4a | To the best of Plaintiff's knowledge, the recording was made on 06/19/2021. | Maurice Franklin, Kelly Blashke | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine its physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20210911 120728.m4a | The statements made this row are related to and concerning 20210911 120728.m4a | To the best of Plaintiff's knowledge, the recording was made on 09/11/2021. | Maurice Franklin | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine its physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 20211022 113249.m4a | The statements made this row are related to and concerning 20211022 113249.m4a | To the best of Plaintiff's knowledge, the recording was made on 10/22/2021 | Maurice Franklin, Jeremy T | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | To the best of his knowledge and belief, Plaintiff was physically located in the State of Illinois at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20211101 163730.m4a | The statements made this row are related to and concerning 20211101 163730.m4a | To the best of Plaintiff's knowledge, the recording was made on 11/01/2021 | Maurice Franklin, Charles Smith, Scott Liebas, Terre Hardy | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20211115 063400 82df0d39 (131).m4a | The statements made this row are related to and concerning 20211115 063400 82df0d39 (131).m4a | After reviewing all sources of information available to him, Plaintiff is unable to determine the creation/recording date of 20211115 063400 82df0d39 (131).m4a | | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | | | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20211115 064100-16041ee0 (132).m4a | The statements made this row are related to and concerning 20211115 064100-16041ee0 (132).m4a | After reviewing all sources of information available to him, Plaintiff is unable to determine the creation/recording date of 20211115 064100-16041ee0 (132).m4a | Kathleen Kerr, Colleen Mathis | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20211115 064119-3f59ddaf (133).m4a | The statements made this row are related to and concerning 20211115 064119-3f59ddaf (133).m4a | After reviewing all sources of information available to him, Plaintiff is unable to determine the creation/recording date of 20211115 064119-3f59ddaf (133).m4a | David Devilbliss and others | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |
| 20211115 064210-f415bdb9 (134).m4a | The statements made this row are related to and concerning 20211115 064210-f415bdb9 (134).m4a | | | Plaintiff lacks knowledge of any witnesses to this recording who are not heard in the recording. | To the best of Plaintiff's knowledge and belief, this recording was made on an iPhone using the voice memo application. The device on which the recording was made was owned by and returned to Defendants. | To the best of Plaintiff's knowledge and recollection, Plaintiff made the recording in this row. | After reviewing all sources of information available to him, Plaintiff is unable to determine his physical location at the time the recording in this row was made. | Plaintiff lacks knowledge of the physical location of participants at the time this recording was made. | After reviewing all sources of information available to him, Plaintiff is unable to identify documents in support of this recording. |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE FRANKLIN, | Civil Action No. 21-cv-04367 |
| Plaintiff, | |
| v. | |
| MAXIMUS, INC., MAXIMUS HUMAN SERVICES, INC., AND MAXIMUS SERVICES LLC, | |
| Defendants. | |

## **VERIFICATION**

I, Maurice Franklin, hereby declare, under penalty of perjury, that the information contained in *Plaintiff's Fourth Supplemental Responses to Defendants' Interrogatories* are true and correct to the best of my knowledge. I am over the age of eighteen (18) years of age and competent to make this statement under oath.

Date: February 19, 2023

_____
Maurice Franklin,
Plaintiff

CERTIFICATE OF SERVICE

This is to certify that on February 20, 2023, I served *Plaintiff's Fifth Supplemental Responses to Defendant's Interrogatories* upon the following individuals, via the following method:

Kathryn Barry – Kathryn.barry@jacksonlewis.com
Casey Leech – casey.leech@jacksonlew.com

/s/ *Anthony Dawkins*
Anthony Dawkins

# EXHIBIT H

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE FRANKLIN | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:21-CV-04367 |
| | ) | |
| v. | ) | Honorable Steven C. Seeger |
| | ) | |
| MAXIMUS, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO
DEFENDANTS' FIRST SET OF INTERROGATORIES**

COMES NOW Plaintiff Maurice Franklin ("Franklin" or "Plaintiff"), and pursuant to Rule 33 of the Federal Rules of Civil Procedure, supplements his responses to Defendants' First set of Interrogatories. By supplementing his response to Defendant's First Set of Interrogatories, Plaintiff does not intend nor does he represent to waive any objection raised in his initial response to Defendant's First Set of Interrogatories. Plaintiff expressly reserves all rights afforded to him and expressly reaffirms any objections raised in his initial responses to Defendant's Frist Set of Interrogatories.

