# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:21-cv-04367 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| MAXIMUS, INC., MAXIMUS HUMAN SERVICES, INC., and MAXIMUS SERVICES LLC., | ) ) ) ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendants. | ) | |

## JOINT STATUS REPORT REGARDING DISCOVERY

In accordance with the Court's January 18, 2023 Order (ECF No. 94), Plaintiff Maurice Franklin and Defendants Maximus, Inc., Maximus Human Services, Inc., and Maximus Services LLC (collectively, the "Parties") jointly submit the following status report regarding discovery:

### I. The Parties' Progress Regarding Written Discovery

*Defendants' Position*

Written discovery remains ongoing despite Defendants' diligence to push this case forward.

Plaintiff still has not fully responded to Defendants' written discovery requests. As discussed during the Parties' January 18, 2023 telephonic status hearing before Magistrate Judge Gilbert, Plaintiff did not comply with the Court's November 29, 2022 Order to respond to Defendants' interrogatories and document requests by December 15, 2022. ECF No. 86.[1] Pursuant to the Court's instruction during the January 18 status hearing, the Parties held a meet-and-confer teleconference on January 20, 2023 in an attempt to rectify Plaintiff's deficient responses to

---

[1] The Court limited Interrogatory No. 15 and Request for Production No. 30 to the time period of January 1, 2021 to the present; Plaintiff was ordered to respond to the remaining interrogatories and document requests discussed in Defendants' prior motion to compel as written. ECF No. 86.

1

Defendants' discovery requests. As of the filing of this status report, however, Plaintiff still has not provided complete and accurate responses to Defendants' Interrogatory Nos. 11, 14, 15, and 16. The Parties have discussed these interrogatories on several occasions, including via email and during meet-and-confer teleconferences on January 20, 2023, February 10, 2023, and February 20, 2023. As discussed more fully in Defendants' pending motion for sanctions (ECF No. 95), Plaintiff's responses to Defendants' interrogatories remain outstanding, including his response to Interrogatory No. 11 (which requested information about the surreptitious audio recordings that Plaintiff previously produced). Despite providing several supplemental responses to Defendants' discovery requests, Plaintiff did not provide *any* response to Interrogatory No. 11 until February 20, 2023—more than two months after the date by which he was ordered by the Court to comply, and three days after the date on which his counsel told Maximus he would respond.[2] Plaintiff's response to Interrogatory No. 11 is still incomplete. He produced 232 audio recordings but has only provided information about 226 of those recordings. Of those 226 recordings, he has not identified the participants (or stated that he could not identify the participants) for ten recordings, and he only vaguely identifies the participants in numerous others (*e.g.*, "Carrie Archer, Laura Rosenak, others", "Illinois client" and "Maurice Franklin, Jeremy T"). Moreover, Plaintiff claims not to know what state he was physically located in for the vast majority of the recordings, despite knowing the dates the recordings were made. It is difficult to understand how Plaintiff could not determine what state he was in on a specific date (for example, by referring to flight records or

---

[2] During a meet-and-confer teleconference on February 10, 2023—after prior attempts to ascertain the status of Plaintiff's response to Interrogatory No. 11, Defendants' counsel again asked Plaintiff's counsel when they could expect a response to this interrogatory and indicated that they could not move forward with Plaintiff's deposition on February 23, 2023 until they received a full response to it. Plaintiff's counsel represented that he would provide the information responsive to Interrogatory No. 11 no later than February 17, 2023. While this was late disclosure was concerning to Defendants' counsel, they believed they would have adequate time to prepare for the deposition if they had a full response to Interrogatory No. 11 by February 17. Thus, they did not previously seek Court intervention. It appears this was a mistake.

2

calendars), particularly when many of these recordings were made during the pandemic.

In addition, and as set forth in the motion for sanctions, Defendants discovered (through their own investigation) documents casting significant doubt on the accuracy of Plaintiff's responses to Interrogatory Nos. 14 and 15, and indicating that Plaintiff has not provided full responses to Defendants' discovery requests. Defendants discovered these documents on February 16 and February 19, 2023, and brought them to Plaintiff's counsel's attention immediately. At present, these issues have not been resolved.

On January 25, 2023, Defendants served their second set of document requests on Plaintiff, requesting documents that are primarily relevant to the issue of whether Plaintiff acted reasonably in attempting to mitigate his purported damages. Defendants have not yet received Plaintiff's responses to these document requests, which are due on February 24, 2023.