PLAINTIFF'S RESPONSES TO DEFENDANTS'INTERROGATORIES:

**INTERROGATORY NO. 1:**

Identify any person you or anyone acting on your behalf has interviewed,

1

either formally or informally, relating to the allegations in your Second Amended Complaint or Maximus' Answer to the Second Amended Complaint, including the date of the interview and the telephone number of the person interviewed. If there were any notes or documents produced as a result of those interviews, please identify those documents by author, date, general description, and location.

**RESPONSE:** Plaintiff objects to Interrogatory No. 1 to the extent that it seeks to discover information protected by attorney client privilege or work product privilege. Subject to and without waiver of Plaintiff's objections,

1. On or about July 28, 2022, counsel for the Plaintiff interviewed Tracey Thomas via telephone. Notes produced as a result of the interview are being withheld pursuant to the work product privilege.

2. On or about January 10, 2022, counsel for the Plaintiff interviewed Colleen Duke via 916-582-2732. Notes produced as a result of the interview have been withheld pursuant to the work product privilege.

3. On or about July 7, 2022, counsel for the Plaintiff interviewed Francine Rodgers via telephone at 201-657-6509. Notes produced as a result of the interview have been withheld pursuant to the work product privilege.

4. In or around the close of 2021, counsel for the Plaintiff interviewed Colleen Mathias via telephone at 240-876-8343. Notes produced as a result of the interview have been withheld pursuant to the work product privilege.

**INTERROGATORY NO. 2:**

Identify each and every Health Care Provider with whom you visited, consulted, or received treatment from January 1, 2008 through the present. For each Health Care Provider identified, state: (a) his or her address; (b) any institutions with which he or she is presently affiliated; (c) any institutions with which he or she was associated or affiliated while treating you;

(d) his or her occupation; (e) his or her area of specialization, if any; (f) the date and time of any occasion in which you consulted him or her; (g) the condition for which treatment was sought; (h) the nature of the treatment rendered; (i) the diagnosis that was rendered; (j) whether you are presently receiving treatment or consultation from such person; (k) whether you have been prescribed any medications, and if so, whether you are currently taking such medications; and (l) the cost of treatment.

**RESPONSE:** Plaintiff directs Defendants to the medical records attached to his responses to Defendants' interrogatories.

**INTERROGATORY NO. 3:**

Identify all hospitals, health care facilities, or other medical institutions to which you have were admitted from January 1, 2008 through the present, and state: (a) the reason for your stay in such hospital, health care facility, or medical institution; (b) the condition or conditions for which you were treated; (c) the diagnosis and prognosis of the physical or mental condition treated; (d) the

3

inclusive dates of confinement of each such hospital, healthcare, or other medical institution; and (e) any and all documents relating to your response to this Interrogatory.

**RESPONSE:** Plaintiff directs Defendants to the medical records attached to his responses to Defendants' interrogatories.

## INTERROGATORY NO. 4:

For all medications prescribed to you by a Health Care Provider for any physical or mental illness or impairment at any time during your Period of Employment through the present, state: (a) the name of the medication; (b) the general purpose of the medication; (c) the name and address of the medical provider who prescribed the medication; (d) the inclusive dates during which you were prescribed the medication; and (e) the inclusive dates during which you took the medication.

**RESPONSE:** Plaintiff directs Defendants to the medical records attached to his responses to Defendants' interrogatories.

## INTERROGATORY NO. 5:

State whether you have ever lodged an internal complaint of discrimination, harassment, retaliation, or interference of your rights under the Family and Medical Leave Act ("FMLA") against any person or against any entity by which you were employed (other than Maximus). If your answer to this Interrogatory is in the

affirmative, identify any such entities and/or persons, the nature of the complaint(s) lodged, and the resolution thereof.

**RESPONSE:** Plaintiff does not recall ever having lodged an internal complaint of discrimination, harassment, retaliation, or interference of his rights under the Family and Medical Leave Act against any person or against any entity by which he was employed (other than Maximus).