On January 26, 2023, Plaintiff served his second set of document requests on Defendants. Defendants are currently preparing their responses to these document requests.

Finally, regarding written discovery on non-parties, Defendants are still waiting for one third-party to respond to a previously-issued document subpoena. Additionally, as discussed more fully in Defendants' pending motion for sanctions, Defendants seek to subpoena additional third-parties, including High Society Entertainment and Scott Rivers, regarding Plaintiff's mitigation efforts.

*Plaintiff's Position*

Despite Plaintiff's good faith attempts to resolve Defendants' endless concerns with Plaintiff's responses to their discovery requests, Defendants continue to allege deficiencies and demand that Plaintiff provide information that he lacks, produce documents that are not within in his possession or control or are not relevant to any claim or defense at issue in this action. The parties met on January 24, 2023 to discuss how to remedy Defendants' concerns with Plaintiff's

3

responses to their discovery requests. The meeting on January 24th was collegial and Plaintiff's counsel concluded that meeting with the belief that the Parties would avoid additional motions practice and move to depositions. During the meet and confer, Plaintiff's counsel advised defense counsel that Plaintiff was having difficulty accessing financial records to substantiate the alleged income Defendants identified in documents Plaintiff produced containing his tax transcript. On January 24, 2023, Plaintiff produced bank statements to substantiate his disability payments, documents that substantiate his receipt of a payment from MetLife in disability payments, and bank statements to substantiate the "third-party transactions" that Defendants identified in Plaintiff's income tax transcript. Defense counsel requested adequate time to review Plaintiff's submission and to consult with their client. Counsels agreed to meet again after Defendants had a meaningful opportunity by which to review the produced documents and Plaintiff's counsel had an opportunity to discuss the ongoing discovery concerns with his client. Plaintiff and Defendants' counsel met again on Friday, February 10, 2023. During the February 10th meeting, defense counsel raised no additional concerns with the financial documents produced by Plaintiff. However, during the February 10th meeting, defense counsel raised the issue of Plaintiff supplementing his response to Defendants' Interrogatory No. 11, a topic that had not been raised by defense counsel during the January 24th meet and confer. Plaintiff's initial response to Defendants' Interrogatory No. 11 objected to Defendants request for information on *all* of the recordings produced by Plaintiff as many of the recordings bear no relevance to this action. Defendants raised the issue of recorded conversations in Plaintiff's possession during the May 19, 2022 hearing before the Court to discuss the time for Plaintiff to file an amended complaint. Defendants sought to prevent Plaintiff from using the recordings as evidence on the basis that they were recorded in violation of Illinois law. Plaintiff argued that Defendants has no knowledge of know the content of those recordings at that time and therefore had no basis to assert to the Court

that they should not be used as evidence. Plaintiff's counsel acknowledged during the May 19, 2022 hearing that he had not had an opportunity to review all the recordings in Plaintiff's possession. The Court instructed Plaintiff to disclose the recordings in Plaintiff's possession to Defendants to give them an opportunity to review the recordings and make any motions that they believed to be appropriate thereafter. Defendants now seek information on recordings that were disclosed despite many of the recordings bearing absolutely no relevance to these proceedings. Plaintiff omitted providing information on recordings that contained recordings of music, prayers with family, etc. Defendants contend now, however, that because the information provided does not match the number of recordings that were produced or because Plaintiff is unaware of some of the participants' to the recordings or Plaintiff's physical whereabouts 3-4 years ago when the recording was made, that he is purposefully and willfully refusing to meet his obligation to fully respond to Defendants' discovery requests. Plaintiff dutifully provided the information that he knows and has access to. Plaintiff reviewed approximately 48 hours of recordings over a 10 day period to satisfy Defendants' Interrogatory No. 11.[3]

Counsels met again on February 20, 2023, in response to Defendants Rule 37 letter regarding additional alleged discovery deficiencies. Defendants now contend that Plaintiff is *employed* by a not-for-profit party promotion business owned by Plaintiff's roommate. He is not. Defendants contend that door fees collected electronically by Plaintiff and then electronically turned over to his roommate is income to Plaintiff. They are not. Defendants contend that a rental subsidy payment received on behalf of Plaintiff's roommate is income to Plaintiff. It is his roommate's half of the rent. Defendants notified Plaintiff yesterday that his deposition, previously