## INTERROGATORY NO. 6:

Identify each and every complaint of discrimination, harassment, retaliation, or interference of your rights under the FMLA that you made during your employment with Maximus, when and to whom the complaint was made, the nature and details of the complaint, the method by which you complained (including whether the complaint was made orally or in writing), how the complaint was submitted (including whether via email, Ethics Point, or otherwise), the response you received to the complaint, and any witnesses to each of the events and/or utterances about which you complained or the complaints themselves.

**RESPONSE:** Plaintiff does not recall ever having lodged an internal complaint of discrimination, harassment, retaliation, or interference of his rights under the Family and Medical Leave Act against any person or against any entity during his employment with Maximus.

**INTERROGATORY NO. 7:**

Identify: (a) all actions taken by one or more of the Defendants which you contend constitute discrimination, harassment, retaliation, or interference of your rights under the FMLA; (b) the individual(s) who took each such action; (c) the date(s) on which such discrimination, harassment, retaliation, or FMLA interference took place; (d) any witnesses to each of these alleged events; and (e) any facts and evidence that support your contention the action was taken because of your race, gender, and/or participation in any protected activity.

**RESPONSE:** Plaintiff contends that Defendants interfered with his right to be restored to his employment and position after taking leave under the Family and Medical Leave Act when Defendants (1) involuntarily laid Plaintiff off from his employment pursuant to the severance agreement between the parties on October 9, 2022; (2) denied Plaintiff restoration to his employment and prior position after Plaintiff revoked his agreement to the severance agreement; (3) through its employee Melissa Jankowski on October 12, 2021, advised Plaintiff that his employment with Defendants ended by mutual agreement on October 9, 2021 despite notice from Plaintiff that Plaintiff worked for Defendants on October 11, 2021; (4) through its counsel on October 13, 2021, instructed Plaintiff to refrain from accessing Defendants' systems or returning to Defendants' workplace; (5) through its counsel, Nathalie Ohanian, stated, "…it is clear that Mr. Franklin does not see his current work environment as positive or productive. To that end, we

agree it is best for both parties to part ways amicably…"

## **INTERROGATORY NO. 8:**

Identify all current or former employees of Maximus whom you contend or may contend were similarly situated to you but whom Maximus treated more favorably than you. For each such employee, fully state and describe: (a) how each employee was treated more favorably than you;

(b) the managers or other agents of Maximus who made decisions with respect to any person allegedly treated more favorably than you; (c) the date or time period of any alleged more favorable treatment; (d) how you came to know the facts or allegations that allegedly support these claims; and (e) any documents which support your answer to this Interrogatory.

**RESPONSE:**

Plaintiff contends that Kelly Boerner, a current Maximus employee, was similarly situated with Plaintiff and was treated more favorably than Plaintiff. Plaintiff contends that Ms. Boerner was similarly situated and treated more favorably when she was unilaterally selected as Child Support Deputy Practice Lead without a competitive application process in or around January 2020. The Maximus manager who made the decision resulting in Ms. Boerner being selected as Child Support Deputy Practice Lead was Kathleen Kerr. Plaintiff came upon the knowledge of Ms. Boerner's selection for the Child Support Deputy Practice

Lead position by and through an emailed announcement from Laura Rosenak on November 9, 2019 at 9:07 a.m. Plaintiff came upon the knowledge that Defendants failed to post the position of Deputy Practice Lead from an email from Kim Colbeck on December 9, 2019 at 5:37 p.m. in which Ms. Colbeck acknowledge that the position of Deputy Practice Lead was not a posted position.

Plaintiff contends that Kelly Boerner was also similarly situated with Plaintiff and treated more favorably than him when Defendants selected Ms. Boerner as integration manager and vice president of child support enforcement in or around January 2021. Kathleen Kerr is the manager who made the decisions resulting in Ms. Boerner being treated more favorably than Plaintiff. During the period in question, Mrs. Kerr was Ms. Boerner's manager and Mrs. Kerr made the decisions resulting in Ms. Boerner being selected for the integration manager and vice president of child support positions. Plaintiff became aware of Ms. Boerner's selection for these positions from the announcement document created and circulated by Mrs. Kerr. *See* Maximus Production 000353-000358.