---

[3] During counsels' meeting on February 10, 2023, in response to defense counsel's request as to when Plaintiff would supplement his response to Defendants' Interrogatory No. 11, Plaintiff's counsel advised that an *approximate* submission date of February 17. As review of the recordings took more time than anticipated, Plaintiff supplemented his response to Interrogatory 11 on February 20, 2023.

scheduled for February 23rd will now be postponed. Plaintiff traveled to Atlanta, Georgia to be with counsel for a deposition that apparently will not be taking place this week as anticipated.

Plaintiff is making a meaningful and good faith attempt to satisfy Defendants' discovery requests. However, Defendants are unnecessarily delaying the completion of discovery by alleging issues that do not exist on matters that are not relevant to Plaintiff's employment with Defendants. Plaintiff seeks to conduct his depositions and implores the Court to reconsider its order allowing Defendants to conduct their deposition of Plaintiff before Plaintiff can commence his deposition of his witnesses.

## II. Whether Fact Discovery Deadline Should be Extended

*Defendants' Position*

As discussed above and more fully in Defendants' pending motion for sanctions, Plaintiff still has not fully responded to Defendants' first set of discovery requests. Defendants motion for sanctions asks that the Court dismiss Plaintiff's claims, with prejudice, due to his misrepresentations during discovery and failure to comply with the Court's November 29, 2022 Order. In the alternative, Defendants ask that the Court compel Plaintiff to provide complete and accurate responses to Defendants' discovery requests and extend Defendants' time to complete discovery, through April 30, 2023, so they can obtain still-outstanding information from Plaintiff before deposing him. Indeed, consistent with the Court's December 22, 2022 Order, "Defendants should have Plaintiff's complete responses to their interrogatories and requests for production, which were served in July 2022 (Motion to Compel, [77], at 2), before Plaintiff sits for his deposition." ECF No. 89.

Plaintiff has provided Defendants with a list of individuals he seeks to depose in connection with this action. He also seeks to conduct a deposition pursuant to Fed. R. Civ. P. 30(b)(6). Counsel for Defendants have informed counsel for Plaintiff that the notice for the 30(b)(6) deposition was

6

improper under Judge Seeger's standing order, but Plaintiff has not yet revised his 30(b)(6) notice. Defendants anticipate providing potential dates for the depositions of their witnesses once the outstanding written discovery issues are resolved and Plaintiff's deposition has been scheduled.

*Plaintiff's Position*

Discovery should be extended for an additional 30-day period. Plaintiff implores the Court to rescind its prior order permitting Defendants' to depose Plaintiff before Plaintiff can conduct his depositions.

Dated: February 21, 2023  Respectfully Submitted,

| | |
|---|---|
| **MAURICE FRANKLIN** | **MAXIMUS, INC., MAXIMUS HUMAN SERVICES, INC., AND MAXIMUS SERVICES LLC** |
| By: */s/ Anthony Dawkins* <br> One of His Attorneys | |
| | By: */s/ Kathryn J. Barry* <br> One of Their Attorneys |
| F. Anthony Dawkins <br> GA Bar No. 157910 <br> BARRETT & FARAHANY, LLC <br> 1175 Northmeadow Pkwy #140 <br> Roswell, Georgia 30076 <br> Tel: (404) 214 0120 <br> Fax: (404) 214-0125 <br> anthony@justiceatwork.com | Kathryn Montgomery Moran <br> Kathryn J. Barry <br> J. Casey Leech <br> JACKSON LEWIS P.C. <br> 150 North Michigan Avenue, Suite 2500 <br> Chicago, Illinois 60601 <br> Tel: (312) 787-4949 <br> Fax: (312) 787-4995 <br> Kathryn.Moran@jacksonlewis.com <br> Kathryn.Barry@jacksonlewis.com <br> Casey.Leech@jacksonlewis.com |

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned, an attorney, certifies that on February 21, 2023, she caused a true and correct copy of the foregoing **JOINT STATUS REPORT REGARDING DISCOVERY** to be filed with the Court by electronic filing protocols, and that the same will therefore be electronically served upon all attorneys of record registered with the Court's CM/ECF system.

<u>          /s Kathryn J. Barry          </u>