Plaintiff contends that Kelly Boerner was similarly situated and treated more favorably than Plaintiff when Ms. Boerner was selected for the Lead Vice President Operations position. Ms. Boerner was selected for the position in or around April 2021. Kelly Blaschke Treharne is the manager who made the decision to select Ms. Boerner for the position. Plaintiff learned of Ms. Boerner's selection for the position during a meeting with Mrs. Blaschke Treharne on April 6, 2021.

8

Plaintiff contends that Kelly Boerner was similarly situated and treated more favor that him when, in January 2020, it compensated Ms. Boerner at a rate of $204,088.00 annually in year 2020 (salary + management bonus plan). Kathleen Kerr made decisions resulting in Ms. Boerner being compensated at a substantially higher rate than Plaintiff despite Ms. Boerner lacking any prior operational experience, lacking any prior experience with the child support subject matter, lacking any prior management experience, and having questionable business development experience in the practice area. Plaintiff learned of the disparity between his compensation and Ms. Boerner's compensation through Maximus Production 000835.

Plaintiff contends that Nancy Kim was similarly situated with Plaintiff and treated more favorably than him when they both applied for and Ms. Kim was selected for the Lead Vice President Employer Services position despite having little or no prior experience with employer services, a track record of managing a business unit dismal financial performance year over year, no substantive management experience, and no understanding of the business unit's service offerings beyond those that she already managed. The relevant period was January 2021 – April 2021. Kelly Blaschke Treharne was the management official who selected Ms. Kim for the Lead Vice President Employer Services position.

Plaintiff contends that, for the purposes of determining whether Defendants subjected Plaintiff to disparate treatment on the basis of his race by paying him less

than individuals who were similarly situated, Peter Baylinson, Rick DiLillo, Colleen Martin, and, Daryl Riber, James Graettinger, and Kelly Boerner were similarly situated with Plaintiff. Laura Rosenak and Kathleen Kerr are the managers that determined the compensation of the Plaintiff and those individuals similarly situated with the Plaintiff. Plaintiff contends Defendants compensated him at a rate lower that those similarly situated with him and, in some instances less than individuals who he managed a project that Plaintiff managed or a project for which Plaintiff maintained profit and loss responsibility. Colleen Duke and Daryl Riber disclosed their salaries to Plaintiff during their employment with Defendants.  Plaintiff learned of James Graettinger, Rick Dillio, and Colleen Martin the project financial files Plaintiff reviewed incident to this role as vice president. Plaintiff learned of Kelly Boerner's compensation from Maximus Production.

Plaintiff's identification of documents is limited by the lack of means by which to describe documents not in the record. As Defendants' document request was within this Interrogatory and not a request for production, Plaintiff assumes Defendants see for Plaintiff to describe the document but did not instruct Plaintiff on the method to describe each document not already in the record.

**INTERROGATORY NO. 9:**

With respect to the allegations raised in Paragraph 238 of the Second

Amended Complaint that "Defendants discriminated against the plaintiff based upon his race by paying him at lower rate than individuals who were either subordinate to or a direct report of the Plaintiff," identify:

(a) the name of each of the alleged subordinates or individuals who directly reported to you; and

(b) any documents which support your answer to this Interrogatory.

**RESPONSE:**

Plaintiff identifies the following individuals who were compensated with an annual salary that exceeded Plaintiff's annual salary and reported to Plaintiff:

1. Colleen Duke

2. Kelly Boerner

3. Daryl Riber

4. James Graettinger

5. Rick Dillio

6.

7. In support of Plaintiff's contention, Plaintiff identifies the following documents: 1. Statements made about Plaintiff on www.maximus.com. 2. Screenshot of statement by James Graettinger stating that he is on Franklin's team 3. Screenshot of statement by James Graettinger thanking Plaintiff for being on Plaintiff's team 4. 2020 Financial Package with profit and loss responsibility for CA Lifeline Project assigned to Plaintiff 5. CA Lifeline

Project rebid proposal listing Plaintiff as the VP and contract manager 6. FY21 Strategic Plan 7. September 18, 2019 email from Laura Rosenak concerning Lifeline Role and Responsibilities stating that Plaintiff had operational responsibility over CA Lifeline Project 8. Plaintiff's employee file 9. Colleen Duke's employee file (production) 10.Richard DiLilio's employee file (production) 11.James Graetinger's employee file (production) 12.Daryl Reiber's employee file (production)

**INTERROGATORY NO. 10:**

With respect to the allegations raised in Paragraph 301 of the Complaint that "Plaintiff attempted to return to his employment with the Defendants but was denied," identify: (a) when you were allegedly denied; (b) who communicated this alleged denial to you; (c) the method by which the alleged denial was communicated to you, including whether it was written or oral; (d) the substance of the conversation, including who said what; (e) any witnesses and/or participants to any conversation relating to these allegations; (f) any actions you took, including any complaints

made, in response to this alleged denial; and (g) any documents which support your answer to this Interrogatory.

**RESPONSE:**

On October 13, 2021, Kathryn Barry, one of Defendants' attorneys, call

Anthony Dawkins, Plaintiff's attorney. During that call, Mr. Dawkins communicated to Ms. Barry that Plaintiff's position regarding his employment with Maximus was that, in revoking his agreement to Defendants' severance agreement, Plaintiff revoked his agreement to the entire agreement and not merely the waiver of claims. Ms. Barry responded by advising Mr. Dawkins that it was her client's position that his revocation was only to the waiver of claims and did not serve to rescind the termination of Plaintiff's employment. Mr. Barry insisted that Maximus did not have to "rehire" Plaintiff and that his employment remained terminated. Mr. Dawkins advised Ms. Barry that Plaintiff worked for Defendants the day before to wit Ms. Barry stated that it was inappropriate for Plaintiff to have accesses Maximus systems. Additionally, Plaintiff contacted Melissa Janowski on October 13, 2022 with Maximus Human Capital to advise that he had been blocked by the system. Ms. Janowski advised Plaintiff that he was listed as terminated in the system.

**INTERROGATORY NO. 11:**

With respect to each audio recording you produced in connection with this Litigation on May 24, 2022, identify: (a) when this audio recording was made; (b) the individuals whose voices are heard on the audio recording; (c) any individuals who witnessed and/or participated in the conversation recorded whose voices cannot be heard; (d) how the audio recording was made, including the device that captured the recording and any applications used to capture the recording;

(e) who made the recording; (f) Plaintiff's physical location at the time of the recording; (g) the physical location of any witnesses and/or participants to the conversation being recorded; and (h) any documents which support your answer to this Interrogatory.

**RESPONSE:**

See Plaintiff's response to Interrogatory 11 attached.

## INTERROGATORY NO. 12:

Identify every position at Maximus to which you applied during the Period of Employment, including when you applied to the position, the manner in which you applied (including whether you submitted an application and how you submitted any such application), any applications you submitted, any responses you received to applying to the position, and any documents which support your answer to this Interrogatory.

**RESPONSE:**

## INTERROGATORY NO. 13:

Identify each prospective employer whom you have contacted in any way during the Period of Employment through the present and describe in detail every attempt you have made or are making to secure employment during the Period of Employment through the present. For each such prospective employer you have

contacted, identify the following:

    (a)    The dates of each contact;

    (b)    Whether the contact was by email, other written correspondence, over the telephone, or in person;

    (c)    The names of the individuals with whom you corresponded, spoke with, or had any

          other contact with;

    (d)    The position or type of work you sought;

    (e)    The geographic location of the position or work you sought; and

    (f)    The results of your contact, for example, "received job offer," "had telephone interview," "no response," "rejected job offer," etc.

For all other attempts you have made or are making to secure employment, identify the following:

    (g)    Each and every job board or job search website you are (or were) registered on or a member of during your Period of Employment through the present, and each and every employment opportunity, advertisement, solicitation, bid, or proposal you have answered, responded to or pursued;

    (h)    All correspondence you have sent to or received from all employment agencies, government agencies, placement agencies, temporary placement firms, internet job application sites, or search firms you have contacted;

    (i)    All job offers you have received, including the job title and salary offered, or alternatively, whether you have rejected any offer of employment during your Period of Employment through the present, and if so, explain in detail the reasons for each rejection; and

    (j)    All persons, other than prospective employers, with whom you have discussed your job search or possible employment.

**RESPONSE:**

Plaintiff's response to Interrogatory 13 is attached.

**INTERROGATORY NO. 14:**

Identify and describe every position of employment you have held since the Period of Employment through the present, including but not limited to self-employment (which includes services provided by you as an independent contractor), and for each such employment, state the following:

(a)     the name, address, and telephone number of the employer;
(b)     the position you held;
(c)     the nature of that employment, *i.e.*, your job duties;
(d)     the rate of pay;
(e)     the dates you began and ended employment with such employer; and
(f)     the reason(s), if any, you left such employment, and whether you left voluntarily or involuntarily.

**RESPONSE:**

Plaintiff is employed by The Franklin Reese Group, LLC, 200 E. Illinois St. #1607, Chicago, IL 60611, (872-270-2477 as a program efficiency lead. Plaintiff's position consults with client partners to assist them with growth and strategy. Plaintiff earned $3,500.00 in March 2022 and $5,000 per month thereafter.. Plaintiff began his employment on March 21, 2022 and remains employed.

**INTERROGATORY NO. 15:**

Identify all income received from whatever source, by amount each week on and after January 1, 2008. Sources of income may include, but are not limited to: income from employment or self-employment; any benefits, including but not

16

limited to monetary and/or health, pension, disability, social security, financial aid, insurance proceeds, or profit-sharing benefits received from a government, private, or employer-sponsored plan; and any unemployment benefits, alimony, or other support.

**RESPONSE:**

Plaintiff objects to Interrogatory No. 15 on the basis that it seeks to discover information that is not relevant to any claim in the Second Amended Complaint or any defense in Defendants' Answer.

**INTERROGATORY NO. 16:**

Identify, by case name, court, and docket number, each and every criminal proceeding, administrative proceeding (including but not limited to any application for Social Security disability benefits and any charges of discrimination), bankruptcy proceeding, and civil suit in which you have been involved, and state the current status or final disposition of the proceeding. Also, with respect to each judicial or administrative complaint or charge that you have instituted against any person, and each judicial or administrative complaint to which you have been a party, state the index, docket, complaint, charge, or other identification number or designation, and state the current status or final disposition of the proceeding.

**RESPONSE:**

Plaintiff objects to Interrogatory No. 16 on the basis that it seeks to discover

information that is not relevant to any claim in the Second Amended Complaint or any defense in Defendants' Answer.

**INTERROGATORY NO. 17:**

State whether you have been charged with or convicted of any crimes during the last ten

(10) years, and with respect to each, state: (a) the date or approximate date of the charge and/or conviction(s); (b) the crime(s) for which you were charged and/or convicted; and (c) the case number(s), court name(s) and address of the court(s) in which you were charged or convicted.

**RESPONSE:**

Plaintiff objects to Interrogatory No. 17 on the basis that it seeks to discover information that is not relevant to any claim in the Second Amended Complaint or any defense in Defendants' Answer.

**INTERROGATORY NO. 18:**

Identify every person with personal knowledge of facts relating to the allegations in your Second Amended Complaint and/or who may have discoverable knowledge, information, or data relating to this matter, and state the subject(s) of that knowledge, information, or data.

**RESPONSE:**

Bruce Casewell – Defendants' policies and procedures

Christine LaFortune – knowledge of Laura Rosenak's interaction with

18

Plaintiff.

Christa Ballew - knowledge of Laura Rosenak's interaction with Plaintiff.

Clyde Stith – knowledge of complaints he made about Laura Rosenak

Colleen Duke – knowledge of her compensation and role at Maximus

Colleen Mathias - knowledge of Laura Rosenak's interaction with Plaintiff.

Daryl Reiber – knowledge of his compensation and role at Maximus.

Harold Horton – knowledge of the interview processes for the Lead Vice President – Economic Services position

Hayley Secondo – knowledge of the organizational reporting structure

James Graettinger – knowledge of his compensation and role at Maximus

Joseph DiPrimio – knowledge of retaliation by Laura Rosenak

Kathleen Kerr – knowledge of the allegations in the Second Amended Complaint

Kelly Blaschke Treharne – knowledge of the reorganization and hiring process for the Lead Vice President positions.

Kevin Black – knowledge of the hiring process for the Lead Vice President positions

Kim Colbeck - knowledge of the allegations in the Second Amended Complaint

**INTERROGATORY NO. 19:**

Identify by URL or web address every social media site (e.g., Facebook, Instagram, Snapchat, Twitter, LinkedIn, a blog, etc.) and email account(s) to which you have subscribed, used, or maintained during your Period of Employment, and state whether you have searched these social media sites and email accounts for documents and information requested in Defendants' First Set of Interrogatories to Plaintiff and Defendants' First Request for Production of Documents.

**RESPONSE:**

Plaintiff objects to Interrogatory No. 19 on the basis that seeks to discover information that is not relevant to any allegation in Plaintiff's Second Amended Complaint or Defendants' Answer thereto.

**INTERROGATORY NO. 20:**

Identify all persons (other than your attorneys) with whom you have communicated concerning facts, issues, or other matters involved in this Litigation and describe in detail the substance and date of each communication or discussion.

**RESPONSE:**

Plaintiff objects to Interrogatory No. 20 on the basis that seeks to discover information that is not relevant to any allegation in Plaintiff's Second Amended

Complaint or Defendants' Answer thereto.

Plaintiff's response to Interrogatory No. 20 is attached. Plaintiff does not recalls the dates of these interactions. Further, for each party listed in response to Interrogatory No. 20, Plaintiff acknowledges discussing the case and the circumstances giving rise to his separation from Maximus. Plaintiff does not recall the details of these conversations beyond acknowledging that a conversation was had concerning the instant action.

## INTERROGATORY NO. 21:

Identify all persons who will or may testify as an expert witness in this case, and describe in detail: (a) the general subject matter of the testimony of each such expert witness; (b) the substance of the facts and opinions to which each expert witness is expected to testify; (c) a summary of the grounds for each opinion; and (d) the area of each expert witness' expertise and his or her qualifications establishing him or her as an expert, including his or her knowledge, skill, experience, training, or education relating to the subject of the testimony.

**RESPONSE:**

Plaintiff has not identified expert witnesses at this time. Plaintiff reserves the right to supplement his response to Interrogatory No. 21.

## INTERROGATORY NO. 22:

With regard to alleged damages, (a) identify the precise dollar amount of monetary damages you claim for each element of damages with specificity, including but not limited to, any claims for attorneys' fees; (b) state the method or methods by which the amount of damages you claim were calculated; (c) state the nature of any non-monetary damages and the reason(s) why you are seeking such relief; and (d) identify every document upon which you relied in answering this Interrogatory, which relates in any way to the information requested in this Interrogatory or

which you claim supports your claim for damages as set forth in your answers.

**RESPONSE:**

Plaintiff has not calculated the precise dollar amount of his monetary damages. Plaintiff will supplement his response to Interrogatory No. 22.

Dated: November 4, 2022        Respectfully Submitted,

**BARRETT & FARAHANY**

/s/ *Anthony Dawkins*
Anthony Dawkins, J.D.
Georgia Bar No. 157904
Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
Direct: (470) 747-8329
Fax: (404) 214-0125
anthony@justiceatwork.com

# EXHIBIT I

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE FRANKLIN | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:21-CV-04367 |
| | ) | |
| v. | ) | Honorable Steven C. Seeger |
| | ) | |
| MAXIMUS, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## PLAINTIFF'S FOURTH SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff Maurice Franklin ("Franklin" or "Plaintiff"), and pursuant to Rule 33 of the Federal Rules of Civil Procedure, supplements his responses to Defendants' First set of Interrogatories. By supplementing his response to Defendant's First Set of Interrogatories, Plaintiff does not intend nor does he represent to waive any objection raised in his initial responses to Defendant's First Set of Interrogatories. Plaintiff expressly reserves all rights afforded to him and expressly reaffirms any objections raised in his initial responses to Defendant's Frist Set of Interrogatories.

PLAINTIFF'S RESPONSES TO DEFENDANTS'INTERROGATORIES:

## INTERROGATORY NO. 15:

Identify all income received from whatever source, by amount each week on

1

and after January 1, 2008. Sources of income may include, but are not limited to: income from employment or self-employment; any benefits, including but not limited to monetary and/or health, pension, disability, social security, financial aid, insurance proceeds, or profit-sharing benefits received from a government, private, or employer-sponsored plan; and any unemployment benefits, alimony, or other support.

**SUPPLEMENTAL RESPONSE:**

Without waiver of Plaintiff's prior objection to Interrogatory No. 15, Plaintiff identifies various Venmo payments in Maurice Franklin Production 001697 – 001715 and various Zelle payments in Maurice Franklin Production 001716 – 001821. Additionally, Plaintiff identifies a rental assistance payment in Maurice Franklin Production 001822 – 001825.

Dated: January 20, 2023                    Respectfully Submitted,

**BARRETT & FARAHANY**

/s/ *Anthony Dawkins*
Anthony Dawkins, J.D.
Georgia Bar No. 157904
Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA  30353
Direct: (470) 747-8329
Fax: (404) 214-0125
anthony@justiceatwork.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE FRANKLIN,<br><br>    Plaintiff,<br><br>v.<br><br>MAXIMUS, INC., MAXIMUS<br>HUMAN SERVICES, INC., AND<br>MAXIMUS SERVICES LLC,<br><br>    Defendants. | Civil Action No.<br>21-cv-04367 |

## **<u>VERIFICATION</u>**

I, Maurice Franklin, hereby declare, under penalty of perjury, that the information contained in *Plaintiff's Fourth Supplemental Responses to Defendants' First Request for Production and Plaintiff's Fourth Supplemental Responses to Defendants' Interrogatories* are true and correct to the best of my knowledge. I am over the age of eighteen (18) years of age and competent to make this statement under oath.

Date: January 20, 2023

_____
Maurice Franklin,
Plaintiff

# EXHIBIT J

# Civil, Law, Chancery, Domestic Case Search

For your convenience, the Clerk of the Circuit Court offers on-line access to electronic docket information for cases in the Criminal divisions. By using this service, the user agrees and understands that he or she is bound by the on-line access to court records Terms of Agreement.

**Results as of 2/21/2023 10:53:24 AM** — Click on the icon to view case details

| | Case Number | PlaintiffVsDefendant |
|---|---|---|
| | 19881743629 | BERGSTROM TENINGA-vs-MAURICE FRANKLIN |
| | 19891130274 | COMMONWEALTH EDISO -vs- MAURICE FRANKLIN,EVANSTON HOSP COR,EVANSTON HOSP |
| | 19891728955 | BERGSTROM TENINGA-vs-MAURICE FRANKLIN |
| | 19891743129 | BERGSTROM TENINGA-vs-MAURICE FRANKLIN |
| | 19901740919 | BERGSTROM TENINGA-vs-MAURICE FRANKLIN |
| | 19911033675 | ANASTASIA DIAZ -vs- MAURICE FRANKLIN |
| | 19921703250 | MAXICENE WATSON-vs-ROBBIE FRANKLIN,MAURICE FRANKLIN,CHGO TRANS AUTH,CTA |
| | 19941175165 | BELL IL,AMERITECH -vs- MAURICE FRANKLIN,ARBY'S INC |
| | 20011109261 | PEOPLES CREDIT UNI-vs-MAURICE FRANKLIN |
| | 20041701232 | REALMARK GROUP LTD-vs-MAURICE FRANKLIN |
| | 20185002193 | AUTOVEST, L.L.C.-vs-MAURICE FRANKLIN |
| | 20142000453 | SPM CAPITAL LLC -vs- MAURICE FRANKLIN |
| | 2005CH08165 | PEARL DIXON-vs-MAURICE FRANKLIN |
| | 2001CH06495 | BANK NEW YORK-vs-DANIEL WRIGHT,UNKNOWN HEIRS,UNKNOWN TENANTS,UNKNOWN OWNERS,NON RECORD CLAIMANTS,MAURICE FRANKLIN |

| | | |
|---|---|---|
| 📁 | 2009L015497 | CELESTE TROTTER-vs-HOLY SWEET,MAURICE FRANKLIN |
| 📁 | 2011L012413 | CELESTE TROTTER-vs-HOLY SWEET,MAURICE FRANKLIN |
| 📁 | 20041169487 | DEVRY INC,INSTITUE DEVRY -vs- MAURICE FRANKLIN,IL DEPT OF CHILD S,HOLY SWEET |
| 📁 | 20141137304 | NEW AGE CHICAGO FU -vs- MAURICE FRANKLIN |
| 📁 | 20121111100 | AFFORDABLE FURNITU -vs- MAURICE FRANKLIN |
| 📁 | 20151721068 | MJ GRUSZKA-vs-MAURICE FRANKLIN,UNKNOWN OCCUPANTS |
| 📁 | 19841091821 | BERGSTRO TENINGA-vs-MAURICE FRANKLIN |

Start New Search